IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Case No. 8:20-cv-2184-MSS-SPF

**MELANIE MOORE**

    Plaintiff,

v.

**POOCHES OF LARGO, INC.
d/b/a PETLAND &
LUIS MARQUEZ,**

    Defendants.
_____/

**DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL**

Pursuant to Local Rule 3.01, Defendants Pooches of Largo, Inc. & Luis Marquez hereby file their Response in Opposition to Plaintiff's January 12, 2021 Motion to Disqualify Defendants' Counsel. [D.E. 18]. Ms. Moore's motion is both factually and legally frivolous. She has filed, as D.E. 1-1, extensive communications between her and her former counsel, between her former counsel and undersigned counsel, and between her and undersigned counsel – she has done this to accuse her former attorney, Richard Cellar, of legal malpractice, to accuse the Defendants of having bribed Mr. Cellar to

drop her as a client, and to accuse undersigned counsel of unspecific professional misconduct.

1.  As explained in the Defendants' comprehensive Motion to Dismiss and/or Motion to Strike, [D.E. 19], Ms. Moore worked for Defendant Pooches of Largo for three weeks in August 2018. Her employment ended when she realized she was being paid $8.45 an hour, and not $35,000 annually. This alleged $1,400.00 wage discrepancy is at the heart of this federal lawsuit. Ms. Moore's 200-page, 13-count Complaint is entirely meritless. Her own attorney advised her she had a very weak case worth no more than a few thousand dollars. (Sadly, he simultaneously made a $70,000 demand to the Defendants). He then fired her as a client and she has been unable to obtain a new attorney since she was dropped as a client in May 2019.

2.  Undersigned counsel first learned of Melanie Moore when her then-attorney, Richard Cellar, sent a demand letter to the Defendant. It was passed along to counsel for a response. Undersigned counsel responded to Mr. Cellar to explain the lack of a viable claim. After months of radio silence from Mr. Cellar (between December 2018 and April 2019), a final set of emails were exchanged

between counsel for the parties confirming that no settlement would be reached. These settlement emails and letters were filed in the public record by Ms. Moore as exhibits to her Complaint.

3. Settlement talks ended in May 2019. Despite a threatened lawsuit, no lawsuit was filed. The Defendants assumed Ms. Moore was done.

4. Almost immediately after settlement talks ended, the Defendants learned that Ms. Moore started a Facebook page disparaging the company.

5. In response to the Facebook page, undersigned counsel served a cease-and-desist letter on Ms. Moore through her attorney, Richard Cellar. In response, Mr. Cellar emailed on June 11, 2019: "I don't represent her anymore. You can contact her directly. Don't contact me further on this matter."

6. Ms. Moore was served via email with the cease-and-desist letter personally. When she did not delete the Facebook page, Pooches of Largo filed suit against her in Miami-Dade Circuit Court.

7. The Miami-Dade lawsuit was served via email but was not formally served because of her homelessness status. The process

server never found her. That lawsuit was eventually dismissed without prejudice for failure to prosecute.

8. On the morning of December 4, 2020, the Defendants learned that the U.S. Marshal was trying to serve a federal lawsuit. Undersigned counsel pulled the case from PACER and filed an appearance and waiver. Unbeknownst to undersigned counsel, the Complaint was served on the Defendants later the same day.

9. On January 12, 2021, Ms. Moore moved to disqualify undersigned counsel. The basis of the motion is not entirely clear, but Ms. Moore appears to be unhappy that undersigned counsel, on behalf of the Defendants, refuses to settle and refuses to acknowledge any merit to the claim.

10. Undersigned counsel's exclusive involvement in this dispute is his long-time service as counsel to the Defendants. (Undersigned counsel is Petland Florida's exclusive Florida litigator). He has no firsthand knowledge of any underlying facts or issues. He is not a witness and has no intention of being listed or called as a witness.

11. Ms. Moore is attempting to disqualify undersigned counsel solely because he is an effective attorney.

## Memorandum of Law

Without supporting evidence or even a credible narrative, Ms. Moore is seeking an extraordinary and highly disfavored remedy simply because undersigned counsel has vigorously represented his clients who have been adverse to her in two lawsuits for nearly two years. The law is clear she may not do so:

> The disqualification of one's chosen counsel is an extraordinary measure that should be resorted to sparingly. The burden of proof to establish grounds for disqualification is on the party moving for disqualification. An order for disqualification is a drastic means which courts should hesitate to impose except when absolutely necessary.

*Metrahealth Ins. Co. v. Anclote Psychiatric Hosp.*, 961 F. Supp. 1580, 1582 (M.D. Fla. 1997) (internal citations omitted).

Ms. Moore alleges an unidentified conflict of interest. She vaguely alleges that undersigned counsel has a personal interest in the case. This is baseless. Ms. Moore alleges some vague professional misconduct stemming from his representation of the Defendants. Ms. Moore appears to be unhappy that the Defendants have a defense and are defending themselves.

Ms. Moore claims in this motion (as well as her Complaint) that her former attorney, non-party Richard Cellar, represented her poorly and that his withdrawal somehow precluded her from obtaining new counsel. She is free to take action against Mr. Cellar, but this is not a basis to disqualify undersigned counsel.

She also makes an outrageous allegation that the Defendants entered into some side agreement with her former attorney Richard Cellar and that's why he dropped her as a client. Nothing could be further from the truth – we told her former lawyer (correctly) that her case was completely baseless and that we would only offer her $1,500 just to avoid having to deal with it. He didn't like her case and she doesn't want to take $1,500. This isn't the Defendants or undersigned counsel's problem.

### *Conclusion*

For the reasons stated above, the Plaintiff's motion to disqualify should be denied.

/s/ Matthew Sarelson
Matthew Seth Sarelson, Esq.
**MATTHEW SETH SARELSON, P.A.**
Counsel for Defendants
2100 Ponce de Leon Blvd., Suite 1290
Miami, Florida 33134

305-773-1952
msarelson@sarelson.com
Florida Bar No. 888281