UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELANIE MOORE,

    Plaintiff,

v.                                            Case No. 8:20-cv-2184-T-35SPF

POOCHES OF LARGO, INC., d/b/a
Petland, and LUIS MARQUEZ,

    Defendants.
_____/

## ORDER

This matter comes before the Court upon Plaintiff's Motion to Disqualify Defendants' Counsel (Doc. 18). Defendants filed a Response in Opposition thereto (Doc. 20). Upon consideration, the Court finds that the motion is without merit.

A motion to disqualify an attorney is governed by two sources: the local rule of the court in which he or she appears and federal common law. *Herrmann v. GutterGuard, Inc.*, 199 F. App'x 745, 752 (11th Cir. 2006). "If a district court bases its disqualification order on an allegation of an ethical violation, 'the court may not simply rely on a general inherent power to admit and suspend attorneys, without any limit on such power.'" *Id.* (citation and quotations omitted). Instead, the court must "clearly identify a specific Rule of Professional Conduct which is applicable to the relevant jurisdiction and must conclude that the attorney violated that rule." *Id.* The local rule that governs this Court applies the Florida Rules of Professional Conduct to all members of the Bar of this Court. *See* L.R. 2.04(c), M.D. Fla.

Attorney disqualification is a "harsh sanction" that is "resorted to sparingly." *Herrmann*, 199 F. App'x at 752 (citation omitted). This is "because a party is presumptively entitled to the counsel of his choice," and only compelling reasons can overcome that presumption. *In re Bellsouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003). The party moving to disqualify bears the burden of proving "compelling reasons" for disqualification. *Id.* Courts view motions for disqualification with skepticism because they not only infringe on the freedom to choose counsel but can also be employed for tactical advantages. *Herrmann,* 199 F. App'x at 752.

Plaintiff, proceeding *pro se*, alleges Defendants' counsel has a conflict of interest in violation of Rule 4-1.7 "Conflict of Interest; Current Clients"; has engaged in various acts of misconduct in violation of Rule 4-4.1 "Truthfulness in Statements to Others," Rule 4-3.1 "Meritorious Claims and Contentions," and Rule 4-8.4 "Misconduct"; and will be called as a witness by Plaintiff thereby prohibiting Defendants' counsel from representing Defendants as set forth in Rule 4-3.7 "Lawyer as a Witness." *See* R. Regulating Fla. Bar 4-1.7, 4-3.1, 4-3.7, 4-4.1, and 4-8.4. Plaintiff, however, fails to carry her burden on any of these bases.

<u>Conflict of Interest</u>

Plaintiff argues that Defendants' counsel has a personal interest in this case that gives rise to an impermissible conflict of interest. With strained logic, Plaintiff asserts that a finding against Defendants in the instant action will implicate opposing counsel as he is the attorney that filed Defendants' tangentially-related defamation action ("Defamation Action") against Plaintiff in violation of Rule 4-3.1, which prohibits an attorney from bringing a proceeding without a basis in law and fact. Although the Defamation Action is included in the facts set

forth in the instant complaint, this speculative scenario does not satisfy the burden of proving a compelling reason for disqualification.

Misconduct

This category of allegations is even more difficult for the Court to quantify. Plaintiff takes issue, for example, with Defendants' counsel's response to Plaintiff's demand letter. In their response, Defendants assert that Plaintiff was employed by Defendants in a capacity other than the one she alleged and for hours in an amount other than the amount she alleged. The misconduct asserted here is that Defendants' counsel misrepresented these facts because counsel must have known that Plaintiff's version of the facts were accurate. Plaintiff also alleges a collusion between her previous counsel and Defendants' counsel that resulted in her counsel withdrawing and precluded her from being able to retain new counsel. Again, these allegations are based solely on speculation and do not constitute a compelling reason for disqualification.

Defendants' Counsel as a Witness

Rule 4-3.7(a) provides:

**When Lawyer May Testify.** A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness *on behalf of the client* unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;

(3) the testimony relates to the nature and value of legal services rendered in the case; or

(4) disqualification of the lawyer would work substantial hardship on the client.

R. Regulating Fla. Bar 4-3.7(a) (emphasis added). Rule 4-3.7 "'generally is not implicated when a party does not intend to call its own lawyer as a witness' because the plain language

of the Rule states that the attorney is acting as a witness on the client's behalf." *Lancaster v. Harrow*, No. 8:17-cv-634-T-33JSS, 2018 WL 1274754, at *2 (M.D. Fla. Feb. 21, 2018) (quoting *Pharma Supply, Inc. v. Stein*, No. 14-80374-CIV, 2014 WL 4261011, at *5 (S.D. Fla. Aug. 28, 2014)), *report and recommendation adopted sub. nom.*, 2018 WL 1242240 (M.D. Fla. Mar. 9, 2018). Moreover, this rule "was not designed to permit a lawyer to call opposing counsel as a witness and thereby disqualify him as counsel." *Snipes v. Volusia Cnty.*, 6:14-cv-413-Orl-28TBS, 2014 WL 2722354, at *3 (M.D. Fla. June 16, 2014) (quoting *Arcara v. Philip M. Warren, P.A.*, 574 So.2d 325, 326 (Fla. 4th DCA 1991)). However, a conflict requiring disqualification may arise if one party calls opposing counsel as a witness and counsel's testimony is adverse to his client's position. *Steinberg v. Winn-Dixie Stores, Inc.*, 121 So.3d 622, 625 (Fla. 4th DCA 2013).

Defendants represent that their counsel does not have any firsthand knowledge of any underlying facts or issues in this case nor do they plan to call their counsel as a witness. While Plaintiff states that she will be calling opposing counsel as a witness, she has not established that he is a necessary witness or that his testimony would be adverse to Defendants. *See AlliedSignal Recovery Tr. v. AlliedSignal, Inc.*, 934 So.2d 675, 680 (Fla. 2d DCA 2006) (quashing an order disqualifying counsel because no showing that opposing counsel's testimony would be sufficiently adverse to his client's interests). As such, Plaintiff has not met her burden of demonstrating circumstances that are compelling enough to override the presumption that Defendants are entitled to counsel of their choice.

Accordingly, it is hereby **ORDERED**:

Plaintiff's Motion to Disqualify Defendants' Counsel (Doc. 18) is **DENIED**.

4

**ORDERED** in Tampa, Florida, on January 22, 2021.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE