UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Melanie Moore,                                    Case No: 8:20-cv-2184-MSS-SPF

    Plaintiff,
v.

Pooches of Largo, Inc. and
Luis Marquez, Individually and as
Of Pooches of Largo, Inc.,

    Defendants,
_____

**PLAINTIFF'S MOTION OPPOSING DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE COMPLAINT AS SHAM, SHOTGUN PLEADING**

Plaintiff opposes Defendants' motion to dismiss and asks this court to deny the motion for the following reasons:

**INTRODUCTION**

Plaintiff will not burden the Court by restating the circumstances of this case because they have been described in detail in the Complaint.

The laws protecting employees and the system that exists to protect individuals from harm has thus far, failed Plaintiff at every turn. Plaintiff worked in good faith for Defendants but was not paid as promised or even as required by law. Plaintiff complained about it and was terminated from employment, setting off a chain of events that left Plaintiff destitute. Plaintiff obtained counsel to assist in recovery of her wages and her employment claims against Defendants. For precise reasons yet to be determined, Plaintiff's former counsel failed to act on her case for

almost one year and withdrew from representation abruptly without cause or notice to Plaintiff. Counsel for Defendants explicitly stated a collusion between the parties in his response to Plaintiff's demand letter sent by her former counsel who agreed to be implicated in this collusion when he failed to deny or even acknowledge to Plaintiff that he was involved when opposing counsel asserted his personal knowledge and possessing a wage agreement not for the position held by Plaintiff, but for the position Defendants falsely claimed Plaintiff held. Opposing counsel asserted that the wage agreement in his possession was altered by the Plaintiff and that Plaintiff's counsel provided the altered wage agreement to the other side, presumably to sabotage {Plaintiff's case and simultaneously his ability to be compensated upon a successful outcome in favor of the Plaintiff. This conduct supports Plaintiff's allegation that as a result of this collusion, former counsel was in some other way compensated for interfering with and damaging Plaintiff's ability to be heard in court or to recover her wages.

After almost one year since the employment offenses by Defendants occurred, and in the context of the collusion stated by opposing counsel in his response, Plaintiff could not obtain new counsel. Plaintiff motioned for the Court to appoint her counsel, but the motion was denied.

Plaintiff filed the Complaint pro se, alleging well plead detailed facts satisfying every element of every cause and provided supporting documentation almost all of which originated from the Defendants themselves or their agents.

Plaintiff motioned to disqualify opposing counsel so that she could examine as a witness to obtain material facts relating to his claim that the attorneys colluded to undermine Plaintiff's trust in her counsel and damage her ability to recover her wages when they agreed to claim that Plaintiff's counsel provided Defendants' counsel with a falsified wage agreement Plaintiff knows

not to exist. However, Plaintiff's motion to disqualify opposing counsel was denied, claiming that Plaintiff's grounds for wanting to examine counsel as a witness were speculative when in fact opposing counsel explicitly asserted personal knowledge of the collusion, in writing, in the response to Plaintiff's demand letter. Thus, denial of counsel's disqualification deprived Plaintiff of her ability to examine opposing counsel as the only person who can explain his own statements. Disqualification of opposing counsel is a condition which is recognized in the Rules governing attorneys in this Court and should have been considered when Plaintiff asserted her intention to examine opposing counsel as a witness to his own statements.

Defendants contend that Plaintiff's former counsel took her case on contingency, spent almost one year representing the Plaintiff, and abruptly withdrew from representing Plaintiff because he didn't think the case was "worth much." Plaintiff isn't buying Defendants' flawed reasoning.

## ARGUMENT AND MEMORANDUM OF LAW

**Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim**

Here, Defendants' motion fails for the same reason it fails as a "sham" pleading. As the Court is well aware, when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must assume that the plaintiffs' factual allegations are true, and it must view those allegations, and all reasonable inferences from them, in their favor. Ambrose v. Blue Cross & Blue Shield a/Virginia, 891 F. Supp. 1153, 1157 (E.D. Va. 1995). Furthermore, under Ashcroft v. Iqbal, Plaintiffs must have alleged facts in the Complaint which "'state a claim to relief that is plausible on its face'" to overcome a motion to dismiss. Id. 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544,570 (2008)).

