UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MELANIE MOORE,**

    **Plaintiff,**

v.                                           Case No: 8:20-cv-2184-T-35SPF

**POOCHES OF LARGO, INC. and
LUIS MARQUEZ, Individually and as
owner of Pooches of Largo, Inc.,**

    **Defendants.**
_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion for Relief, (Dkt. 24), Plaintiff's Motion for an Order and Hearing to Show Cause, (Dkt. 27), and Defendants' response in opposition thereto. (Dkt. 28) For the reasons that follow, Plaintiff's Motion for Relief, (Dkt. 24), is **GRANTED IN PART and DENIED IN PART** and Plaintiff's Motion for an Order and Hearing to Show Cause, (Dkt. 27), is **DENIED**.

Plaintiff's Motion for Relief requests an order requiring Defendants and counsel to participate in case management and discovery, or alternatively, an order for clarification of the issues or the need for Plaintiff to amend her Complaint to move forward with this case. (Dkt. 24) Specifically, Plaintiff contends that Defense counsel has been unwilling to participate in a case management conference for purposes of preparing the Case Management Report required by the Court's Related Case Order

1

and Track Two Notice. (Dkt. 4) Plaintiff also requests that the Court direct Defendants to comply with the Court's Interested Persons Order for Civil Cases. (Dkt. 5) The Court has issued an Order ruling on Defendants' Motion to Dismiss which clarifies the issues that remain to be litigated in this matter. (Dkt. 29) The Court has also relieved the Parties of the requirement to file a Case Management Report and *sua sponte* issued an FLSA Scheduling Order governing discovery in this matter. (Id.; Dkt. 30) Accordingly, Plaintiff's Motion for Relief, (Dkt. 24), is **GRANTED IN PART and DENIED IN PART**. The Motion is **DENIED AS MOOT** to the extent that Plaintiff requests that the Court direct Defendants to participate in preparation of the Case Management Report and to the extent she seeks clarification of the issues pending in this case in light of the Court's July 28, 2021 Orders. (Dkts. 29, 30) The Motion is **GRANTED** to the extent that Plaintiff requests an Order directing compliance with the Court's Interested Persons Order for Civil Cases. **Defendants are directed to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement within seven (7) days of the date of this Order.**

Plaintiff's Motion for an Order and Hearing to Show Cause requests that the Court order the Defendants to show cause why they should not be held in contempt and sanctioned by entry of default for their failure to comply with the Court's Related Case Order and Track Two Notice, to cooperate in good faith with discovery, and for making alleged misrepresentations to the Court. (Dkt. 27)

Rule 37 governs sanctions available for certain discovery violations. Fed. R. Civ. P. 37(b)–(d). The Eleventh Circuit has explained that although Rule 37 confers broad discretion to fashion appropriate sanctions for the violation of discovery orders, this discretion is not unbridled. <u>United States v. Certain Real Prop. Located at Route 1, Bryant, Ala.</u>, 126 F.3d 1314, 1317 (11th Cir. 1997). "The decision to dismiss a claim or enter default judgment 'ought to be a last resort—ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders.'" <u>Id.</u> (quoting <u>Cox v. American Cast Iron Pipe Co.</u>, 784 F.2d 1546, 1556 (11th Cir.1986)).

As explained above, the Court has relieved the Parties of the requirement to file a Case Management Report and has *sua sponte* entered an FLSA Scheduling Order. Prior to entry of the FLSA Scheduling Order, no scheduling order governed discovery in this matter because the Parties had not filed a Case Management Report. Thus, sanctions for failure to file the Case Management Report or otherwise comply with discovery are not warranted. Moreover, to the extent that Plaintiff claims Defendants have misrepresented certain facts concerning her employment in their pleadings and other papers, these issues go to the merits of her claims and do not support her request for sanctions. Accordingly, Plaintiff's Motion for an Order and Hearing to Show Cause, (Dkt. 27), is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, this 30th day of July 2021.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any pro se party