IN THE UNITED STATES
MIDDLE DISTRICT
OF FLORIDA
TAMPA DIVISION

Case No. 8:20-CV-02184-MSS-SPF

Melanie Moore,
    Plaintiff,

v.

Pooches of Largo, Inc. and
Luis Marquez, Independently,
and as Owner of Pooches of Largo, Inc.
    Defendants,
_____/

# PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT, MEMORANDUM OF LAW IN SUPPORT, AND DEMAND FOR JURY TRIAL

**1.** Plaintiff, Melanie Moore, respectfully moves the Court, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to file an AMENDED COMPLAINT, a copy of which is attached hereto.

**2**. A plaintiff is entitled to amend her pleading as a matter of right under Fed. R. Civ. P. 15(a)(1) within 21 days of service of Rule 12(b)(6) motion, otherwise she may amend her pleading with only the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). The decision whether to grant leave to amend a proceeding is within the sound discretion of the district court, but as this Court has aptly recognized, "this discretion is strictly proscribed by the provision that leave should be freely given when justice so requires." (quoting *Gramegna v. Johnson*, 846 F.2d 675, 678 (11th Cir. 1988))

**3.** Therefore, a justifying reason must be apparent for denial of a motion to amend. *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993). The district court's discretion is not broad enough to permit denial absent a substantial reason to deny leave to amend. *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989).

**4.** As Justice Black explained in *Conley v. Gibson*, 355 U.S. 41 at 48 (1957), "The Federal Rules rejects the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. According to Fed. R. Civ. P 8(f), all pleadings shall be construed to do substantial justice."

**5**. Plaintiff is proceeding *pro se* in this case. The Court "freely" grants leave to amend, granting even represented plaintiffs at least one, and usually several, opportunities to amend a Complaint in accordance with the 11th Circuits liberal amendment policies.

**6.** As the proposed First Amended Complaint demonstrates, the technical deficiencies in the original Complaint have been cured. The Plaintiff has satisfied each element of each cause of action so that each claim effectively states a claim for relief and thus, can now proceed on the merits.

## Argument

As set forth below, there exists good cause for granting Plaintiff leave to file the amendment.

**7**. Despite its filing nearly two years ago, this case is still in its early stage. No discovery has been conducted and no trial date has been set. The delays in this proceeding have been in no way caused by the Plaintiff. Rather, the delay in the administration of this case were the result of Defendants' dilatory tactics and bad faith failure to litigate this case in accordance with orders by the Court and Local and Federal Rules of Civil in . In fact, the only action by the Defendants in furtherance of this case was a Motion to Dismiss in lieu of an answer which Defendants filed in January 2021 (Doc. 19). The Court decided the Motion to Dismiss eight months later, during which time no advancement toward resolution was possible due to Defendants' refusal to participate in case management with the Plaintiff, despite Plaintiff's efforts over two months of attempts to schedule a meeting with opposing counsel to no avail.

**8**. Meanwhile, the clock continued to run on Plaintiff's FLSA claims for those eight months, and the Court's ruling on the Motion to Dismiss came just thirty days before the expiration of the statute of limitations for Plaintiff's FLSA claims.

**9**. In deciding to dismiss Plaintiff's FLSA retaliation claim, the decision was premised on technical deficiencies in the original pleading for failure to state a claim for relief. The Court believed, erroneously, that Plaintiff's complaint to her supervisor was premised on a breach of contract when in fact, the Plaintiff complained about a

shortage of her pay, unlawful pay practices, and threated to disclose information about Defendants' unlawful activity when she indicated she would be responding with counsel-all conduct that is protected from retaliation. In fact, Plaintiff's supervisor explicitly stated, in writing, that she understood Plaintiff's complaint pertained to wages an unlawful conduct by the Defendants. [1]

**10**. Respectfully, Plaintiff argues that this and other claims in the original pleading were erroneously dismissed premised on technical deficiencies in her *pro se* drafted Complaint which was held to a higher standard of perfection than that of a practicing attorney. Even parties represented by counsel are given at least one, often several, opportunities to amend their original pleadings. Plaintiff argues that the dismissal of the claims for technical deficiencies was improper because she was not granted the same opportunity given to almost every Plaintiff appearing before this Court to cure those deficiencies in accordance with the Court's policy of granting leave to amend "freely" where justice requires, before dismissing her claims altogether. This is especially true because the Plaintiff is proceeding *pro se*.

