IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:20-CV-02184MSS-SPF

**MELANIE MOORE,**

    **Plaintiff,**

v.

**POOCHES OF LARGO, INC. and**

**LUIS MARQUEZ,**

    **Defendants**

_____/

## PLAINTIFF'S NOTICE TO THE COURT

**1.** Plaintiff, Melanie Moore, files the foregoing Notice to provide the Court a summary of this proceeding, to provide the Court with a status update, to respectfully remind the Court of a pending motion awaiting a decision by the Court, and to advise the Court that this case has reached an impasse lasting for ten months without any further progress toward resolution and the Court's intervention is necessary, without which this case can proceed no further.

**2.** This FLSA case was filed on September 16, 2020. Plaintiff is proceeding *in forma pauperis*. As such, her *pro se* drafted Complaint was reviewed by the Court to determine that it effectively stated a claim for relief prior to granting leave to file without payment of filing fees.

**3.** Plaintiff's Complaint was determined to be adequate, and the Court ordered the U.S. Marshal's office to serve the Defendants. Defendants were served on December 4, 2020. Counsel filled his appearance the same day.

**4.** Despite service of both Defendants effectuated on December 4, 2020, Defendants filed a motion on December 10, 2022, "informally waiving service" and seeking an extension of time to respond premised on the claim that they were "waiving" service voluntarily. Defendants sought an extension until January 13, 2021, which the Court granted the next morning.

**5.** The Court ordered the parties to meet for case management, to file a joint case management report, and to promptly file corporate disclosures and certification of interested persons. The Defendants viewed the Court's orders as optional and chose not to comply with any of the orders.

**6.** Defendants filed a Rule 12(b)(6) MOTION TO DISMISS (Doc. 19) was filed, in lieu of an Answer, on January 12, 2020. Defendants indicated their belief that all further events should be stayed pending a ruling on their motion. The Defendants' request was without justification. No undue burden would be caused to the Defendants by proceeding to discovery, given that the Plaintiff is only one employee, her employment was brief, and the records pertaining to the

Plaintiff's employment were already in the custody and control of the Defendants prior to the commencement of this action. Moreover, the Defendants did not seek a protective order in support of their request to stay any further action in this case. Therefore, the Court did not issue any order staying discovery or any further events in this proceeding in response to the Defendants' interest in avoiding discovery.

**7.** Without justification, the Defendants' refused to litigate this case in accordance with orders of the Court, or Local and Federal Rules of Civil Procedure. The Defendants viewed compliance with orders of the Court as options for which they chose not to exercise, and as a result, did not participate in a case management meeting with the Plaintiff pursuant Local Rule 3.02(a)(1), did not file a joint case management report pursuant Local Rule 3.02(a)(2), nor did they file corporate disclosures and certifications pursuant Local Rules 3.03(a) and 3.03(b).

**8.** After several weeks of disregarding Plaintiff's attempts to schedule a case management meeting, opposing counsel responded to the Plaintiff's emails, indicating that he had no intention of proceeding further until such time as the Court addressed the pending MOTION TO DISMISS.

**9.** The Defendants' Motion to Dismiss remained pending before the Court for eight months, during which time this case was unable to move forward toward resolution. As the result of the Defendants' refusal to engage in this litigation according to the Rules and orders of the Court, this proceeding was at an impasse until the Court addressed the motion in August of 2021, eleven months after this action was filed.

**10.** In its ruling on the MOTION TO DISMISS, the Court ordered the dismissal of eleven of thirteen causes of action for failure to state a claim, to include the Plaintiff's FLSA retaliation claim. This decision came just thirty days before the expiration of the FLSA three-year extended statute, for which the clock continued to run during those eight months for which this proceeding was at a standstill, thus causing the Plaintiff to lose valuable time that could have been used to refile the claim prior to the expiration of the statute.

**11**. The order to dismiss nearly every cause of action in the Complaint for failure to state a claim was made despite finding that the Complaint adequately stated a claim for relief at the time it was filed *in forma pauperis*. Moreover, the claims ordered to be dismissed were maintained in this proceeding for just under one

year at the time the order was made for the claims to be dismissed for technical deficiencies in the Plaintiff's *pro se* drafted Complaint.

