UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MELANIE MOORE,**

    **Plaintiff,**

v.                                                      Case No: 8:20-cv-2184-T-35SPF

**POOCHES OF LARGO, INC. and
LUIS MARQUEZ, Individually and as
owner of Pooches of Largo, Inc.,**

    **Defendants.**

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion for Leave to File First Amended Complaint, (Dkt. 35), Defendants' response in opposition thereto, (Dkt. 38), and Plaintiff's reply in support. (Dkt. 40) For the reasons that follow, Plaintiff's Motion, (Dkt. 35), is **GRANTED IN PART and DENIED IN PART**.

**I. BACKGROUND**

Plaintiff Melanie Moore initiated this action against her former employer Pooches of Largo, Inc. and its owner, Luis Marquez, alleging thirteen causes of action, including failure to pay minimum wages and retaliation in violation of the Fair Labor Standards Act ("FLSA"), retaliation in violation of the Florida Whistleblower Act, breach of contract, wage theft in violation of Pinellas County Code of Ordinances 70.306, two counts of fraudulent misrepresentation, promissory fraud, tortious

1

interference with contract, abuse of process, defamation per se, "civil conspiracy" in violation of 42 U.S.C. § 1985, and intentional infliction of emotional distress. (Dkt. 1)

On July 28, 2021, the Court granted in part and denied in part Defendants' Motion to Dismiss the Complaint, finding that Plaintiff's breach of contract and FLSA wage claims survived dismissal and dismissing the remaining claims. (Dkt. 29) The Court further directed the Parties to comply with the Court's FLSA Scheduling Order. (Id.; Dkt. 30) It does not appear that the Parties have complied with the directives therein.[1] On May 2, 2022, Plaintiff filed the instant Motion for Leave to File First Amended Complaint, seeking leave to file a proposed amended complaint. (Dkts. 35, 36) Plaintiff's proposed amended complaint contains eleven causes of action, some of which were included in her previous complaint and some of which were not. (Dkt. 36) Defendants oppose the requested relief. (Dkt. 38)

## II. LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading is served, a party may amend its complaint "only with the opposing counsel's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). However, a motion to amend may be denied on grounds, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

---

[1] Plaintiff filed answers to the Court's interrogatories on August 13, 2021, triggering additional deadlines in the FLSA Scheduling Order. (Dkt. 34) Specifically, thereafter, the Scheduling Order directs the Parties to exchange documents, meet and confer in person in a good faith effort to settle all pending issues, and file a joint Report Regarding Settlement. (Dkt. 30) As of the date of this Order, no Report Regarding Settlement has been filed.

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1241 (11th Cir. 2009) (alteration in original) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

### III.   DISCUSSION

The Court has reviewed Plaintiff's proposed amended pleading and finds that while several of the claims were disposed of in its previous Order, Plaintiff has added new claims and has made some changes to her former pleading. Accordingly, after reviewing the proposed amended pleading, the Court finds that while Plaintiff has not cured the deficiencies in her retaliation claims (Counts One and Two) and her conspiracy claim (Count Eleven), the remaining claims not futile and Plaintiff should be permitted leave to amend.

First, Plaintiff has repleaded her FLSA wage claim (Count Three), which the Court previously held to be viable. Additionally, Plaintiff has pleaded a new claim for failure to pay minimum wages pursuant to Florida Statute § 448.110 (Count Four), new claims for civil theft (Count Five) and conversion (Count Six) under Florida law based on the Defendants' failure to pay her wages, and a new claim for malicious prosecution (Count Ten). (Dkt. 36) Defendants do not address the merits of these new claims in their response. (Dkt. 38) As such, given the liberal pleading standard and

absent any compelling opposition from Defendants, the Court finds that Plaintiff should be permitted leave to amend her pleading to include these new claims.

Moreover, the Court finds that it would not necessarily be futile to permit Plaintiff to replead her fraud claims and her tortious interference claim, which were previously dismissed. The Court dismissed Plaintiff's fraud claims stemming from the allegedly false representations made by Defendants in the indeed.com job offer because they overlapped with her contract claim. (Dkt. 29 at 16-18) However, in the proposed Amended Complaint, Plaintiff no longer alleges a claim for breach of contract and, importantly, no longer alleges that a contract was formed based on the indeed.com job posting. (Dkt. 36) Accordingly, the Court finds that Plaintiff may plausibly state a claim for fraud in the inducement or fraudulent misrepresentation based on the allegation that Defendants made knowingly false assertions in the job posting that the position was full-time and paid an annual salary of $35,000, which Plaintiff alleges induced her to enter into an employment relationship with Defendants. (Id. at ¶¶ 178 – 207) However, the Court notes that Plaintiff's claims for fraud in the inducement and fraudulent misrepresentation have the same elements and are premised on the same underlying facts and are, thus, duplicative of one another. Thus, when repleading, Plaintiff is directed to plead only one of the two fraud claims. The Court also finds that Plaintiff has sufficiently amended her proposed tortious interference claim to state a colorable cause of action for tortious interference with a contract. (Id. at ¶¶ 208–33)

However, the fact that the Court permits Plaintiff to amend her pleading to include these claims does **NOT** signify that the Court believes these claims are ultimately viable. The barebones response of the Defendants does not provide the Court with sufficient information on which to base a dismissal with prejudice. At this stage, the Court finds that Plaintiff can plausibly allege claims to which a Motion to Dismiss or an answer would be required.

## IV. CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion for Leave to File First Amended Complaint, (Dkt. 35), is **GRANTED IN PART AND DENIED IN PART.**

2. The Clerk is directed to **TERMINATE** the proposed Amended Complaint filed at Docket No. 36. Plaintiff is permitted to re-file, within **fourteen (14) days** of the date of this Order, an amended complaint that STRICTLY complies with the directives of this Order, removing Counts One, Two, and Eleven and the duplicative claim for fraud. Thereafter, Defendants shall have **fourteen (14) days** to answer or otherwise respond. **THE COURT CAUTIONS PLAINTIFF THAT IF SHE DOES NOT CULL HER AMENDED COMPLAINT AS DIRECTED AND INSTEAD ATTEMPTS TO REPLEAD CLAIMS NOT OTHERWISE PERMITTED, THE COURT WILL DISMISS THIS**

**MATTER WITH PREJUDICE FOR FAILURE TO COMPLY WITH THIS ORDER.**

3. The Court previously relieved the Parties of the requirement to file a Case Management Report and directed the Parties to comply with the Court's FLSA Scheduling Order. As noted above, however, the Parties have failed to comply with the directives in the Court's FLSA Scheduling Order. Accordingly, the Parties are directed confer within **twenty-one (21) days** of the date of this Order and file a **JOINT** Case Management Report using the uniform form found under the Forms tab on the Court's website: https://www.flmd.uscourts.gov/judges/mary-scriven.

**DONE** and **ORDERED** in Tampa, Florida, this 10th day of November 2022.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any pro se party