

# RE: Moore v. Petland
1 message

**Matthew Sarelson (Dhillon Law)** <Msarelson@dhillonlaw.com>   Thu, Dec 1, 2022 at 5:04 PM
To: M e <vettechmnm@gmail.com>

Ms. Moore –

I cannot agree to your changes on dates.  A trial date in April is unreasonable considering there is generally a 4 month gap between dispositive motions and the trial date.  Additionally, my schedule through February is already pretty backedup. (Meanwhile, we have not filed our motion to dismiss the amended complaint, and that will take time to resolve and otherwise frame discovery).

As to the rest, we just disagree.  The delay in this case is entirely your doing.  We have already offered you the full $1,800 that even the judge said is the MAXIMUM amount you could recover.  You are owed nothing but we will happy pay you the $1,800 just to end this.

Attached are my handwritten notes concerning the revised report you sent over.

-Matthew

**From:** M e <vettechmnm@email81.com> **On Behalf Of** M e
**Sent:** Thursday, December 1, 2022 4:50 PM
**To:** Matthew Sarelson (Dhillon Law) <Msarelson@dhillonlaw.com>
**Subject:** Re: Moore v. Petland

**External Email**

Good Afternoon,

I have changed some of the dates to match the dates you proposed in your revised version.

However, I maintained a trial term of April rather than your proposed August 2023 term.  You indicated back in January that you do not seek any discovery and did not note any discovery materials on your revised report.  To delay the trial term until August as you proposed would make the pendency of this case three years from filing to trial, and five years to recover unpaid wages for work performed in 2018. I believe this delay is unwarranted, given that I don't need that long to obtain the discovery materials I need and you do

not seek any at all. The only action asked of your client is to produce my employment records by March 2023, which is more than enough time, considering the preservation notice from my former counsel in December of 2018 and the fact that the records are, and always have been, in the sole custody and control of your client. However, would please explain your rationale for waiting another nine months for the trial term, as I am open to consider any reasonable amendments to the trial term or scheduling of other events.

In addition, I have restated the omitted request for deferral or exemption of mediation-related expenses until the resolution of this case in your proposed revision because it is simply an administrative request that is justified by it's necessity and is neither unreasonable nor prohibited by any rule or law. It really has nothing to do with the case and is of no relevance to your side or the scheduling matters to which the report pertains.. As such, the request does not require a mutual agreement from both sides. Of course, whether your side pays your portion of mediation costs in the usual manner or otherwise is left to your own discretion.

I also restated the omitted declaration that we will work together to schedule any required mediation services. I'm unclear as to the reason for your disagreement regarding this statement since it goes without saying. Nonetheless, I am saying it anyway as a record of a mutual agreement to cooperate and participate in the mediation process in accordance with the rules and any requirement pertaining to the mediation process. Given that this is a standard protocol , there should be no issue with agreeing to it or documenting the agreement for the record.

Also, I see that you deleted my request to be present during the retrieval of electronic time clock, payroll, and other electronically stored records pertaining to my employment. I don't see an issue with that request and believe that it is reasonable, given that discovery rules explicitly provide for the inspection of electronically stored information, so I am restating my request on your proposed version of the report.

Lastly, the part you added to the description of the case has nothing to do with the nature of the case and goes to the merits and your belief that I am not entitled to any damages and should only be awarded less than the amount I am owed in unpaid wages. I wont sign a case management report agreeing with your statement pertaining to the merits or damages because the case management report only relates to the scheduling of events and a discovery plan and is not the place to argue the merits, damages, or the technical sufficiency of the complaint.

I agreed to some of your proposed date changes, and have also adjusted other dates to more closely align with your dates and reach a middle ground between both proposed dates. However, I stand firm on the other issues I have mentioned above.

I'm sure that you agree that we have nothing to gain by overthinking this or making it more complicated than it's supposed to be. My objectives are not unreasonable and are supported by local, federal, and discovery rules. Regardless of our differences, the scheduling of events is ultimately left to the discretion of the court and I trust that the scheduling order will proportionally reflect the needs of both sides, accordingly.

With that said, I have made the alterations to your proposed report accordingly, which is attached below for your review and signature. Given that the report is due today, if we cannot come to an agreement on these

issues, then I propose that we agree to disagree and each file our respective signed case management report proposals and leave it to the discretion of the court to decide when tailoring a scheduling order for this case that is proportional to the needs of both sides.

Please advise. Thanks.

Melanie

On Wed, Nov 30, 2022, 10:33 PM Matthew Sarelson (Dhillon Law) <Msarelson@dhillonlaw.com> wrote:

> Attached is the revised version with my edits.
>
> Thank you.
>
> ---
>
> Matt Sarelson, Esq.
>
> Florida Managing Partner
>
> msarelson@dhillonlaw.com
>
> 415.433.1700 (o)
>
> 305.773.1952 (m)
>
> ---
>
> **From:** M e <vettechmnm@gmail.com>
> **Date:** Wednesday, November 30, 2022 at 4:27 PM
> **To:** Matthew Sarelson (Dhillon Law) <Msarelson@dhillonlaw.com>
> **Subject:** Re: Moore v. Petland
>
> **External Email**
>
> Good Afternoon,

I have attached my proposed case management report for your review.

Thanks,

Melanie

On Wed, Nov 30, 2022 at 11:37 AM Matthew Sarelson (Dhillon Law) <Msarelson@dhillonlaw.com> wrote:

> Ms. Moore –
>
> Please email me your draft joint case management report. I will add out edits as appropriate. Thank you, Matthew
>
> From the court's order:
>
> the Parties are directed confer within twenty-one
>
> (21) days of the date of this Order and file a JOINT Case Management
>
> Report using the uniform form found under the Forms tab on the Court's
>
> website: https://www.flmd.uscourts.gov/judges/mary-scriven.
>
> ---
>
> Matt Sarelson, Esq.
>
> Florida Managing Partner
>
> Dhillon Law Group Inc.
>
> 1601 Forum Place, Suite 403
>
> West Palm Beach, Florida 33401
>
> msarelson@dhillonlaw.com
>
> 415.433.1700 (o)
>
> 305.773.1952 (m)

**Please note new office address effective November 1, 2022.