UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MELANIE NICOLE MOORE,**

    **Plaintiff,**

**v.**                                                   **Case No: 8:20-cv-2184-MSS-SPF**

**POOCHES OF LARGO, INC. and**
**LUIS MARQUEZ,**

    **Defendants.**

_____

## CASE MANAGEMENT AND SCHEDULING ORDER

Pursuant to the Court's December 8, 2022 Order, the Court hereby enters this Case Management and Scheduling Order. Absent arbitration or a Court order to the contrary, the parties in every case must participate in Court-annexed mediation with a mediator selected by the parties from a Court approved list of mediators. Therefore, the Parties are hereby **ORDERED** to **confer and agree upon a Court approved mediator[1], and they shall have up to and including fourteen (14) days from date of Order to file written notice informing the Court of the parties' selection and mediation date.** If the Parties cannot agree on a mediator within the time designated above, they must notify the Court and the Court will select a mediator. Payment shall be required by both sides in advance of the mediation, which shall be scheduled on a

---

[1] A list of Court approved mediators is available from the Clerk and is posted on the website for the Middle District at http://www.flmd.uscourts.gov.

date on or before the deadline set forth in this Order. **Failure by either party to mediate in good-faith by the Court-Ordered deadline may result in sanctions.**

| | |
|---|---|
| **Mandatory Initial Disclosures** | **JANUARY 3, 2023** |
| **Certificate of Interested Persons and Corporate Disclosure Statement** | **COMPLETED** |
| **Motions to Add Parties or to Amend Pleadings** | **COMPLETED** |
| **Disclosure of Expert Reports**       Plaintiff: | **JANUARY 13, 2023** |
| Defendant: | **JANUARY 30, 2023** |
| **Discovery Deadline** | **FEBRUARY 14, 2023** |
| **Dispositive Motions, *Daubert,* and *Markman* Motions** | **FEBRUARY 28, 2023** |
| *Meeting In Person* **to Prepare Joint Final Pretrial Statement** | **APRIL 26, 2023** |
| **Joint Final Pretrial Statement** (*See* **Section III. B.**) | **MAY 3, 2023** |
| **All Other Motions Including Motions** *In Limine* | **MAY 8, 2023** |
| **Final Pretrial Conference** | If needed, it will be set, by separate notice, on a date that is approximately 4 weeks before trial |
| **Trial Briefs and Deposition Transcripts with Designations Highlighted** | **MAY 12, 2023** |
| Trial Term: | **JUNE 2023** |
| Begins: | **JUNE 5, 2023** |
| **Parties shall be prepared to try this case anytime during the trial term. A more specific date will follow, by separate notice.** | |
| **Estimated Length of Trial** | **2 days** |

| Jury / Non-Jury | | Jury |
|---|---|---|
| Mediation | Deadline:<br>Mediator: | **JANUARY 30, 2023**<br>**TBD** |
| **Designated Lead Counsel shall contact opposing counsel and the mediator to reserve a conference date and shall file a Notice with the Court within fourteen (14) days of this Order advising of the date.** | | |
| **Designated Lead Counsel:** | | Matthew Seth Sarelson |

The purpose of this order is to discourage wasteful pretrial activities, and to secure the just, speedy, and inexpensive determination of the action. *See* FED. R. CIV. P. 1; Local Rule 1.01(a). This order controls the subsequent course of this proceeding. FED. R. CIV. P. 16(b), (e). Counsel and all parties (both represented and pro se) shall comply with this order, with the Federal Rules of Civil Procedure, with the Local Rules of the United States District Court for the Middle District of Florida, and with the Administrative Procedures for Case Management/Electronic Case Filing. A copy of the Local Rules and Administrative Procedures may be viewed at http://www.flmd.uscourts.gov. Counsel shall also comply with the Ideals and Goals of Professionalism adopted by the Board of Governors of the Florida Bar on May 16, 1990 available at www.floridabar.org (Professional Practice – Henry Latimer Center for Professionalism).[2]

---

[2] *See also* procedures for the presiding district judge found under Judicial Information at www.flmd.uscourts.gov.

## I. DISCOVERY

**A.     Certificate of Interested Persons and Corporate Disclosure Statement** – This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.  A motion, memorandum, response, or other paper – including emergency motion – may be denied or stricken unless the filing party has previously filed and served a Certificate of Interested Persons and Corporate Disclosure Statement.  Any party who has not already filed and served the required certificate shall do so within the time required by this order, or sanctions will be imposed.

