UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MELANIE MOORE,**

    **Plaintiff,**

v.                                                    Case No: 8:20-cv-2184-T-35SPF

**POOCHES OF LARGO, INC. and
LUIS MARQUEZ, Individually and as
owner of Pooches of Largo, Inc.,**

    **Defendants.**

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant's Motion to Partially Dismiss the Second Amended Complaint with Prejudice, (Dkt. 50), Plaintiff's response in opposition thereto, (Dkt. 53), Defendant's Motion to Extend the Deadline for Dispositive Motions, (Dkt. 57), and Plaintiff's response in opposition thereto. (Dkt. 58) For the reasons that follow, Defendant's Motion to Partially Dismiss, (Dkt. 50), is **GRANTED IN PART and DENIED IN PART** and Defendant's Motion to Extend the Deadline for Dispositive Motions, (Dkt. 57), is **GRANTED**.

**I. BACKGROUND**

Plaintiff Melanie Moore initiated this action against her former employer Pooches of Largo, Inc. and its owner, Luis Marquez, alleging thirteen causes of action,

1

including failure to pay minimum wages and retaliation in violation of the Fair Labor Standards Act ("FLSA"), retaliation in violation of the Florida Whistleblower Act, breach of contract, wage theft in violation of Pinellas County Code of Ordinances 70.306, two counts of fraudulent misrepresentation, promissory fraud, tortious interference with contract, abuse of process, defamation per se, "civil conspiracy" in violation of 42 U.S.C. § 1985, and intentional infliction of emotional distress. (Dkt. 1)

On July 28, 2021, the Court granted in part and denied in part Defendants' Motion to Dismiss the Complaint, finding that Plaintiff's breach of contract and FLSA wage claims survived dismissal and dismissing the remaining claims. (Dkt. 29) On May 2, 2022, Plaintiff requested leave to amend the complaint. (Dkts. 35, 36) Defendants opposed the requested relief. (Dkt. 38) The Court granted Plaintiff leave to amend the complaint in part. (Dkt. 42) On November 24, 2022, Plaintiff filed a Second Amended Complaint, which is the operative complaint in this matter.[1] (Dkt. 43) Plaintiff's Second Amended Complaint alleges seven causes of action against Defendants: (1) failure to pay minimum wages in violation of the FLSA ("Count I"), (2) failure to pay minimum wages in violation of Fla. Stat. § 448.110 and Section 24 Article X of the Florida Constitution ("Count II"), (3) civil theft ("Count III"), (4) conversion ("Count IV"), (5) fraudulent misrepresentation ("Count V"), (6) tortious

---

[1] When the Court granted in part and denied in part Plaintiff's Motion for leave to amend, it simultaneously struck Plaintiff's First Amended Complaint, and instructed Plaintiff to file a pleading that comported with the Court's directives. (Dkt. 42)

interference with contract ("Count VI"), and (7) malicious prosecution ("Count VII"). (Id.) Defendants seek to dismiss all claims except the wage claims. (Dkt. 50)

## II. LEGAL STANDARD

The threshold for surviving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a low one. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 127 S. Ct. at 1964-65). In evaluating the sufficiency of a complaint in light of a motion to dismiss, the well pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994-95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id. Thus, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

## III. DISCUSSION

Defendant seeks to dismiss all counts in the Second Amended Complaint except for Counts I and II, the claims for unpaid wages. (Dkt. 50) For the reasons that follow, Defendants' Motion is due to be **GRANTED IN PART and DENIED IN PART**.

### A. Count III and IV – Civil Theft and Conversion

Defendants contend that Count III and IV, Plaintiff's claims for civil theft and conversion, are fatally deficient because Plaintiff has not properly alleged that Defendants deprived her of any property she possessed. (Dkt. 50 at 3 – 5) Defendants are correct.

