IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Case No. 8:20-cv-2184-MSS-SPF

**MELANIE MOORE**

    Plaintiff,

v.

**POOCHES OF LARGO, INC.
& LUIS MARQUEZ,**

    Defendants.

_____/

**DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants Pooches of Largo, Inc. and Luis Marquez ("Defendants") hereby answer each of the number paragraphs of Plaintiff Melanie Moore's Second Amended Complaint ("Complaint") and asserts affirmative defenses. Defendants deny that the Plaintiff's claims have merit and further denies that Plaintiff is entitled to any form of relief. Except as explicitly admitted herein, each and every allegation is denied.

**ANSWER**

**NATURE OF ACTION**

    1.    Denied

2. Denied.

3. Denied.

## JURISDICTION AND VENUE

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

## PARTIES

10. Admitted only to the extent Plaintiff was employed by Petland for three weeks in August 2018. Otherwise, denied.

11. Denied as to Defendant Luis Marquez being an employer under the FLSA. Otherwise, admitted.

12. Neither admission nor denial is needed.

13. Admitted that Petland is engaged in interstate commerce. Otherwise, denied.

## FACTS

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Defendants lack information to admit or deny.

34. Admitted.

35. Admitted that Defendants responded. Otherwise, denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Admitted that Defendants sent the pay stub. Otherwise, denied.

44. Defendants lack information to admit or deny.

45. Defendants lack information to admit or deny.

46. Defendants lack information to admit or deny.

47. Admitted that Mr. Celler contact Defendants' counsel. Otherwise, Defendants lack information to admit or deny.

48. Defendants lack information to admit or deny.

49. Defendants lack information to admit or deny.

50. Admitted that Defendants sent Plaintiff a cease-and-desist letter. Otherwise, denied.

51. Denied.

52. Denied.

53. Denied.

54. Admitted that Plaintiff emailed Defendants' counsel and that Defendant's counsel responded to the email. Otherwise, denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

**Count I (Failure to Pay Minimum Wage, Federal Claim)**

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

**Count II (Failure to Pay Minimum Wage, State Claim)**

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

### Count III (Civil Theft)

94. No response is required as this count was dismissed.

95. No response is required as this count was dismissed.

96. No response is required as this count was dismissed.

97. No response is required as this count was dismissed.

98. No response is required as this count was dismissed.

99. No response is required as this count was dismissed.

100. No response is required as this count was dismissed.

101. No response is required as this count was dismissed.

102. No response is required as this count was dismissed.

103. No response is required as this count was dismissed.

104. No response is required as this count was dismissed.

105. No response is required as this count was dismissed.

106. No response is required as this count was dismissed.

107. No response is required as this count was dismissed.

108. No response is required as this count was dismissed.

109. No response is required as this count was dismissed.

110. No response is required as this count was dismissed.

111. No response is required as this count was dismissed.

112. No response is required as this count was dismissed.

113. No response is required as this count was dismissed.

114. No response is required as this count was dismissed.

115. No response is required as this count was dismissed.

116. No response is required as this count was dismissed.

117. No response is required as this count was dismissed.

118. No response is required as this count was dismissed.

119. No response is required as this count was dismissed.

120. No response is required as this count was dismissed.

121. No response is required as this count was dismissed.

122. No response is required as this count was dismissed.

## Count IV (Conversion)

123. No response is required as this count was dismissed.

124. No response is required as this count was dismissed.

125. No response is required as this count was dismissed.

126. No response is required as this count was dismissed.

127. No response is required as this count was dismissed.

## Count V (Fraudulent Misrepresentation)

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

## Count VI (Tortious Interference with Contract)

137. No response is required as this count was dismissed.

138. No response is required as this count was dismissed.

139. No response is required as this count was dismissed.

140. No response is required as this count was dismissed.

141. No response is required as this count was dismissed.

142. No response is required as this count was dismissed.

143. No response is required as this count was dismissed.

144. No response is required as this count was dismissed.

145. No response is required as this count was dismissed.

146. No response is required as this count was dismissed.

147. No response is required as this count was dismissed.

148. No response is required as this count was dismissed.

149. No response is required as this count was dismissed.

150. No response is required as this count was dismissed.

151. No response is required as this count was dismissed.

152. No response is required as this count was dismissed.

153. No response is required as this count was dismissed.

154. No response is required as this count was dismissed.

155. No response is required as this count was dismissed.

156. No response is required as this count was dismissed.

157. No response is required as this count was dismissed.

158. No response is required as this count was dismissed.

159. No response is required as this count was dismissed.

160. No response is required as this count was dismissed.

161. No response is required as this count was dismissed.

### Count VII (Malicious Prosecution)

162. No response is required as this count was dismissed.

163. No response is required as this count was dismissed.

164. No response is required as this count was dismissed.

165. No response is required as this count was dismissed.

166. No response is required as this count was dismissed.

167. No response is required as this count was dismissed.

168. No response is required as this count was dismissed.

169. No response is required as this count was dismissed.

170. No response is required as this count was dismissed.

171. No response is required as this count was dismissed.

172. No response is required as this count was dismissed.

173. No response is required as this count was dismissed.

174. No response is required as this count was dismissed.

175. No response is required as this count was dismissed.

176. No response is required as this count was dismissed.

177. No response is required as this count was dismissed.

178. No response is required as this count was dismissed.

179. No response is required as this count was dismissed.

180. No response is required as this count was dismissed.

## **AFFIRMATIVE DEFENSES**

1. One or more claims fails to state a cause of action.

2. The FLSA action is time-barred and subject to a 2-year statute of limitation.

3.  The FLSA claim fails because the Plaintiff was compensated for all time worked.  Plaintiff's only two stubs have already been filed in this lawsuit.  A live check was provided for the first pay period.  A direct deposit was used for the second pay period.

4.  No evidence of willfulness under the FLSA.

5.  Defendant's conduct was in good faith and not a willful violation of the FLSA.

6.  Defendant Marquez is not an "employer" within the meaning of the FLSA, Florida's wage law, or fraud.

7.  As to the fraud claim, it is not sufficiently pled.

8.  As to the fraud claim, the job posting (even if authenticated) is not actionable as fraud.

9.  Damages for Counts I and II, if any, are limited to purely economic damages for unpaid wages.

10. As to the fraud claim, Plaintiff to mitigate her damages.

11. Defendants reserve their rights to amend as warranted.

12. Defendants both demand their attorneys' fees and costs to the maximum extent permitted by law.

/s/ Matthew Sarelson
Matthew Seth Sarelson, Esq.
**DHILLON LAW GROUP, INC.**

Counsel for Defendants
1601 Forum Place, Suite 403
West Palm Beach, Florida 33401
305-773-1952
msarelson@dhillonlaw.com
Florida Bar No. 888281