UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELANIE MOORE,

    Plaintiff,

v.                                                             Case No. 8:20-cv-2184-MSS-SPF

POOCHES OF ALRGO, INC.,
and LUIS MARQUEZ,

    Defendants.
_____/

**ORDER**

This cause comes before the Court upon Plaintiff's Motion for an Order Compel [sic] the Production of Electronically Stored Information (Doc. 59). Plaintiff moves this Court for an order compelling non-party Indeed, Inc. ("Indeed") to produce documents in response to a subpoena duces tecum for the production of records (the "Subpoena"). Upon consideration, Plaintiff's Motion to Compel is DENIED.

Rule 45 sets forth the process for a party to obtain certain information from non-parties via subpoenas. Objections to a subpoena must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. Fed. R. Civ. P. 45(d)(2)(B). Rule 45 provides authority for a party, such as Plaintiff, to seek an order of compliance from a non-party. The Rule states: "At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).

As a preliminary matter, after a thorough review of the pending Motion and its attached exhibits, the Court is unable to discern whether Indeed was properly served with the Subpoena. On January 19, 2023, Plaintiff emailed Indeed requesting "contact information to

whom a subpoena should be directed to obtain authentication of a 2018 employment offer on Indeed.com for a pending legal matter in the Middle District of Florida." (Doc. 59-2). On January 26, 2023, a representative from Indeed's legal team responded to Plaintiff that she "may send a subpoena to subpoenas@indeed.com or serve Indeed with a subpoena via our registered agent" (Doc. 59-3). On February 2, 2023, Plaintiff sent the Subpoena to the email address previously provided by Indeed (Doc. 59-4). On February 14, 2023, counsel for Indeed emailed Plaintiff a letter outlining its objections to the Subpoena pursuant to Fed. R. Civ. P. 45(d)(3) (Doc. 59-1). Indeed's first objection was that "the Subpoena is invalid for lack of proper service." (*Id.*). While Plaintiff undoubtedly did not ensure that the Subpoena was personally served, "[o]bjections to improper service of process are subject to waiver." *CITGO Petrol. Corp. v. Petrol. Logistics Serv. USA, Inc.*, No. 22-mc-20762, 2023 WL 1965998, at *2 (S.D. Fla. Jan. 18, 2023) (citations omitted). The Court need not resolve the issue of whether Indeed waived service of the Subpoena in its January 26 email, however, as the Court finds that it cannot compel compliance with the Subpoena for multiple reasons.

First, it is unclear whether Indeed was served with a copy of Plaintiff's Motion. The Motion's Certificate of Service states that a copy of the motion "will be served on counsel for Defendants using the Court's CM/ECF system, notice of which will be sent by email" and then lists the contact information for Defendants' counsel (Doc. 59 at 7). As such, the certificate of service does not include service on Indeed. For this reason alone, the Motion is due to be denied. *See Jenkins v. Winn-Dixie Stores, Inc.*, No. 3:14-cv-1104-34MCR, 2015 WL 12915699, at *1 (M.D. Fla. Oct. 5, 2015) (denying motion to compel where defendant "failed to serve the Motion to Compel on the non-parties").

Next, the Subpoena is facially defective because it directs Indeed to produce documents at a location beyond Rule 45(c)'s 100-mile geographical limit. Pursuant to Federal Rules of Civil Procedure 45(a)(1)(A)(iii) and 45(c)(2), "[e]very subpoena must command each person to whom it is directed to [produce documents] at a specified time and place[,]" which place is limited to "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(a)(1)(A)(iii); Fed. R. Civ. P. 45(c)(2). As the 2013 Advisory Committee Notes state: "[a]lthough Rule 45(a)(1)(A)(iii) permits the subpoena to direct a place of compliance, that place must be selected under Rule 45(c)." Fed. R. Civ. P. 45, Advisory Committee Notes, 2013 Amendment. The district of compliance for a nonparty corporation is where the corporation is headquartered. *SEC v. TCA Fund Mgmt. Grp. Corp.*, No. 20-219640-CIV, 2021 WL 9440378, at *1 (S.D. Fla. June 10, 2021); *see also Procaps S.A. v. Patheon Inc.*, Bi, 12-24356-CIV, 2015 WL 1722481, at *3 (S.D. Fla. Apr. 15, 2015) ("Because [the non-party corporation] is headquartered in Parsippany, N.J., [the place of compliance] is the District of New Jersey."). Plaintiff directed Indeed to produce the requested documents in Clearwater, Florida. In its objections to the Subpoena, Indeed represented that its headquarters is located in Austin, Texas (Doc. 59-1). Thus, the subpoena violates Rule 45(c)(2)(A)'s 100-mile limit. [1]

