IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Case No. 8:20-cv-2184-MSS-SPF

**MELANIE MOORE**

    Plaintiff,

v.

**POOCHES OF LARGO, INC. &**
**LUIS MARQUEZ,**

    Defendants.

_____/

### DEFENDANTS' BRIEF REPLY IN SUPPORT OF THEIR MOTION FOR FINAL SUMMARY JUDGMENT

Pursuant to Rule 56 and the Court's scheduling order, Defendants Pooches of Largo, Inc. ("Pooches") & Luis Marquez hereby file their brief reply in further support of their motion for final summary judgment.

1. Plaintiff's response to the Motion for Summary Judgment is untimely and incoherent. The response is unsupported by any admissible evidence. She rehashes the allegations in the Second Amended Complaint, but there is no affidavit or supporting documentation of any kind. She does not nor can she dispute any of the allegations in the Marquez declaration although she says with great conviction that it is "perjured."

2. First, Plaintiff alleges that willfulness under the FLSA is a jury issue, except she fails to acknowledge that she has no evidence to support her minimum wage claim under the FLSA. If there's no FLSA violation, there can be no willful violation. Nor is there any evidence of any "willful" misconduct of any kind

by either Defendant. No reasonably jury could find in her favor because there is zero evidence to support a finding of wilfullness.

3. Second, Plaintiff alleges that the presuit notice requirement in Florida Statute § 448.110(6)(a) violates Florida's state constitution. Indeed, there are two unreported federal district court decisions agreeing with her – Judge Moody's 2006 decision in *Throw v. Republic Enterprise Sys.*, 2006 WL 1833793 (M.D. Fla. 2006) and Judge Steele's 2010 decision in *Bates v. Smuggler's Enterprise, Inc.*, 2010 WL 3293347 (M.D. Fla. 2010). But overwhelmingly, federal courts in Florida have disagreed and upheld the constitutionality of the presuit notice requirement. *See, e.g.*, *Smith v. Heritage Heath Care Ctr*, 2017 WL 10841212, *3 (N.D. Fla. 2017) (providing a comprehensive analysis of the issue and concluding the statute is constitutional). This division acknowledged the mandatory presuit notice requirement in the statute without analyzing the constitutionality of it. *See McMillian v. Masrtech Group, Inc.*, 2013 WL 12394345, *2 (M.D. Fla. 2013) (Scriven, J.). In sum, Plaintiff is wrong. She acknowledges she did not give presuit notice.[1] Her claim that it isn't actually required fails.

4. Third, Plaintiff claims there is evidence of fraud. She cannot point to a single statement that was untrue, except for information contained in an unauthenticated job posting. Job postings are not job offers. "As a general rule, 'a false statement of fact, to be a ground for fraud, must be of a past or existing

---

[1] Plaintiff's then-attorney sent a demand letter that did not mention the Florida minimum wage act in any way. *See* D.E. 1-1, pp. 16-17.

fact, not a promise to do something in the future." *Wadlington v. Cont'l Med. Services, Inc.*, 907 So. 2d 631, 632 (Fla. 4th DCA 2005). "[A]dvertisements are mere notices and solicitations for offer[s]." *Watson v. Pub. Serv. Co. of Colorado*, 207 P.3d 860, 868 (Colo. App. 2008) (holding that job advertisement was not offer because this job advertisement did not mention salary or start date and was an applicant pool posting for consideration in future opportunities). No reasonable person would have thought that the job posting constituted a job *offer* rather than an invitation to apply. An oversight or a miscommunication between the parties is just that, it is not evidence of fraud.

5. Fourth, Plaintiff has zero evidence of the involvement of co-defendant Luis Marquez. She has zero evidence to dispute his declaration. He is being sued merely because he is one of the owners of Pooches, but mere ownership is not a basis for any of these claims.

6. Fifth, Plaintiff claims that inadequate discovery precludes summary judgment. (Plaintiff did not file a Rule 56(d) motion). Ms. Moore took zero depositions, improperly served a subpoena on Indeed.com, improperly served a subpoena on her former lawyer Richard Cellar, and never raised a single discovery issue with the Court until well after the close of discovery in her untimely response to the motion for summary judgment. This lawsuit was filed in September 2020 over events that occurred in August 2018. It is now May 2023. Her alleged issues with discovery are a distriction.

7. Finally, Plaintiff claims that the Marquez declaration should be stricken because it is "perjured." Bold accusations require bold proof. She has none.

8. The remainder of Plaintiff's response is irrelevant, no reply is required.

## *Conclusion*

For the additional reasons stated above, Defendants request that the Court grant final summary judgment in their favor and against the Plaintiff.

Respectfully submitted,

/s/ Matthew Sarelson
Matthew Seth Sarelson, Esq.
**DHILLON LAW GROUP, INC.**
Counsel for Defendants
1601 Forum Place, Suite 403
West Palm Beach, Florida 33401
305-773-1952
Msarelson@dhillonlaw.com
Florida Bar No. 888281