UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELANIE NICOLE MOORE,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　Case No: 8:20-cv-2184-MSS-SPF

POOCHES OF LARGO, INC and
LUIS MARQUEZ,

    Defendants.

_____

**PLAINTIFF, MELANIE NICOLE MOORE'S**
**UNOPPOSED MOTION TO CONTINUE TRIAL**

    Plaintiff, Melanie Nicole Moore ("Ms. Moore"), through undersigned counsel, pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule 3.08, respectfully moves this Honorable Court for entry of an Order continuing the trial date. As grounds for the relief sought, Ms. Moore states:

    1. On September 18, 2020, the Court granted Ms. Moore's Motion to Proceed *in forma pauperis*. Ms. Moore has proceeded in this matter without representation of counsel.

    2. On July 27, 2023, a date certain was set for a jury trial for August 7, 2023 at 9:00am.

    3. On July 31, 2023, Attorney Ana Abdo was appointed as limited counsel for Plaintiff for the purpose of assisting Plaintiff with preparation and service of trial subpoenas.

## ATTEMPTED SERVICE AS TO DEFENDANT LUIS MARQUEZ

4. On August 1, 2023, Ms. Abdo reached out, by email, to Defendant Marquez's counsel, Matthew Sarelson, to inquire whether he would accept service of the trial subpoena upon Defendant Marquez via email. Mr. Sarelson has not provided a response.

5. On August 2, 2023, a deputy of the U.S. Marshal attempted service of the trial subpoena at Defendant Marquez's place of business in Pembroke Pines, Florida, and was informed by individuals present there that Defendant Marquez was out of state.

6. On the same day, August 2, 2023, because counsel for Defendant Marquez did not respond to the undersigned's question about accepting service via email, a private process server served Defendant Marquez's trial subpoena upon his counsel, Mr. Sarelson, along with the appropriate witness fee. After taking the subpoena, Mr. Sarelson took the position that he would not accept service of the subpoena for his client, Defendant Marquez. At this point, Mr. Sarelson is in possession of both Defendant Marquez's trial subpoena, as well as his witness fee.

## ATTEMPTED SERVICE AS TO RICHARD CELLER

7. On August 1, 2023, Ms. Abdo reached out, by email, to Mr. Celler to inquire whether he would accept service of the trial subpoena via email. Mr. Celler responded by email and by phone call and stated he would not accept service via email.

8. On August 2, 2023, a deputy of the U.S. Marshal's Service attempted service on Mr. Celler's place of business in Davie, Florida, and was informed by individuals present there that Mr. Celler was out of state.

9. On the same day, August 2, 2023, a private process server attempted service on Mr. Celler's place of business in Davie, Florida, and was similarly informed that Mr. Celler was out of town with no information as to his return date.

10. On August 2, 2023 at 6:04 p.m., a private process server attempted service at Mr. Celler's personal residence in Davie, Florida, but was unable to gain access through the unmanned gate of the development. The private process server utilized the callbox at the gate but received no response.

11. On August 2, 2023 at 8:57 p.m., the private process server attempted service again at Mr. Celler's personal residence but was unable to gain access through the unmanned gate of the development. The private process server again utilized the callbox at the gate but received no response.

12. If Defendant Marquez and Mr. Celler are both out of town or out of state, it is unclear when they will return and when service of the subpoenas can be perfected.

13. Despite diligent efforts since being appointed, the undersigned counsel has been unable to perfect service upon Defendant Marquez and Mr. Celler – key witnesses in the trial. If Ms. Moore is not afforded the opportunity to ensure both Defendant Marquez and Mr. Celler are properly served with the trial subpoenas, she will be unable to secure their presence and testimony at trial to support her

claims, which will result in severe prejudice to her and her ability to present her claims.

14. In light of this, Ms. Moore respectfully requests that the Court continue the trial date in this matter for approximately 45 days.

15. Federal Rule of Civil Procedure 16(b)(4) provides that "a schedule may be modified only for good cause and with the judge's consent."

16. As demonstrated, there is good cause to continue the trial in this matter.

17. A continuance is necessary to allow Ms. Moore adequate time to complete service of the trial subpoenas on Defendant Marquez and Mr. Celler.

18. This motion is made in good faith and not for purposes of unreasonable or unnecessary delay.

19. Pursuant to Local Rule 3.08, undersigned counsel hereby certifies that Ms. Moore consents to continuance.

WHEREFORE, Plaintiff, Melanie Nicole Moore, respectfully requests entry of an order continuing trial in this matter by approximately 45 days.

Respectfully submitted,

/s/Ana M. Abdo
Ana M. Abdo (FBN: 1039842)
Hill Ward Henderson, P.A.
Post Office Box 2231
Tampa, FL 33601
ana.abdo@hwhlaw.com
lori.williamson@hwhlaw.com
*Limited Counsel for Plaintiff,*
*Melanie Nicole Moore*

## LOCAL RULE 3.01(g) CERTIFICATION

**I HEREBY CERTIFY** that counsel for Defendant has conferred with counsel for Plaintiff, and there is no objection to the relief sought.

## CERTIFICATE OF SERVICE

I certify that on August 3, 2023, this document was electronically filed with the Clerk of Court for the Middle District of Florida, Tampa Division, by using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/Ana M. Abdo
Hill Ward Henderson
*Limited Counsel for Plaintiff,*
*Melanie Nicole Moore*