In summary, "factual allegations must be enough to raise a right to relief above the speculative level. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief. Dismissal is appropriate when the complaint 'on its face shows a bar to relief.'"

Plaintiff's Complaint easily meets these standards. Plaintiff has satisfied every element of each cause of action supported with facts and supporting documentation almost all of which originates from Defendants themselves or their agents. Plaintiff has met the plausibility standard set forth in *Twombly* by providing enough factual allegations to support a reasonable inference that the conduct occurred.

Defendants attempt to prematurely litigate the merits of this case at the pleading stage through an improper transformation of Rule 12(b)(6) into a pseudo-summary judgement proceeding featuring a bespoke accounting tailor made to suit the needs of Defendants.

The issue for present purposes is whether the Plaintiff plausibly alleged facts supporting the plausibility of the wrongdoing alleged in Complaint to meet the pleading standard set forth in *Twombly*. She did. In fact, her allegations are supported by Defendants' own admission, on more than one occasion, that Plaintiff was shorted wages and that she was terminated as a result of her complaint about the underpayment. It is no surprise that Defendants chose to challenge the technical sufficiency of the Complaint rather than answer to the allegations in the Complaint. Rather than pay Plaintiff wages due and owing, Defendants attempted to use those wages as leverage to force Plaintiff to terminate pursuit of the claims against Defendant for retaliation. When Plaintiff refused, Defendants likewise refused to pay Plaintiff her wages. Defendants

assumed "Plaintiff was done" when her counsel withdrew from her case and she could not obtain new counsel, assuming, incorrectly, Plaintiff would not bring her case to Court without counsel. In fact, Defendants were so confident that Plaintiff's ability to have her case heard in Court had been undermined by their efforts, that opposing counsel tauntingly said, "See you in court." a week before Plaintiff's counsel withdrew from her case. Plaintiff encourages the Court to take the Defendants up on their offer and allow this case to proceed.

By and large, Defendants strategy in their motion is to point to the allegations by Plaintiff and use them as the basis for dismissal and pretending not to know this lawsuit was made as a last resort to recover wages and pursue her claim for retaliation after Defendants spent two years refusing to negotiate a resolution in good faith and interfering with Plaintiff's access to justice. Defendants refuse to acknowledge even the most basic well-documented facts relating to Plaintiff's title and position, compensation, dates of employment, and likewise refuse to acknowledge their counsel's explicit statement, made in writing, of a collusion between the parties and Plaintiff's former counsel in which the Plaintiff was accused of altering a kennel technician wage agreement stating a compensation of $35,000 an *hour,* claiming Plaintiff altered it by crossing out the word "hour" and writing the word "year" in its place. A wage agreement for kennel technician would not have been relevant to Plaintiff's position as a veterinary technician. The sheer implausibility of such an absurd accusation combined with the statement that Plaintiff's former counsel provided the other side with the alleged wage agreement and counsel's refusal to acknowledge Plaintiff's inquiries as to the allegation clearly demonstrates an agreement between the parties. The specific details pertaining to that agreement will be determined through discovery and trial.

**Federal Rules of Civil Procedure Rule 8**

Rule 8 states, in relevant part, "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Plaintiff properly and correctly stated the Middle District of Florida as having jurisdiction to hear this case. Plaintiff stated a demand for relief sought and demonstrated that she is entitled to such relief by providing detailed, specific facts that satisfied the required elements for each count in the Complaint.

**Motion to Dismiss/Strike Complaint as a Sham Pleading**

Here, Defendants attempt to plausibly deny all allegations in the Complaint as a "sham" pleading. Defendants allege that the Complaint, in its entirety, is false.