**11**. Moreover, the Plaintiff requested that the Court grant leave to amend her pleading in April of 2021 (Doc. 24) but her request was not addressed for four months and then

---

[1] "We will have our legal team look into the wage disagreement." (Doc.1 at 6)

denied as moot after dismissing all but two counts in her original Complaint. **12**. Respectfully, Plaintiff further argues that the Court's interpretation of the allegations as written lead to the erroneous dismissal of multiple claims premised on a technically deficient Complaint rather than construe Plaintiff's claims on the merits of a well-drafted Complaint that effectively states a claim for relief.

**13.** For example, the Court premised its order for Plaintiff's FLSA retaliation and Whistleblower counts due to be dismissed for failure to state a claim based on its interpretation of the Plaintiff's complaint to her supervisor as one for breach of contract because Plaintiff alleged a separate and distinct cause of action for breach of contract. However, as the screenshots of the conversation leading up to and including her termination show, Plaintiff made no mention of a breach, a contract, or a breach of contract at any time in the conversation. In fact, Plaintiff could not have complained about a breach of contract at that time because Plaintiff was unaware of the existence of an "agreement", much less a breach of that agreement. It was not until Plaintiff's counsel stated as much in his demand letter that Plaintiff learned of a potential breach. Rather, Plaintiff's complaint stemmed from a substantial shortage of her wages of approximately $2000.

**14**. Plaintiff further complained and opposed Defendants' pay practices and explicitly stated that they were "illegal as hell."  "Informal complaints to an employer regarding wage practices or any conduct that implicates the FLSA qualify as protected activity." *EEOC v. White and Sons Enters*, 881 F.2d 1006, 1011 (11th Cir. 1989) "A Plaintiff engages in statutorily protected activity when he or she protests an employer's conduct that is unlawful.*" See Harper v. Blockbuster Entm't Corp.*, 139 F. 3d 1385, 1388 (11th Circuit 1998) "In addition, a plaintiff engages in protected activity when he or she protests an employer's conduct which is actually lawful, so long as he or she demonstrates a good faith, reasonable belief that the employer was engaged in unlawful employment practices." *Id. (*emphasis added)

**15**. Here, the Plaintiff was clear in her statements to her supervisor that her complaint was about her pay and conduct by the Defendants that was "illegal as hell." The proposed First Amended Complaint describes with greater specificity the subject of Plaintiff's complaint to her supervisor, describes how she engaged in protected activity, and explains the means by which she suffered adverse action as the direct result of her protected activity.

**16.** Moreover, the amended version describes how Plaintiff engaged in multiple acts that constitute protected conduct under the FLSA and the Whistleblower Act. Plaintiff

argues that in dismissing the FLSA retaliation and Whistleblower claims, the Court did not consider the persistent retaliatory conduct of the Defendants subsequent to her termination which were also prohibited by the FLSA. The amendments are narrowly tailored so that they describe each retaliatory act with specificity and how the alleged retaliatory conduct damaged the Plaintiff. This persistent retaliation by the Defendants should not be overlooked simply because the Defendants were so relentless in their retaliatory acts that they could not be neatly packaged into one isolated act of retaliation. This ongoing pattern of retaliation warrants consideration, especially now that Plaintiff has effectively stated a claim for relief for retaliation under the FLSA and the Whistleblower Act, and thus, weighs heavily in favor of granting leave to file the proposed amended Complaint.