**12.** The ruling in which all but two of thirteen causes of action were ordered to be dismissed was directly counter to this Court's liberal amendment policy, its policy of deciding cases on the merits rather than for the disposition of an action to be decided on technicalities of a pleading. This is especially true of *pro se* drafted pleadings, which are not to be construed by the same stringent standard of review as is expected from pleadings drafted by attorneys.

**13.** Plaintiff turned to the Court in April 2021, seeking help after four months of inability to advance this case due to Defendants' bad faith refusal to litigate in accordance with the Rules of Civil Procedure. Plaintiff filed a MOTION FOR RELIEF (Doc. 24) on April 7, 2021, seeking the Court's intervention by enforcing its orders from eight months earlier to participate in case management, to create and file a joint case management report, and for the Defendants to file corporate disclosures and certifications.

**14**. The Plaintiff further requested that the Court grant leave to file an amended Complaint and to identify any technical issues in her *pro se* drafted Complaint that were interfering with the Court's ability to timely decide the MOTION TO

DISMISS, which remained pending before the Court for four months at the time of her request. However, when the Court decided the Defendants' motion to dismiss four months later, it subsequently denied Plaintiff's motion for relief as moot.

**15.** Thus, the Plaintiff was not permitted the same opportunity to amend her Complaint that even Plaintiff's represented by counsel are granted, and for which it is often the case that they are given multiple opportunities to amend a pleading before dismissing for failure to state a claim. Plaintiff cannot be reasonably held to higher standard of perfection than an attorney practicing before this Court by dismissing nearly every cause of action in her *pro se* drafted pleading without even one opportunity to cure any deficiencies in the Complaint and refile.

**16.** Moreover, the order for the dismissal of these eleven causes of action was made despite the Court's knowledge that the Defendants willfully and knowingly refused to file the required disclosures and certifications pursuant Local Rules 3.03(a) and 3.03(b), which require the disclosures to be filed at the time of appearance by counsel or immediately thereafter. By their bad faith and refusal to participate in case management, together with their explicit refusal to

file the required documents and the Court's lack of intervention to enforce the Rules and orders, the Defendants were permitted to interfere with the Plaintiff's ability to obtain evidentiary support through discovery with which to prove her case.

**17.** Moreover, the Court did not hold a case management conference with the parties pursuant Fed. R. Civ. P. 26 or issue a scheduling order for the events in this action pursuant Local Rule 3.02(c). By not doing so, it allowed the Defendants to prolong this case indefinitely because no dates were set to manage the timely progress of this action.

**18.** In addition, the Court has not set a trial date in this case, despite its pendency before the Court for nearly two years as of the date of this NOTICE. As a result of the Court's lack of intervention to advance the progress of this case, the Plaintiff's right to a just and speedy resolution has been compromised and the time for an expeditious hearing of this case has long passed**.**

**19**. On July 7, 2021, the Plaintiff filed a MOTION FOR AN ORDER TO SHOW CAUSE (Doc. 27) as to why the Defendants should not be required to follow orders of the Court and the Rules of Civil Procedure, why they should not have to file the required disclosures and certifications, why they should not be

sanctioned for refusing to act in good faith and participate in case management , and why they should not be sanctioned for causing undue burden to the Plaintiff and causing an eight month standstill during which no further action could be taken in this proceeding. However, rather than hold the Defendants and their counsel accountable for their misconduct, the Court cancelled the order for case management and denied the Plaintiff's motion as moot, stating that there had been no misconduct by the Defendants for which to show cause or consider sanctions because the Court was cancelling the order for case management- the very order by which the Defendants' disobedience formed the premise of their dilatory conduct meant to obstruct the administration of justice.

**20.** In the absence of a scheduling order issued at the outset and in place of the Plaintiff's opportunity to obtain evidence through discovery process by which she sought to prove her claims, the Court instead issued an order limiting the evidence Plaintiff was permitted to have to prove the two remaining claims to only payroll records and time clock records.