**B.     Discovery Not Filed** – The parties shall not file discovery materials with the Clerk. The Court encourages the exchange of discovery requests on diskette or by e-mail.

**C.     Limits on Discovery** – Absent leave of Court, the parties may take no more than ten depositions per side (not per party). FED. R. CIV. P. 30(a)(2)(A); FED. R. CIV. P.31(a)(2)(A).  Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts.  FED. R. CIV. P. 33(a).  Absent leave of the Court or stipulation by the parties, each deposition is limited to one day of seven hours. FED. R. CIV. P.30(d)(2).  The parties may agree by stipulation on other limits on discovery within the context of the limits and deadlines established by this Case Management and Scheduling Order, but the parties may not alter the terms of this Order without leave of Court. *See, e.g.,* FED. R. CIV. P. 29.

**D.     Discovery Deadline** – Each party shall timely serve discovery requests so that the Rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline.

**E.     Disclosure of Expert Testimony** – On or before the date set forth in the above table for the disclosure of expert reports, the party shall fully comply with Federal Rule of Civil Procedure 26(a)(2) and 26(e).  Expert testimony on direct examination at trial will be limited to the opinions, bases, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this Order.  Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.

**F.     Confidentiality Agreements** – The parties may reach their own agreement regarding the designation of materials as "confidential."  There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce

stipulated and signed confidentiality agreements. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." *See* also "Motions to File Under Seal" below.

## II.   MOTIONS

**A.   Certificate of Good Faith Conference** – Before filing any motion in a civil case, the moving party shall confer with the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement certifying that the moving party has conferred with the opposing party, and that the parties have been unable to agree on the resolution of the motion. Local Rule 3.01(g). A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. *See* Local Rule 3.01(g). No certificate is required in a motion for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class.  Local Rule 3.01(g). The term "counsel" in Rule 3.01(g) includes pro se parties acting as their own counsel, thus requiring movants to confer with pro se parties and requiring pro se movants to file Rule 3.01(g) certificates. The term "confer" in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action and does not envision an exchange of ultimatums by fax or letter. Counsel who merely "attempt" to confer have not "conferred." The Court may deny motions that fail to include an appropriate, complete Rule 3.01(g) certificate.

**B.   Extension of Deadlines**

The parties may not extend deadlines established in this Case Management and Scheduling Order without the approval of the Court.

1.   **Dispositive Motions Deadline and Trial Not Extended** – Motions to extend the dispositive motions deadline or to continue the trial are generally denied. The Court will grant an exception only when necessary to prevent manifest injustice.  A motion for a continuance of the trial is subject to denial if it fails to comply with Local Rule 3.08. In light of the district court's heavy felony trial calendar, at least 5 months are required before trial to receive memoranda in opposition to a motion for summary judgment, and to research and resolve the dispositive motion sufficiently in advance of trial.

2.   **Extensions of Other Deadlines Disfavored** – Motions for an extension of other deadlines established in this order, including motions for an extension of the discovery period, are disfavored. The deadline will not be extended absent a showing of good cause. FED. R. CIV. P. 16(b). Failure to complete discovery within the time established by this Order shall not constitute cause for continuance. A motion to extend an established deadline normally will be denied if the motion fails to

recite that: 1) the additional discovery is necessary for specified reasons; 2) all parties agree that the extension will not affect the dispositive motions deadline and trial date; 3) all parties agree that any discovery conducted after the dispositive motions date established in this Order will not be available for summary judgment purposes; and 4) no party will use the granting of the extension in support of a motion to extend another date or deadline. The filing of a motion for extension of time does not toll the time for compliance with deadlines established by Rule or Order.

      **C.**    **Motions to File Under Seal** – Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. Motions to file under seal are disfavored, and such motions will be denied unless they comply with Local Rule 1.11.

      **D.**    **Memoranda in Opposition** – A party may respond to a motion to dismiss, for judgment on the pleadings, to exclude or limit expert testimony, to certify a class, for a new trial, or to alter or amend the judgment within twenty-one days after being served with such motion. Local Rule 3.01(c). For all other motions, a party may respond within fourteen days after being served with such motion. Local Rule 3.01(c). Where no memorandum in opposition has been filed, the Court routinely grants the motion as unopposed. Motions titled as "unopposed" or "agreed" normally come to the Court's attention prior to the deadline for response.