Plaintiff's claims for conversion and civil theft are premised on the allegation that Defendants failed to pay her wages promised and owed. (Dkt. 43 at ¶¶ 96, 124) "It is well-established law in Florida that a simple debt which can be discharged by the payment of money cannot generally form the basis of a claim for conversion or civil theft." Gasparini v. Pordomingo, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008); see also Belford Trucking Co. v. Zagar, 243 So. 2d 646, 648 (Fla. 4th DCA 1970) ("A mere obligation to pay money may not be enforced by a conversion action."). Nonetheless, "the general rule does not foreclose a claim for civil theft or conversion under certain limited circumstances." Walker v. Figarola, 59 So. 3d 188, 190 (Fla. 3d DCA 2011).

Money may be a proper "subject of conversion so long as it consists of specific money capable of identification." Belford Trucking Co., 243 So. 2d at 648 (citation omitted). In other words, "there must be an obligation to keep intact or deliver the

specific money in question, so that such money can be identified." Id. Florida courts have generally recognized conversion claims concerning money in two situations: where defendants have stolen or embezzled specific funds entrusted to them by the plaintiffs for the defendants' own benefit and where defendants refuse to return funds owned by the plaintiffs and given to the defendants to hold temporarily in a segregated, identifiable account. See Cabana on Collins, LLC v. Regions Bank, No. 11-21204-Civ, 2011 WL 13223712, at *3 (S.D. Fla. June 7, 2011) (collecting cases). Here, neither situation is present. Plaintiff's alleged entitlement to more wages based upon a job posting does not constitute "property" that could be converted, and thus cannot form the basis for either a civil theft or conversion claim. As such, both claims fail as a matter of law and are **DISMISSED with prejudice**.

### B. Count VII – Malicious Prosecution

Defendants also move for dismissal of Plaintiff's malicious prosecution claim, which is premised on her allegation that Defendants initiated a defamation lawsuit against her in Miami-Dade Circuit Court. (Dkt. 50 at 7–8; Dkt. 43 at ¶ 163) Plaintiff's malicious prosecution claim also fails as a matter of law. A claim for malicious prosecution requires the plaintiff to allege that "the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff." MacAlister v. Bevis Const., Inc., 164 So. 3d 773, 776 (Fla. 2d DCA 2015) (quoting Olson v. Johnson, 961 So.2d 356, 359 (Fla. 2d DCA 2007)). The defamation action, on which this count is based, was not terminated in Plaintiff's favor. (Dkt. 50-1) It was dismissed without prejudice for want of prosecution. (Dkt.

5

50-1[2]; Dkt. 43 at ¶ 165) See Cohen v. Corwin, 980 So. 2d 1153, 1156 (Fla. 4th DCA 2008) ("Where dismissal is on technical grounds, for procedural reasons, or any other reason not inconsistent with the guilt of the accused, it does not constitute a favorable termination."). As such, Plaintiff cannot state a claim for malicious prosecution based on the defamation case, and the claim for malicious prosecution must be **DISMISSED with prejudice**.

### C. Count VI – Tortious Interference

Plaintiff's tortious interference claim also is due to be dismissed. In support of this claim, Plaintiff alleges that Defendants presented what they claimed was a document altered by Plaintiff and/or her counsel to her attorney, Richard Celler, during pre-suit negotiations. (Dkt. 43 at ¶ 140) As a result, she claims her lawyer withdrew his representation of her for fear of being sanctioned by the Florida Bar, or he at least demonstrated a dampened enthusiasm for the case which he had previously indicated he believed was strong. (Id. at ¶¶ 141-152) Defendants challenge the claim on grounds that it is protected by the litigation privilege. (Dkt. 50 at 6–7) Florida's litigation privilege provides legal immunity for actions that occur in judicial proceedings. Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole, 950 So. 2d 380, 383 (Fla. 2007). The privilege applies to all torts, regardless of whether the act