---

[1] The fact that Indeed operates as a website that Plaintiff accessed in this district does not alter this analysis. *See, e.g.*, *Europlay Cap. Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018) (finding that proper jurisdiction to compel Google to comply with subpoena is where "Google is headquartered"); *cf. SEC*, 2021 WL 9440378 ("While Brandeis University has a registered agent in Plantation, Florida, it does not appear Brandeis University is headquartered there. The Court therefore lacks jurisdiction to consider the Receiver's Motion and denies it without prejudice to it being refiled in the appropriate district.") (citations omitted).

To that end, any motion practice involving Indeed related to the Subpoena must be brought in the Western District of Texas. *See SEC*, 2021 WL 9440378, at *1 ("The issuing court lacks jurisdiction to enforce a subpoena if compliance will occur in another district.") (citations omitted); *Lebarr v. Lay*, No. 3:20-cv-88-HLA-JBT, 2022 WL 2275172, at *1 (M.D. Fla. June 23, 2022) ("Because the subpoena requires compliance in the Northern District of Florida, any motion seeking to enforce the subpoena must be filed there or transferred from there."); Fed. R. Civ. P. 45(d)(2)(B)(i) (stating that the "serving party may move *the court for the district where compliance is required* for an order compelling production or inspection") (emphasis added).

Finally, Plaintiff's Motion must be denied because the Subpoena fails to comply with Rule 45 on its face. Rule 45(a)(1) sets forth the required form and contents of a subpoena. The rule provides, in relevant part, that every subpoena must set out the text of Rule 45(d) and (e). Fed. R. Civ. P. 45(a)(1)(A)(iv). Plaintiff's Subpoena fails to include the necessary language (*See* Doc. 59-6).[2] Considering the foregoing, Plaintiff's Motion to Compel must be denied.[3]

---

[2] Plaintiff argues that "Rule 45(c)(d)(e) and (g) are explicitly set forth in the subpoena immediately preceding the box containing the signature and seal of the clerk of court" (Doc. 59 at 3). This is not true. The language Plaintiff is referring to states that "[t]he following provisions of Fed. R. Civ. P. 45 *are attached* – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and potential consequences of not doing so." (Doc. 59-6) (emphasis added). Here, Plaintiff used Form AO 88B, Subpoena to Produce Documents, Information, or Objects to Permit Inspection of Premises in a Civil Action. Form AO 88B includes the language of Rule 45(d) and (e) on the third page of the Form. Here, it appears that Plaintiff only emailed the first page of the Form to Indeed.

[3] Indeed also objected to Plaintiff's Subpoena as being overbroad and unduly burdensome; seeking content in violation of the Stored Communications Act, 18 U.S.C. § 2701 et seq.; and seeking a party's own account information that can be obtained through less burdensome

Accordingly, it is hereby **ORDERED**:

(1) Plaintiff's Motion for an Order Compel the Production of Electronically Stored Information (Doc. 59) is DENIED.

**ORDERED** in Tampa, Florida, March 21, 2023.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

---

means (Doc. 59-1 at 2). The Court does not address these objections as the Subpoena is invalid on its face and the Court lacks jurisdiction to compel compliance with the Subpoena.