The test in ruling a motion to strike a pleading on a ground that it is "sham" means false and not that it is shabby, as stated in 41 Am.Jur. p. 322, Pleading, par. 50:

"Sham and Frivolous Pleadings. A sham pleading is defined as one that while in good form is false in fact, or one good in form but false in fact and not pleaded in good faith. The words `false' and `sham,' as applied to pleadings, are usually construed as synonymous. And since the chief characteristic of a sham pleading is its undoubted falsity, it follows that averments are not sham where they are not false in fact or pleaded in bad faith."

"In order to justify the striking of a pleading for being sham or false it must be so undoubtedly false as not to be subject to a genuine issue of fact. The motion should be tested by the same standards as a motion for a summary judgment in the following respects. Such procedure is a method for promptly disposing of actions in which there is no genuine issue as to any material fact and the term "genuine issue" is not meant to be necessarily confined to a pleading or paper issue. To use the language of Judge Cardozo, later Justice, made in reference to the law applicable to motions for summary judgment, 6 Moore's Federal Practice 2d 2028, to the effect that the very object of a motion for judgment because of sham pleadings "is to separate what is formal or pretended in denial or averment from what is genuine or substantial, so that only the latter may subject a suitor to the burden of trial". A motion to strike a pleading as false should not be granted under the circumstances when a motion for a directed verdict or a motion for a summary judgment could not properly be granted. If there is any substantial evidence to support the party against whom the motion is made, then the motion should be denied. A hearing on a motion to strike pleadings, or on a motion for summary judgment is not to try the issues, but to determine whether there are any genuine issues to be tried." Johnson v. Studstill, Fla., 71 So. 2d 251.

Plaintiff has pleaded sufficient facts supported by evidence to demonstrate that the Complaint is not false. The facts are supported by the evidence attached to the Complaint originating from the Defendants themselves or their agents.

**Motion to Dismiss Complaint as a Shotgun Pleading**

Defendants were granted an extension of time to file an answer, but rather than address the allegations in the Complaint with an answer, Defendants chose instead to challenge the technical sufficiency of the Complaint, crafted by a pro se litigant, on the basis of a far-reaching and antiquated allegation of "shotgun pleading" in an effort to cause undue delay in the efficient judicial administration of this case. However, Defendants motion fails here as well.

Bell Atlantic Corp. v. Twombly , 550 U.S. 544 , 590 (2007) (providing "[t]he remedy for an allegation lacking sufficient specificity to provide adequate notice is, of course, a Rule 12(e) motion for a more definite statement")

*A shotgun pleading is one that:*

**1)** *Fails to state each cause of action in separate numbered counts;*

Plaintiff has met this requirement by stating each cause in separate numbered counts.

**2)** *Relies on conclusory and vague allegations not tied to any cause of action;*

Plaintiff stated sufficient material facts in support of her allegations for each cause of action in the Complaint and successfully satisfied every element for each cause. The Complaint satisfied the plausibility standard by stating facts and details to support the allegations and provided evidentiary documentation and to the extent that they are available at this early pleading stage prior to discovery to obtain additional material facts relevant to proving Plaintiff's case.

**3)** *Is a pleading with multiple counts where each count adopts the allegations of all preceding counts.*

Pursuant Federal Rules of Civil Procedure Rule 10(c) A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion.

Plaintiff put forth her best effort to craft the Complaint according to local and federal Rules. However, Plaintiff is not an attorney and in researching how to craft the Complaint, Plaintiff did not search for information as to how to improperly craft a Complaint containing technical deficiencies and therefore, had never heard of a "shotgun" pleading until Defendants alleged Plaintiff had filed such a pleading. Shotgun pleadings were never discussed in any sources she consulted to learn how to properly craft a Complaint. Plaintiff does not have access to Lexis or Westlaw, or other resources used by attorneys to craft their Complaints and could only use the information she was able to obtain from other sources and using other Complaints as examples from which to

model her Complaint, such as the Florida Attorney General's Complaint against Petland stores in Orlando, Florida that is currently in litigation. Plaintiff, as a non-lawyer, cannot be expected to craft her Complaint with the skill of a practicing attorney. The drafting of the Complaint is the one aspect of litigation in which the Courts grant leniency towards a pro se litigant.