**17**. The goal of the anti-retaliation provisions is to "maintain unfettered access to statutory remedial mechanisms." *Robinson v. Shell Oil Co.*, 519 U.S. 337 (1997). Therefore, unlike the underlying discrimination or other employment claim, actionable retaliation is not limited to only adverse changes in the employment relationship, such as reductions in pay or termination. *See EEOC v. Die Fliedermaus*. 77 F. Supp. 2d 460, 472 (S.D.N.Y. 1999); see also *Robinson*, 519 U.S. 337 (holding that anti-retaliation provisions apply equally to former employees); *Gliatta v. Tectum, Inc.*, 211 F. Supp. 2d 992, 1008

(S.D. Ohio 2002) (retaliation ban applies to conduct beyond traditional employment decisions); Rather any non-employment retaliation "reasonably likely to deter …protected activity" can constitute proscribed retaliation. *See* EEOC Compliance Manual, Section 8: Retaliation (http://www.eeoc.gov//compliance.html), pp. 8-13, 8-14

**18**. Legal proceedings-including counterclaims- can constitute actionable retaliation if they are filed against an employee in response to the employee asserting statutory workplace rights. *See*, e.g., *Jacquez v. DiMarzio, Inc.*, 216 F. 2d 139, 141-43 (E.D.N.Y. 2002) (defendant's counterclaims found *sua ponte* to be retaliatory, dismissal and sanctions issued *sua ponte*).

**19.** "[A] lawsuit…may be used by an employer as a powerful instrument of coercion or retaliation" and may dissuade individuals from pursuing their claims. *Rosania v. Taco Bell of Am., Inc.*, 303 F. Supp. 878, 885 (N.D. Ohio 2004) (internal quotations omitted)

**20**. Even the threat of a lawsuit can constitute an adverse employment action because it is designed to deter the protected activity. In *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, the Second Circuit found actionable "adverse action" in the employer's threat of a lawsuit against an employee who asserted rights under the Americans with Disabilities Act; the threat "served to 'intimidate' or 'threaten' her in the assertion of her right to make complaints or file charges under the ADA" 264 F. 3d 208, 223.

**21**. In addition, although allegations contained within legal proceedings are protected by an absolute privilege under the law of defamation, the Supreme Court has long recognized that the Constitution does not protect the assertion of frivolous legal claims, and that such action can constitute actionable retaliation. *Bill Johnson's Restaurants, Inc., v. NLRB,* 461 U.S. 731 (1983) (holding that the NLRB may enjoin a baseless lawsuit that is brought for retaliatory reasons). The effects of frivolous counterclaims, designed by definition only to retaliate, chill, and intimidate, clearly wreak irreparable harm on the plaintiff's and on other employees who would be deterred from asserting their workplace rights.

**22**. Turning to the cause of action for "abuse of process" which was ordered due to be dismissed, it presents another example of good cause weighing in favor of amendment. Plaintiff states that the statements as they were written in the original Complaint were misconstrued when ordering the dismissal of the claim for abuse of process. By doing so, the Court erroneously applied the protections of "immunity" and "privilege" to the frivolous defamation action filed against the Plaintiff. The Court's misunderstanding of the Plaintiff's statements is evident here because as the Court is aptly aware, the Supreme Court is well settled that such protections do not extend to frivolous actions.

**23**. In the proposed amended Complaint, Plaintiff emphasizes that the defamation

action was without probable cause and retaliatory, and further provides additional evidence that was not a part of the original pleading, proving that the Plaintiff was not the party responsible for the defamatory conduct alleged by the Defendants. By doing so, Plaintiff has provided support for her claim that the baseless action was made with retaliatory motive and the intention to injure the Plaintiff.

**24**. The effects of frivolous actions, designed by definition only to retaliate, chill, and intimidate, clearly wreak irreparable harm on the plaintiffs and other employees who would be deterred from asserting their employment rights. "Unchecked retaliation, no matter its form, subverts the purpose of the FLSA…and other federal employment laws. *Centeno-Bernuy*, 302 F. Supp. 2d at 135.

**25**. Although Plaintiff disputes the grounds upon which the Court ordered dismissal because it was premised on a misunderstanding of the facts as they were written, Plaintiff concedes that "abuse of process" was not the cause of action properly suited to the facts and allegations. Accordingly, the proposed First Amended Complaint omits the cause of action for "abuse of process" and adds a claim for malicious prosecution. The facts and allegations are better suited to the latter in effectively stating a claim for relief. By granting leave to file the amended Complaint, the Court can consider the cause of action for malicious prosecution as alleged in the context of retaliation and

part of a pattern of ongoing retaliatory conduct by the Defendants after the employment relationship terminated.