**21**. Rule 3.02(c) states in relevant part, that "After consideration of the case management report, the judge must enter an order setting deadlines and scheduling the case for trial." While Local Rule 3.02(d)(1) creates an exception to

Rule 3.02(c), stating that "These proceedings are excepted from the requirements in (a):(1) an action in which the judge enters a special scheduling order at the outset;", this exception does not apply in this case because the Court issued the order indication the evidence Plaintiff was permitted to obtain to prove her claims almost one year after the commencement of this case, rather than at the outset in accordance with the Rule.

**22.** The Court further ordered the Plaintiff to answer INTERROGATORIES BY THE COURT (Doc. 34) and to surrender her responses to opposing counsel. Accordingly, the Plaintiff answered the Court's interrogatories and surrendered her responses to opposing counsel within the time limitation set by the Court.

**23.** However, the Defendants remained true in their refusal to comply with every order this Court had issued since the commencement of this action nearly two years ago. Defendants' exercised their option not to comply with the order to surrender Plaintiff's time clock and payroll records, which was ordered eleven months ago. Plaintiff requested the documents from opposing counsel, who refused to surrender them, once again demonstrating their disinterest in this litigation other than to delay this proceeding for as long as the Court will permit them to do so without intervention, without the administration of discipline for

the Defendants misconduct that has permeated this case from the outset, and without taking action to advance the progress of this case toward resolution.

**24.** The Defendants and their counsel have made it readily apparent that they have no interest in this litigation, other than to engage in dilatory tactics to waste the Court's time and that of the Plaintiff, and to run the on further actions against the Defendants going forward.

**25**. In light of the lack of judicial oversight of this proceeding, the absence of a scheduling order to manage the events of this proceeding, and the fact that this case has been pending before the Court for nearly two years and with no trial date set by the Court, the progress of this case, or lack thereof, is left to the whims of the Defendants and their counsel and their choosing as to whether and when this case will move forward beyond this standstill where it has remained for the last eleven months.

**26.** Plaintiff respectfully reminds the Court that she demanded a trial by jury at the time her Complaint was filed, and that no trial date has been set in the two years since this case was filed.

**27**. Plaintiff also respectfully reminds the Court that a MOTION FOR LEAVE TO FILE PROPOSED FIRST AMENDED COMPLAINT (Doc. 37) remains pending

before the Court for fifty-five days as of the date of this NOTICE. The proposed amended Complaint is attached to the Plaintiff's motion. The deficiencies have been cured by amendment so that the case can now effectively proceed on the merits. The decision to grant the motion is a simple one as a matter of policy, in light of this Court's liberal amendment policy and the fact that Plaintiff has not been granted even one opportunity to amend her pleading. There exists no justifiable reason why the Plaintiff should not be granted leave to file the amended pleading given that, in all but the rarest exceptions, every Plaintiff appearing before this Court is granted at least one opportunity to cure the deficiencies in a pleading, even those represented by counsel. The Plaintiff should be given the same consideration. Moreover, by granting Plaintiff's motion, this case can move forward and advance toward resolution.

**28.** Lastly, Plaintiff respectfully notifies and reminds the Court that this case has not advanced toward resolution for eleven months and that, absent intervention by the Court, this case can proceed no further and will remain unresolved indefinitely until the Court addresses the foregoing issues.

                                      Respectfully submitted,

                                      s/ Melanie Moore,
                                      Plaintiff

15519 Darien Way  
Clearwater, Florida 33764  
727 692-0143  
vettechmnm@gmail.com

## Certificate of Service

Plaintiff hereby certifies that on June 26, 2022, a copy of the foregoing NOTICE TO THE COURT will be forwarded to opposing counsel using the court's CM/ECF system, notification of which will be made to the following counsel by email through the CM/ECF system.

Matthew Seth Sarelson  
DHILLON LAW GROUP, INC.  
Counsel for Defendants  
2100 Ponce de Leon Blvd., Suite 1290  
Miami, Florida 33134  
305-773-1952  
msarelson@dhillonlaw.com