      **E.**    **Emergency Motions** – The Court may consider and determine emergency motions at any time. Local Rule 3.01(e). Counsel should be aware that the designation "emergency" may cause the Court to shift its attention from other pending matters in order to immediately address the "emergency." The Court will sanction any counsel or party who designates a motion as "emergency" under circumstances that are not a true emergency. *Id.* It is not an emergency when counsel has delayed discovery until the end of the discovery period. Promptly after filing an emergency motion, counsel shall place a telephone call to the chambers of the presiding judge to notify the Court that an emergency motion has been filed.

      **F.**    **Page Limits** – No party shall file a motion and supporting memorandum in excess of twenty-five pages or a response in excess of twenty pages except by permission of the Court. Local Rule 3.01(a), (b). A motion requesting leave to file either a motion in excess of twenty-five pages, a response in excess of twenty pages, or a reply or further memorandum may not exceed three pages, shall specify the length of the proposed filing, and shall not include, as an attachment or otherwise, the proposed motion, response, reply, or other paper. Local Rule 3.01(a), (b), (d). Motions for relief from page limitations are disfavored and will not be granted without a specific showing of good cause.

      **G.**    **Motions for Summary Judgment**

    **1.**  **Required Materials** – A motion for summary judgment shall specify the material facts as to which the moving party contends there is no genuine issue for trial, and shall be accompanied by a memorandum of law, affidavits and other evidence in the form required by Federal Rule of Civil Procedure 56. The motion for summary judgment and supporting memorandum of law shall be presented in a single document of not more than twenty-five pages. Local Rule 3.01(a). Each party opposing a motion for summary judgment shall serve, within **thirty (30) days** after being served with such motion, a legal memorandum with citation of authorities in opposition to the relief requested of not more than **twenty (20) pages**. *Id.* This deadline reflects a nine-day extension of time beyond the deadline established by Rule 56, as amended; thus, additional requests for extension are disfavored. The memorandum in opposition shall specify the material facts as to which the opposing party contends there exists a genuine issue for trial, and shall be accompanied by affidavit(s) and other evidence in the form required by Federal Rule of Civil Procedure 56. Both the movant and the party opposing summary judgment shall provide pinpoint citations to the pages and lines of the record supporting each material fact. General references to a deposition are inadequate. On or before the date on which the memorandum in opposition is due, the parties **SHALL** also file a stipulation of agreed material facts signed by the movant and the parties opposing summary judgment pursuant to Local Rule 3.05. Material facts set forth in the stipulation will be deemed admitted for the purposes of the motion. The Court will accept a ten (10) page reply. The reply shall be limited to addressing issues raised by the opposing party that have not already been addressed in the motion. The reply shall be filed within **fourteen (14) days** after the response is served.

    **2.**  **Under Advisement** – The Court takes a motion for summary judgment under advisement **no earlier than forty-five (45) days** from the date it is served, unless the Court orders a different date. Unless specifically ordered, the Court will not hold a hearing on the motion. Failure to oppose any motion for summary judgment may result in the entry of a judgment for the movant without further proceedings. *See Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984); *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam); FED. R. CIV. P.56 (e). All requirements in this Order apply to pro se litigants as well as to parties represented by counsel.

**H.**  **Daubert and Markman Motions** – On or before the date established in the above table for the filing of motions for summary judgment, any party seeking a ruling pursuant to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) (admissibility of expert opinions) or pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996) (interpretation of a patent claim) shall file an appropriate motion. The parties shall prepare a glossary of technical or scientific terms where appropriate for the Court.

**I.     All Other Motions Including Motions *In Limine*** – On or before the date established in the above table, the parties shall file and serve all other motions including motions in limine. Local Rule 3.01(g) applies, and the parties shall confer to define and limit the issues in dispute.