---

[2] A district court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See Universal Express, Inc. v. U.S. S.E.C., 177 F. App'x 52, 53 (11th Cir. 2006) (citing Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir.1999)). Nevertheless, Plaintiff expressly pleads that the matter was dismissed for want of prosecution in the Second Amended Complaint. (Dkt. 43 at ¶ 165)

6

involves a defamatory statement or other tortious behavior, so long as the act has some relation to the proceeding. Id. It has also "been applied to pre-suit communications required by statute or by contract as a condition precedent to suit, statements compelled by investigatory subpoena, and settlement negotiations aimed at concluding ongoing litigation." Westgate Resorts, Ltd. v. Sussman, 387 F. Supp. 3d 1318, 1354 (M.D. Fla. 2019). However, the privilege does not apply to misconduct that occurs outside the judicial process, which is undertaken to harass and intimidate a plaintiff into abandoning her claims. See Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1277 (11th Cir. 2004) (citing Am. Nat. Title & Escrow of Fla., Inc. v. Guarantee Title & Tr. Co., 810 So. 2d 996, 998 (Fla. 4th DCA 2002).

  The Court is not convinced that the litigation privilege would protect a party who falsified a document and presented it to opposing counsel, causing the opposing counsel to doubt the client's veracity and withdraw from the representation of the client. However, the Court need not resolve that question on this record.

  The more glaring problem with the claim is that Plaintiff fails to plead damages associated with the alleged tortious interference. Moreover, it would appear that she *cannot* do so until after this suit is completed through her actions in her pro se capacity, and she either loses or suffers some significant reduction in her recovery that she can attribute to the absence of Mr. Celler as her counsel. In other words, the claim is premature. As such, Count VI is **DISMISSED without prejudice** to Plaintiff's right to reassert it in a separate action if she can make out a viable claim in the future.

.

### D. Count V – Fraudulent Misrepresentation

Defendants also seek dismissal of Plaintiff's claim for fraudulent misrepresentation, which is premised on alleged false statements that Plaintiff claims Defendants made in a job posting online. (Dkt. 50 at 5 – 6; Dkt. 43 at ¶¶ 129 - 133) Defendants contend this claim is fatally deficient because Plaintiff has not alleged that Defendants breached any duty independent of their employment agreement with Plaintiff. (Dkt. 50 at 6) Defendants are correct that this Court previously dismissed Plaintiff's fraudulent misrepresentation claim because it was not independent from her claim that the Parties had entered into an employment contract based on the indeed.com job posting containing the allegedly false representations. (Dkt. 29 at 16 – 18) However, Plaintiff no longer pleads a claim for breach of contract in the Second Amended Complaint and, importantly, no longer alleges that a contract was formed between the Parties based on the indeed.com job posting. As such, the Court finds that Plaintiff has plausibly stated a claim for fraudulent misrepresentation based on her allegation that Defendants made knowingly false assertions in the job posting that the position was full-time and paid an annual salary of $35,000, which Plaintiff alleges induced her to enter into an employment relationship with Defendants. (Dkt. 43 at ¶¶ 129 – 134) As such, the Court **DENIES** Defendants' Motion to Dismiss as to the claim for fraudulent misrepresentation.

### E. Dismissal of Defendant Luis Marquez

As a final matter, Defendants seek dismissal of Defendant Luis Marquez from all claims other than Count I, the FLSA wage claim, because there are no factual allegations for finding personal liability against him. (Dkt. 50 at 3) The FLSA defines the term "employer" broadly, and the Eleventh Circuit has held that "a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1309 (11th Cir. 2013) (quoting Patel v. Wargo, 803 F.2d 632, 637-38 (11th Cir. 1986). "The definition of 'employer' under the FMWA is the same as under the FLSA." Marino v. Spizzigo Enterprises, L.L.C., No. 20-24391-CIV, 2021 WL 8894429, at *5 (S.D. Fla. Feb. 3, 2021). As such, Marquez is subject to liability as an employer for both of Plaintiff's wage claims, asserted in Counts I and II.