**4)** *Asserts numerous claims against multiple defendants without specifying which defendants are responsible for which acts or omissions.*

There are only two Defendants in this case, one is a person, the other is the corporation for which that person is owner, President, and responsible for all actions taken under the name of the corporate entity. The Defendants are essentially one and the same. There should be no confusion as to which Defendant is responsible for which action because Defendant Luis Marquez is responsible for his own actions, as well as those undertaken as a matter of business through his corporation, such as payroll functions.

Plaintiff very clearly explained the distinctions between the two Defendants in the "Parties" section of her Complaint. There should be no question as to which Defendant is responsible for which allegation. To attempt to say there is some confusion about this is a tactic Defendants are using to delay the proceedings and cause distress to the Plaintiff.

**Other Issues Raised by Defendants in Motion**

Defendants claim that the statute of limitations has expired for Plaintiff's FLSA counts. However, the FLSA extends the statute to three years for willful violations. Defendants, despite readily admitting that Plaintiff was shorted wages and that she was terminated in retaliation for complaining about the shortage, have yet to pay Plaintiff the wages she is owed and doing and in

fact, used those wages as leverage to force Plaintiff into silent retreat from pursuing her claims. Therefore, Defendants' violation was willful. Thus, extending the statute of limitations to three years. Plaintiffs Complaint was made well within the three year statute.

Furthermore, Defendants attempted to say the FLSA complaint was not valid because Plaintiff complained to her supervisor about the wage shortage. However, internal complaints are recognized under the FLSA. Furthermore, to claim coverage for a violation under the provisions of the FLSA regarding the making of a complaint, the complainant is not required to make specific mention of the FLSA provision that was violated in their complaint. By underpaying Plaintiff in an amount that was less than the required minimum wage and then terminating Plaintiff for complaining about the shortage, the requirement to state a cause of action under the provisions of the FLSA have been satisfied. Damages under the FLSA for violations include

Defendants repeatedly refer to documents submitted with the Complaint that are "confidential", "privileged", or otherwise subject to "absolute immunity". However, these concepts to not apply where the issues relate to attorney wrongdoing or unlawful conduct as is the case here.

Plaintiff recognizes that the Motion in Opposition is filed beyond the 14 days allowed to file a response to a motion. However, there were extenuating circumstances preventing Plaintiff from completing this motion and submitting it within the time permitted to respond. Plaintiff has cancer and was hospitalized after an allergic reaction to contrast media used in a CT scan. The circumstances were beyond Plaintiff's control. Plaintiff respectfully asks the Court to accept this motion in consideration of these circumstances.

## CONCLUSION

Defendants submitted their 24 page motion to dismiss Plaintiff's Complaint seeking to avoid liability on the basis of a whole grab-bag of contradicting yet unsupported rebuttals and, to be blunt, seeking dismissal on the pleadings in order to avoid the discovery they fully know would confirm the truth of the allegations. For all the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' motion to dismiss Plaintiff's Complaint.

As an alternative to dismissal, Plaintiff respectfully requests the Court grant Plaintiff leave to amend the Complaint to correct any deficiencies interfering with the administration of this case and refile the Complaint with the corrections made. Plaintiff further requests the Court's direction as to which deficiencies require correction.

        Respectfully Submitted,

        s/ <u>Melanie Moore</u>

        Melanie Moore, Pro Se
        Plaintiff
        15519 Darien Way
        Clearwater, Florida 33764
        727 692-0143
        vettechmnm@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2021 , I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. The foregoing will be electronically transmitted to the following party via the CM/ECF system:

Mathew Sarelson

Counsel for Luis Marquez and Pooches of Largo, Inc.

Defendants

2100 Ponce de Leon Blvd., Suite 1290

Miami, Florida 33134