**26**. Defendants explicitly left open the possibility of amendment in their Motion to Dismiss (Doc. 19) and further stated that amendment was in order to cure the deficiencies. Thus, Defendants have consented, in writing, to grant leave to file an amended Complaint.[2] Likewise, Defendants did not oppose amendment in subsequent communications with counsel.

**27**. In accordance with the Court's policy of construing the pleadings so as to do substantial justice, rather than for the technical sufficiency of a pleading to be decisive of the outcome of the case, the policy weighs heavily in favor of granting leave to amend. This is especially true in this case because Plaintiff is proceeding *pro se* and has not been given the opportunity to amend in accordance with the Court's liberal policy on amendment and of construing *pro se* drafted pleadings with leniency.

**28**. This case has been plagued by undue delays from the outset, causing the proceeding to be at a standstill for most of the twenty months since it was filed. First, by Defendants failure to meet and confer with the Plaintiff for case management, despite months of effort by the Plaintiff in attempting to obtain good faith participation

---

[2] "All discovery and other matters should be stayed pending resolution of the obvious pleading deficiencies. (Doc.19)

by the Defendants' counsel. Second, by the Defendants refusal to surrender the payroll and time clock records for which they were ordered to surrender in August of 2021, Defendants have once again brought this case to a standstill, this time for ten months, by refusing to produce the payroll and time clock records in accordance with the order to do so in July 2021. As is currently stands, no further progress can be made in this proceeding.

**29**. Accordingly, the only conceivable way to cure the defects in this case is to grant Plaintiff leave to amend so that the case can effectively proceed on the merits. The Plaintiff is fully prepared to try the case on the merits.

**30**. As the proposed First Amended Complaint demonstrates, the deficiencies in the original pleading have been cured and there is legal sufficiency to show that the Plaintiff is entitled to relief. In addition, the amendments have been narrowly tailored so that each element of each cause of action has been fully satisfied and all conditions of each cause of action have been met.

**31**. Lastly, the Court should grant leave to file the proposed First Amended Complaint because it includes new evidence that was not in the Plaintiff's possession at the time the original Complaint was filed which further supports Plaintiff's claims by showing that Defendants have a history of conduct similar to that alleged by the Plaintiff here.

**32.** Given the misinterpretations of the allegations as stated in the original pleading and the technical deficiencies upon which the Court premised dismissal of multiple causes of action, it weighs heavily in favor of amendment so that the claims can be properly decided on the merits now that the deficiencies have been cured.

### Memorandum

**33**. When deciding whether to allow amendment of a pleading, courts consider six factors. Absent a finding of "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment" the Court should grant leave "freely." *Forman v. Davis,* 371 U.S. 178, 182 (1962). Generally, a pro se litigant must be given an opportunity to amend his complaint. *Johnson v. Boyd,* 568 F. App'x 719, 723 (11th Cir. 2014)

**34**. There is no undue delay in the Plaintiff's request to file the proposed First Amended Complaint because this case is in its early stage and no discovery has been conducted thus far, nor will the filing of the amended Complaint cause any additional discovery than what would have been necessary in the original version absent the technical deficiencies.

**35**. Plaintiff is not seeking amendment in bad faith or with a dilatory motive. This case has been before the Court for nearly two years and has yet to begin discovery. The Defendants refuse to surrender Plaintiff's time clock records despite the Court's order to do so issued more than eight months ago. Plaintiff requested the records from opposing counsel, however, Defendants refused to surrender the records or otherwise cooperate with the Plaintiff in good faith and the advancement of this case toward resolution is at a halt once again through no fault of the Plaintiff's. Plaintiff stands to gain no advantage by implementing dilatory tactics or acting in bad faith.

**36**. As this is Plaintiff's first proposed amendment, Plaintiff has not failed to cure any deficiencies by amendments previously allowed.