### III. JOINT FINAL PRETRIAL STATEMENT

**A.     Meeting In Person** – On or before the date established in the above table, **lead trial counsel** for all parties and any **unrepresented parties** shall meet together **in person** or **by video conference** pursuant to Local Rule 3.06(a) in a good faith effort to:

1. settle the case; the parties shall thoroughly and exhaustively discuss settlement of the action before undertaking the extensive efforts needed to conduct final preparation of the case for trial and to comply with the requirements of this order;

2. stipulate to as many facts and issues as possible; in order to assist the Court, the parties shall make an active and substantial effort to stipulate at length and in detail as to agreed facts and law, and to limit, narrow, and simplify the issues of fact and law that remain contested; as a rule, parties who have complied with this requirement in good faith will file a Joint Final Pretrial Statement listing far more agreed facts and principles of law than those that remain for determination at trial;

3. tag, mark, identify, examine, copy, and list all original trial exhibits (including actual document exhibits) that any party will offer in evidence or otherwise tender to any witness during trial [Local Rule 3.06(a)(4) and 3.07(a)]; and prepare and exchange a final exhibit list on the Clerk's approved form (attached to this order) bearing a description identifying each exhibit and sponsoring witness [Local Rule 3.07(b)]; it is anticipated that counsel will agree to the admission of the bulk of the opposing parties' exhibits without objection and shall designate on the exhibit list the exhibits which the Court may admit without objection at trial. Absent good cause, the Court will not receive in evidence over objection any exhibits – including charts, diagrams, and demonstrative evidence – not presented to opposing counsel or unrepresented parties for inspection and copying at the required meeting or not listed in the joint final pretrial statement. Photographs of sensitive exhibits (i.e., guns, drugs, valuables) and of non-documentary evidence, and reductions of documentary exhibits larger than 8 ½" by 14" to be substituted for original exhibits after conclusion of the trial must be presented to opposing counsel for examination at the meeting to prepare the Joint Final Pretrial Statement. Objections to such photographs or reductions of exhibits must be listed in the Joint Final Pretrial Statement. The parties are advised that the design of certain courtrooms may preclude the use of large exhibits and posters in a jury trial. The parties are directed to contact the trial judge's courtroom deputy clerk to discuss exhibits and equipment to be used during trial; and

      4. exchange the names and addresses of all witnesses and state whether they will likely be called.

    **B. Form of Joint Final Pretrial Statement** – On or before the date established in the above table, the parties shall file a Joint Final Pretrial Statement that strictly conforms to the requirements of Local Rule 3.06(b) and this Order. **This case must be fully ready for trial at the time that the Joint Final Pretrial Statement is due**. Anticipated length of trial based on issues remaining at the time of the filing of the Joint Final Pretrial Statement must be included as a separate line item in the Joint Pretrial Statement. Lead trial counsel for all parties, or the parties themselves if unrepresented, shall sign the Joint Final Pretrial Statement. The Court will strike pretrial statements that are unilateral, incompletely executed, or otherwise incomplete. Inadequate stipulations of fact and law will be stricken. Sanctions may be imposed for failure to comply, including the striking of pleadings. At the time the Joint Final Pretrial Conference if filed, all pleadings are deemed to be merged into the Joint Final Pretrial Statement, which will control the course of the trial. FED. R. CIV. P. 16(d).

      **1.** **Exhibit List** – The exhibit list filed in compliance with Local Rules 3.06(b)(4) and 3.07(b) must be on the Clerk's approved form (attached to this order). Unlisted exhibits will not be received into evidence at trial, except by order of the Court in the furtherance of justice. The Joint Final Pretrial Statement must attach each party's exhibit list on the approved form, listing each specific objection ("all objections reserved" does not suffice) to each numbered exhibit that remains after full discussion and stipulation. Objections not made – or not made with specificity – are waived.

      **2.** **Witness List** – On the witness list required by Local Rule 3.06(b)(5), the parties and counsel shall designate which witnesses will likely be called, and also designate which witnesses may be called. Absent good cause, the Court will not permit over objection testimony from unlisted witnesses at trial. This restriction does not apply to true rebuttal witnesses (i.e., witnesses whose testimony could not reasonably have been foreseen to be necessary). Records custodians may be listed but will not likely be called at trial, except in the rare event that authenticity or foundation is contested. For good cause shown in compelling circumstances, the Court may permit presentation of testimony in open court by contemporaneous transmission from a different location. FED. R. CIV. P. 43(a).