The only remaining claim to consider is Count V, the claim for fraudulent misrepresentation. Defendants contend that there are no allegations specific to Marquez that could support individual liability against him for this Count, nor are there allegations that would support a claim for piercing the corporate veil. (Dkt. 50 at 3) Under Florida law, corporate directors, officers, and members are not personally liable for conduct in furtherance of their corporate duties, except in limited circumstances. See Fla. Stat. § 607.0831 (Florida's business judgment rule); Cottle v. Storer Communications, Inc., 849 F.2d 570, 574 (11th Cir. 1988) ("[u]nder the business judgment rule, directors are presumed to have acted properly,

9

and are called to account for their actions only when they are shown to have engaged in fraud, bad faith, or an abuse of discretion"). Nevertheless, a plaintiff can pierce the corporate veil by showing that an individual member failed to adhere to corporate formalities to such an extent that the member should be individually liable. Caladan Aviation, LLC v. Santos, No. 18-14251-CIV, 2019 WL 13062113, at *2 (S.D. Fla. Aug. 21, 2019) (citing Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1349 (11th Cir. 2011); Gasparini v. Pordomingo, 972 So.2d 1053, 1055 (Fla. 3d Dist. Ct. App. 2008)). Defendants are correct that Plaintiff's Second Amended Complaint contains no allegations that would support a theory of corporate veil piercing.

However, if a corporate director commits a tort, "even if those actions were in furtherance of the corporate business, he will be liable to third persons injured by his actions, regardless of whether liability attaches to the corporation for the tort." Caladan Aviation, LLC, 2019 WL 13062113, at *2 (citing Special Purpose Accounts Receivable Co-op Corp. v. Prime One Capital Co., 125 F. Supp. 2d 1093, 1104 (S.D. Fla. 2000); First Fin. USA, Inc. v. Steinger, 760 So.2d 996, 997–98 (Fla. 4th DCA 2000); Ben-Yishay v. Mastercraft Dev., LLC, 553 F. Supp. 2d 1360, 1369 (S.D. Fla. 2008)).

Thus, where the plaintiff alleges claims against a corporate director for torts that he individually committed, the plaintiff does not need to pierce the corporate veil. Id. (citing BB In Tech. Co. v. JAF, LLC, 242 F.R.D. 632, 639 (S.D. Fla. 2007) (concluding that the plaintiff did not need to pierce the corporate veil to recover

10

against the corporation's agent for the tort of negligent misrepresentation which he personally committed)).

Construing Plaintiff's Second Amended Complaint liberally, the Court is not prepared to dismiss Defendant Marquez from Count V at this time. Plaintiff has alleged that all acts relevant to Count V were committed by "Defendants" in the plural. As such, construed liberally, Plaintiff has alleged that Defendant Marquez personally committed or was involved in the commission of the alleged fraudulent misrepresentation. A more developed record may reveal that Marquez had no personal involvement in the commission of this tort; however, such a determination is premature at this stage of the litigation.

## IV.   CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Defendant's Motion to Partially Dismiss the Second Amended Complaint with Prejudice, (Dkt. 50), is **GRANTED IN PART and DENIED IN PART**.

    a. Counts III, IV, and VII are **DISMISSED WITH PREJUDICE**. Count VI is **DISMISSED WITHOUT PREJUDICE**.

    b. Counts I, II, and V survive dismissal.

2. Defendant shall have **fourteen (14) days** from the date of this Order to answer the Second Amended Complaint.

3. In light of this Order, Defendant's Motion to Extend the Deadline for Dispositive Motions, (Dkt. 57), is **GRANTED.** The deadline for filing dispositive motions shall be extended to **April 7, 2023.** The Parties shall have **thirty (30) days** to respond to any dispositive motion that may be filed and **fourteen (14) days** thereafter to reply. **NO FUTHER EXTENSIONS OF THESE DEADLINES WILL BE GRANTED**. The Court will issue an Amended Case Management and Scheduling Order by separate notice.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of February 2023.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any pro se party