**37**. Defendant's will in no way be prejudiced if the changes are allowed at this point in the proceedings. The determination of whether prejudice would occur often includes assessing whether allowing amendment would result in additional discovery, cost, and preparation. At the present stage of litigation, Defendants have not incurred any expenses or undue burden by discovery because no discovery has taken place.

**38**. Moreover, Defendants have, and have always had, sole custody and control of the evidence to be produced through discovery thus, incur no expense to produce them.

**39**. Furthermore, Plaintiff is only one employee, and her employment was brief, thus

the time to obtain and produce evidence sought through discovery and the expense of doing so is minimal, if any at all.

**40**. Defendants cannot be prejudiced by the proposed amended Complaint because the Defendants already have first-hand knowledge of the roles, they played in the claims alleged in the proposed amendment. The proposed amendment does not involve the addition of new Defendants and the parties are the same. No prejudice to the Defendants would result in allowing the amendment under these circumstances.

**41**. Lastly, Plaintiff's request to amend is not futile as the Plaintiff has alleged sufficient facts to state a claim for relief that is facially plausible. The technical deficiencies that formed the premise for the dismissal of these claims have been cured by amendment, omission, or the inclusion of additional facts and/or evidentiary support that were not part of the original pleading. In doing so, the amended version effectively states a claim for relief.

**42**. Futility of amendment is a high bar. "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) Where the issue of futility …is close," the court must err on the side of generosity to the " pro se plaintiff. *O'Halleran v. First Union Nat'l Bank of Fla.*, 350 F.3d 1197, 1206 (11th Cir. 2003); see *Bettencourt v. Owens*, 542 F. App'x 730, 735-36

(11th Cir. 2013) ("In deciding whether a more carefully drafted pro se complaint might state a claim, i.e., whether an amendment would be futile, we have placed a heavy thumb on the scale in favor of answering that question in the affirmative.") Thus, futility of amendment only justifies denial of leave to amend where "a more carefully drafted complaint could [not] conceivably state a valid claim," *O'Halloran*, 350 F.3d at 1206 or where it is "scarcely possible" that the pro se plaintiff's amended complaint would state a legally cognizable claim, *Silva v. Bieluch*, 351 F.3d 1045, 1049 (11th Cir. 2003). Leave to amend is given freely "when justice so requires." *F. Moore v. Baker*, 989 F. 2d 1129, 1131ed. R. Civ. P.15(a)(2)

**43**. In light of this forgiving standard of review, good cause for granting leave to amend is immediately apparent. The interests of justice and judicial economy will undoubtedly be served by having all allegations properly before the Court as set forth in the amendment and thus, weigh heavily in favor of granting Plaintiff's motion for leave to file the proposed First Amended Complaint.

## Conclusion

**44.** Consistent with the liberal standard that applies to motions to amend under Rule 15(a)(2), the grant of this motion is particularly appropriate given the clear absence of any substantial reason to deny leave to amend and its benefits with respect to justice

and judicial economy. Thus, Plaintiff respectfully requests that the Court grant leave to file the proposed First Amended Complaint.

## Local Rule 3.01g Certification

Defendants are not opposed to filing an amended Complaint and explicitly left open the option to file an amended Complaint in their Motion to Dismiss. Likewise, Defendants were not opposed to amendment in subsequent communications between Plaintiff and counsel for the Defendants.

                                      s/ <u>Melanie Nicole Moore</u>
                                         Plaintiff
                                         727-692-0143
                                         [vettechmnm@gmail.com](mailto:vettechmnm@gmail.com)
                                         15519 Darien Way
                                         Clearwater, Florida 33764

## Certificate of Service

Plaintiff, Melanie Moore, hereby certifies that the foregoing will be served on counsel for the Defendants on May 2, 2022, using the Court's CM/ECF system. Counsel for the Defendants will be informed of this filing by email notification sent through the CM/ECF system.

Matthew Sarelson
Counsel for Defendants
(305) 773-1952
2100 Ponce de Leon, Suite 1290
Coral Gables, Florida 33134

msarelson@sarelson.com