      **3.** **Depositions** – The Court encourages stipulations of fact to avoid calling unnecessary witnesses. Where a stipulation will not suffice, the Court permits the use of depositions. At the required meeting, counsel and unrepresented parties shall agree upon and list in the Joint Final Pretrial Statement the pages and lines of each deposition (except where used solely for impeachment) to be published to the trier of fact. If, after an active and substantial effort at resolution, the parties continue to disagree as to any proposed designations, the parties shall include in their Joint Final Pretrial Statement, argument and authority for each party's position regarding

disputed testimony. The parties shall file as an attachment to the Joint Final Pretrial Statement the deposition excerpts of any testimony that remains in dispute. Highlighted excerpts of the undisputed designations are not due to be filed until the trial briefs are due.

  **4.**   **Joint Jury Instructions, Verdict Form, Voir Dire Questions** – In cases to be tried before a jury, the parties shall attach to the Joint Final Pretrial Statement **a single jointly proposed set of jury instructions** in order of presentation to the jury, together with a single jointly-proposed jury verdict form.  The parties should be considerate of their jury, and therefore should submit short, concise special verdict forms. The Court prefers pattern jury instructions approved by the United States Court of Appeals for the Eleventh Circuit. A party may include at the appropriate place in the single set of jointly-proposed jury instructions a contested charge, so designated with the name of the requesting party and bearing at the bottom a citation of authority for its inclusion, together with a summary of the opposing party's objection. The Court will deny outright a proposed instruction that is "slanted" in any way. **Any modifications to Eleventh Circuit standard jury instructions are disfavored and shall be clearly marked and identified on the proposed jury instructions**. **The Court requires that the parties, provide to the Court, via e-mail[3], their proposed joint jury instructions and verdict form in Word format**. The parties may include in the Joint Final Pretrial Statement a single list of jointly-proposed questions for the Court to ask the venire during voir dire. A link to the Pattern Jury Instructions Builder is available on the Court's website under "Forms", "Civil" and under "Criminal".  Additionally, they can be found under "Judicial Information", "The Honorable Mary S. Scriven".

  **C.**   **Coordination of Joint Final Pretrial Statement** – All parties are responsible for filing a Joint Final Pretrial Statement in full compliance with this order. Plaintiff's counsel (or plaintiff if all parties are proceeding pro se) shall have the primary responsibility to coordinate compliance with the sections of this order that require a meeting of lead trial counsel and unrepresented parties in person and the filing of a Joint Final Pretrial Statement and related material. *See* Local Rule 3.10 (relating to failure to prosecute). If the plaintiff is proceeding pro se, defense counsel shall coordinate compliance. If counsel is unable to coordinate such compliance, counsel shall timely notify the Court by written motion or request for a status conference.

  **D.**   **Trial Briefs, Deposition Designations and Other Materials**

  **1.**   **Trial Briefs** – In the case of a non-jury trial, on or before the date established above, each party shall file and serve a trial brief with proposed findings of

---

[3] Judge Scriven's e-mail address is as follows:  chambers_flmd_scriven@flmd.uscourts.gov

fact and conclusions of law. The parties may file a trial brief on or before the same date in the case of a jury trial.

       **2.**     **Deposition Transcripts with Designations** – On the date specified above, the parties shall file a copy of their deposition transcripts with designations that are to be offered in evidence. The Deposition transcripts shall be edited and marked as to the portion offered by each party.

       **3.**     **Exhibit Notebook** – On the first day of a jury trial or non-jury trial, the parties shall provide to the Court a bench notebook containing marked copies of all exhibits. The parties may contact the courtroom deputy clerk for the trial judge to determine whether this requirement may be waived.

## IV. MEDIATION

    **A.**     **Purpose** – To minimize costly pretrial procedures in a case that may be equitably settled, and to secure the just, speedy, and inexpensive determination of this action, all parties shall participate in good faith in mediation. *See* FED. R. CIV. P. 1; FED. R. CIV. P. 16(a)(5); Local Rules 1.01(a). Parties who prefer mediation but have been designated for arbitration may file and serve a joint motion seeking relief from arbitration.

    **B.**     **The Mediator** – This Court prefers to appoint the certified and approved mediator, if any, chosen by the parties and disclosed in their Case Management Report. If no such mediator has been chosen and reported, the parties shall confer and agree upon a Court approved mediator and shall have up to and including 21 days from the date of this Order to file a written notice informing the Court of the parties' selection and mediation date. Should the parties fail to agree on a Court approved mediator and fail to file written notice within the 21 days allotted, the Court will appoint a mediator without further notice pursuant to Local Rule 4.03. The mediator shall conduct the mediation conference in the conference room of the mediator's law firm or office at a time and date selected by the mediator within the confines of this order.

    **C.**     **Last Date to Mediate** – The parties shall complete the mediation conference on or before the mediation date set forth earlier in the above table. **Neither the mediator nor the parties have authority to continue the mediation conference beyond this date** except on express order of the Court. In any Track Three case, complex case, or case involving multiple parties, the mediator has the authority to conduct the mediation in a series of sessions and in groups of parties so that mediation is complete by the last date to mediate.

    **D.**     **Mediator's Authority** – The mediator shall have all powers and authority to conduct a mediation and to settle this case as are described in Chapter

Nine of the Local Rules, except as limited by this order. **The mediation shall continue until adjourned by the mediator.** In order to coordinate the mediation conference, the mediator may set an abbreviated scheduling conference prior to the scheduled mediation. At such time, the mediator may designate one or more coordinating attorneys who shall be responsible for conferring with the mediator regarding the mediation conference. If necessary, the coordinating attorney may coordinate the rescheduling of a mediation conference within the time allowed in this order.

### E.    General Rules Governing Mediation Conference

**1.    Case Summaries** – Not less than two days prior to the mediation conference, each party shall deliver to the mediator a written summary of the facts and issues of the case.

**2.    Identification of Corporate Representative** – As part of the written case summary, counsel for each corporate party shall state the name and general job description of the employee or agent who will attend and participate with full authority to settle on behalf of the corporate party.

**3.    Attendance Requirements and Sanctions** – Each attorney acting as lead trial counsel, and each party (and in the case of a corporate party, a corporate representative) with full authority to settle, **shall** attend and participate in the mediation conference. The mediation conference may be held in person or if the pandemic is still ongoing, by video conference. In the case of an insurance company, the term "full authority to settle" means authority to settle for the full value of the claim or policy limit. Claims professionals with full settlement authority may include insurance adjusters. Local Rule 4.03(d). The Court will impose sanctions upon lead counsel and parties who do not attend and participate in good faith in the mediation conference.

**4.    Authority to Declare Impasse** – Participants shall be prepared to spend as much time as may be necessary to settle the case. No participant may force the early conclusion of a mediation because of travel plans or other engagements. Only the mediator may declare an impasse or end the mediation.

**5.    Restrictions on Offers to Compromise** – Evidence of an offer to compromise a claim is not admissible to prove liability for or invalidity of the claim or its amount. FED. R. EVID. 408 (includes evidence of conduct or statements made in compromise negotiations); Local Rule 4.03(g). All discussion, representations and statements made at the mediation conference are privileged settlement negotiations. Except in a supplemental proceeding to enforce a settlement agreement, nothing related to the mediation conference shall be admitted at trial or be subject to discovery. FED. R. EVID. 408; Local Rule 4.03(g). A communication between a party and a

mediator during a private caucus is also confidential, unless the party tells the mediator that it is not.

**F.     Compensation of Mediators** – Absent agreement of the parties and the mediator, mediators shall be compensated at a reasonable hourly rate agreed to by the parties or provided by order of the Court, absent agreement of the parties, after consideration of the amount in controversy, the nature of the dispute, the resources of the parties, the prevailing market rate for mediators in the applicable market, the skill and experience of the mediator, and other pertinent factors. Unless altered by order of the Court, the cost of the mediator's services shall be borne equally by the parties to the mediator conference.

**G.     Settlement and Report of Mediator** – A settlement agreement reached between the parties shall be reduced to writing and signed by the parties and their attorneys in the presence of the mediator. *See also* Local Rule 3.09. Within **seven days** of the conclusion of the mediation conference, the mediator shall file and serve a written mediation report stating whether all required parties were present, whether the case settled, and whether the mediator was forced to declare an impasse. *See* Local Rule 4.03(f). The mediator may report any conduct of a party or counsel that falls short of a good faith effort to resolve the case by agreement or fails to comply with this Order. *See* Local Rule 4.03(e), (f).

## V.    FINAL PRETRIAL CONFERENCE

**A.     Lead Trial Counsel and Parties** – If this order does not set a final pretrial conference date, the Court may later set a final pretrial conference on notice. **Lead trial counsel for each party, local counsel for each party, and each individual party (in the case of a corporate party, a corporate representative together with any unrepresented party, must attend the final pretrial conference in person unless previously excused by the Court**. *See* FED. R. CIV. P. 16(d).

**B.     Substance of Final Pretrial Conference** – Since this case must be fully ready for trial at the time that the Joint Final Pretrial Statement is due, at the final pretrial conference, all counsel and parties must be prepared and authorized to accomplish the purposes set forth in FED. R. CIV. P. 16 and Local Rule 3.06, including formulating and simplifying the issues; eliminating frivolous claims and defenses; admitting facts and documents to avoid unnecessary proof; stipulating to the authenticity of documents; obtaining advance rulings from the Court on the admissibility of evidence; settling the dispute; disposing of pending motions; establishing a reasonable limit on the time allowed for presenting evidence; and such other matters as may facilitate the just, speedy, and inexpensive disposition of the action. *See* FED. R. CIV. P. 16(c)-(d).

**VI. SANCTIONS** – The Court will impose sanctions on any party or attorney: 1) who fails to attend and to participate actively in the meeting to prepare the Joint Pretrial Statement, or who refuses to sign and file the agreed document; 2) who fails to attend the Final Pretrial Conference, or who is substantially unprepared to participate; 3) who fails to attend the mediation and actively participate in good faith, or who attends the mediation without full authority to negotiate a settlement, or who is substantially unprepared to participate in the mediation; or 4) who otherwise fails to comply with this order. Sanctions may include but are not limited to an award of reasonable attorneys fees and costs, the striking of pleadings, the entry of default, the dismissal of the case, and a finding of contempt of court. *See* FED. R. CIV. P. 16(f) and 37; Local Rules 4.03(d), (e); 28 U.S.C. § 1927.

**VII. TRIAL**

    **A.**     **Trial Before District Judge** – A case scheduled for trial before a United States District Judge normally will be called for trial on the first day of the trial term indicated in the above table, or as soon after that date as is possible in light of the Court's felony and civil trial calendar.[4] Cases not reached for trial in the month scheduled will be carried over to the following month on a trailing trial calendar, and issued subpoenas will continue in force. Counsel, parties, and witnesses **shall be available on twenty-four hours notice for trial after the beginning of the trial term**. A different District Judge or visiting judge may try the case. Local Rule 1.07(a)(2)(A). The case may be set for trial in the Orlando Division, Tampa Division, Fort Myers Division, Ocala Division, or Jacksonville Division of the Court. Absent a showing of good cause, any party whose turn it is to provide evidence will be deemed to have rested if, during the hours designated for trial, the party has no further evidence or witnesses available.

    **B.**     **Trial Before Magistrate Judge** – A case scheduled for trial before a United States Magistrate Judge will be called for trial on a date certain. With respect to a civil case that remains pending before a District Judge as of the date of this order, the United States District Judges of the Middle District of Florida wish to afford the parties the opportunity to consent to proceed before a Magistrate Judge. Consent must be unanimous. A United States Magistrate Judge is available pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(a) to conduct all further proceedings in this case (or specified motions in this case), to conduct a jury or non-jury trial **beginning on a date certain**, and to enter final judgment. A party may appeal a final judgment of a Magistrate Judge to the United States Court of Appeals for the Eleventh Circuit in the same manner as an appeal from the district court. 28 U.S.C. § 636(c)(3); FED. R. CIV. P. 73. A party is free to withhold consent without adverse substantive

---

[4] This case may be reassigned to a visiting District Judge at any time. In unusual and extraordinary circumstances, the Court may re-notice this case for trial shortly **before** the first day of the trial term if necessary to accommodate the trial schedule of the District Judge.

consequences. 28 U.S.C. § 636 (c)(2); FED. R. CIV. P. 73(b). Consent forms are attached to this scheduling order. FED. R. CIV. P. 73(b).

    **C.**  **Settlement** – Counsel shall immediately notify the Court upon settlement of any case. Local Rule 3.09(a). The parties shall notify the Court of any settlement or other disposition of the case which will eliminate the need for a jury by 11:30 a.m. on the last business day before the date scheduled for jury selection. Failure to do so will subject each party to joint and several liability for jury costs. Regardless of the status of settlement negotiations, the parties shall appear for all scheduled hearings, including the Final Pretrial Conference and for trial absent the filing of a stipulation of dismissal signed by all parties who have appeared in the action (or notice of dismissal if prior to answer and motion for summary judgment). FED. R. CIV. P. 41(a).

    **D.**  **Electronic Equipment** – On September 26, 2013, Chief United States District Judge Anne C. Conway, entered a standing order allowing any attorney permitted to practice law in the Middle District of Florida, to be allowed to bring any personal electronic device into the courthouse by presenting to courthouse security a valid Florida Bar identification or *pro hac vice* order. See Standing Order 6:13-mc-94-ORL-22.

    **DONE** and **ORDERED** in Tampa, Florida, 13th day of December 2022.

                _____
                MARY S. SCRIVEN
                UNITED STATES DISTRICT JUDGE

Attachments:    Exhibit List Form [mandatory form]
          Magistrate Judge Consent / Entire Case
          Magistrate Judge Consent / Specified Motions

Copies furnished to:  United States Magistrate Judge
          Counsel of Record
          Any *Pro Se* parties

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**MELANIE NICOLE MOORE,**

    **Plaintiff,**

v.                                                      **Case No: 8:20-cv-2184-MSS-SPF**

**POOCHES OF LARGO, INC., et al.,**            \_\_\_\_  Evidentiary

                                                                 \_\_\_\_  Trial

    **Defendants.**                                        \_\_\_\_  Other

_____/

## EXHIBIT LIST

| Exhibit No. | Date Identified | Date Admitted | Witness | Objections/Stipulated Admissions[5] | Description of Exhibit |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

---

[5] Type "A" in this column to identify exhibits to be received in evidence by agreement, otherwise, specifically state each objection to each opposed exhibit.

AO 85 (Rev. 8/98) Notice, Consent and Order of Reference – Exercise of Jurisdiction of United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**MELANIE NICOLE MOORE,**

    **Plaintiff,**

v.                                                   **Case No: 8:20-cv-2184-MSS-SPF**

**POOCHES OF LARGO, INC. and LUIS MARQUEZ,**

    **Defendants.**

_____

### NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. 636(c) and FED. R. CIV. P. 73, you are hereby notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case, including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

### CONSENT TO EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. 636(c), and FED.R.CIV.P. 73, the parties in this case hereby voluntarily consent to have a United States magistrate judge conduct any and all further proceedings in the case, including, the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Signatures | Party Represented | Date |
|---|---|---|
| | | |
| | | |

### ORDER OF REFERENCE

It Is ORDERED that this case be referred to the UNITED STATES MAGISTRATE JUDGE for all further proceedings and the entry of judgment in accordance with 28 U.S.C. 636(c), Fed. R. Civ. P. 73 and the foregoing consent of the parties.

| DATE | UNITED STATES DISTRICT JUDGE |
|---|---|

**NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT ONLY IF ALL PARTIES HAVE CONSENTED ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MELANIE NICOLE MOORE,**

    **Plaintiff,**

v.                                                           Case No: 8:20-cv-2184-MSS-SPF

**POOCHES OF LARGO, INC. and LUIS MARQUEZ,**

    **Defendants.**

_____

**CONSENT TO EXERCISE JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE OVER DISPOSITIVE MOTIONS DESCRIBED UNDER 28 U.S.C. § 636(b)(1)(B)**

**CONSENT TO EXERCISE OF JURISDICTION**

In accordance with the provisions of 28 U.S.C. § 636(c) and FED.R.CIV.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings and enter a final order as to each motion identified below.

MOTION(S) _____

| Party Represented | Signatures | Date |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**ORDER OF REFERENCE**

**IT IS ORDERED** that the above motions(s) be referred to the United States Magistrate Judge assigned to this case to conduct all proceedings and enter a final order on such motions(s) in accordance with 28 U.S.C. § 636(c) and FED.R.CIV.P. 73.

_____                          _____
      DATE                                                       UNITED STATES DISTRICT JUDGE

NOTE:  RETURN THIS FORM TO THE CLERK OF COURT **ONLY IF** ALL PARTIES HAVE CONSENTED **ON THIS FORM** TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.