**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
Tampa Division

**MELANIE MOORE**

Plaintiff,

v. Case No. 8:20-cv-2184-MSS-SPF

**POOCHES OF LARGO, INC. &**
**LUIS MARQUEZ,**

Defendants.
_________________________________/

**PARTIES' JOINT PROPOSED JURY INSTRUCTIONS**

The Parties jointly agree on these jury instructions.

Respectfully submitted,

/s/ Matthew Sarelson
Matthew Seth Sarelson, Esq.
**DHILLON LAW GROUP, INC.**
Counsel for Defendants
1601 Forum Place, Suite 403
West Palm Beach, Florida 33401
305-773-1952
Msarelson@dhillonlaw.com
Florida Bar No. 888281

**1.1**
**General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

[Defendants request the following language added to this instruction: "The Plaintiff in this case is proceeding without an attorney. You may not use this fact in favor of or against either side in this lawsuit.]

<u>What is evidence</u>:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain.

Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive

the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;
- the witness's memory;
- the witness's manner while testifying;
- any interest the witness has in the outcome of the case;
- any bias or prejudice the witness may have;
- any other evidence that contradicts the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Melanie Moore, claims the Defendants, Pooches of Largo, Inc. and Luis Marquez (i) failed to pay her minimum wages during three weeks of employment in August 2018 (ii) made false statements in a job posting. Both Defendants deny those claims.

Burden of proof:

Melanie Moore has the burden of proving her case by what the law calls a "preponderance of the evidence." That means Melanie Moore must prove that, in light of all the evidence, what she claims is more likely true than not. So, if you could put the evidence favoring Melanie Moore and the evidence favoring Pooches of Largo and Luis Marquez on opposite sides of balancing scales, Melanie Moore needs to make the scales tip to her side. If Melanie Moore fails to meet this burden, you must find in favor of Pooches of Largo and Luis Marquez.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk

to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Melanie Moore will present her witnesses and ask them questions. After Melanie Moore questions the witness, Pooches of Largo and Luis Marquez may ask the witness questions – this is called "cross-examining" the witness. Then Pooches of Largo and Luis Marquez will present their witnesses, if any, and Melanie Moore may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

[Note: Some judges may wish to give some instructions before closing arguments. See Fed. R. Civ. P. 51(b)(3).]

You'll then go to the jury room to deliberate.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**1.4 Jury Questions**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

- Second, the court can’t re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn’t express an opinion about the case or a witness. You must keep an open mind until you’ve heard all the evidence, the closing arguments, and my final instructions on the law.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**1.5 Interim Statements**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**2.1 Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

The parties' stipulated facts are contained in the joint pretrial statement filed on August 11, 2023.

**2.4 Interim Statements**

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, Ms. Moore is going to make a short statement on her own behalf. Please remember that the statement you are about to hear – like all opening statements – is Ms. Moore's view of the evidence or of what she anticipates the evidence will be, but isn't itself evidence.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**2.6 Use of Interrogatories**

You've heard answers that Melanie Moore gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, Melanie Moore gave the answers in writing while under oath.

You must consider Melanie Moore's answers as though Melanie Moore gave the answers on the witness stand.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

Defendants request Ms. Moore's answer to interrogatory number 8 (the first two paragraphs) be read to the jury.

**3.1 Introduction**

UNITED STATES DISTRICT COURT
_____ DISTRICT OF _____
_____ DIVISION

CASE NO. __________

_______________,

Plaintiff,

vs.

_______________,

Defendant.
________________________________/

COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**3.2.2 The Duty to Follow Instructions – Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**3.4 Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?
2. Did the witness have any particular reason not to tell the truth?
3. Did the witness have a personal interest in the outcome of the case?
4. Did the witness seem to have a good memory?
5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
6. Did the witness appear to understand the questions clearly and answer them directly?
7. Did the witness's testimony differ from other testimony or other evidence?

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**3.5.1 Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence**

In this case it is the responsibility of the Melanie Moore to prove every essential part of her claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Melanie Moore's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**4.14 Fair Labor Standards Act – 29 U.S.C. §§ 201 et seq.**

In this case, Melanie Moore claims that her former employer Pooches of Largo did not pay her the minimum wage required by the federal Fair Labor Standards Act, also known as the FLSA.

To succeed on her claim against Pooches of Largo, Inc., Melanie Moore must prove the following facts by a preponderance of the evidence:

That Pooches of Largo, Inc. failed to pay Melanie Moore the minimum wage required by law.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

Minimum wage claim: The minimum wage required by the FLSA during the period involved in this case was $ 8.25 per hour.

The employee's regular rate for one week is the basis for calculating any overtime pay due to the employee. The "regular rate" for a week is determined by dividing the total wages paid for the week by 40/the total number of hours Melanie Moore's weekly salary was intended to compensate.

Pooches of Largo failed to pay Melanie Moore the required pay if it paid her less than that amount.

The amount of damages is the difference between the amount Melanie Moore should have been paid and the amount she was actually paid.

You will also be asked to determine whether Pooches of Largo's violation of the FLSA, if proven by Melanie Moore, was intentional or reckless.

An employer willfully violates the Act if it should inquire as to whether its actions violate the Act, but fails to do so. A willful violation of the Act occurs when an employer either knows that its conduct is prohibited by or shows reckless disregard for the minimum wage laws. An employer knowingly violates the Act if it disregards the minimum wage laws deliberately or intentionally, such as by ignoring advice from a responsible official ... that the conduct in question is not lawful. An employer acts with reckless disregard for the Act if the employer's conduct is more than "merely negligent," and is blameworthy "if the employer should have inquired further into whether [its] conduct was in compliance with the Act, and failed to make adequate further inquiry," In other words, an employer does not commit a willful violation if he "acts unreasonably, but not recklessly, in determining [its] legal obligation" under the Act. The burden rests with the employee to "prove by a preponderance of the evidence" that her employer acted willfully.[1]

Inadequate Records: The law requires [an] employer to keep records of how many hours its employees work and the amount they are paid. In this case, Melanie Moore claims that Pooches of Largo failed to keep and maintain adequate records of her hours and pay. Melanie Moore also claims that Pooches of Largo's failure to keep and maintain adequate records has made it difficult for Melanie Moore to prove the exact amount of her claim.

[1] The definition of willfulness is taken from Davila v. Menendez, 717 F. 3d 1179, 1184-85 (11th Cir. 2013) (internal citations omitted).

If you find that Pooches of Largo failed to keep adequate time and pay records for Melanie Moore and that Melanie Moore performed work for which she should have been paid, Melanie Moore may recover a reasonable estimation of the amount of her damages. But to recover this amount, Melanie Moore must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which she seeks pay.

Individual Liability: An individual can also be liable for a plaintiff's damages under the FLSA if the individual played a substantial role in causing the FLSA violation. To determine whether the individual is liable, you must consider all the relevant circumstances rather than any one technical factor. Melanie Moore must prove that Luis Marquez had operational control over Pooches of Largo. In other words, Luis Marquez must have controlled significant aspects of Pooches of Largo's day-to-day functions, including employee compensation, or had direct responsibility for the supervision of Melanie Moore.

**ANNOTATIONS AND COMMENTS**

The Fair Labor Standards Act ("FLSA") is found at 29 U.S.C. § 201 *et seq.* Pattern Instruction 4.14 is intended to be used in cases where the plaintiff alleges that the defendant employer failed to pay the minimum wage or overtime pay required by the FLSA. Pattern Instruction 4.14 contains bracketed instructions for each type of FLSA claim.

**I. Elements and Defenses**

**A. 1. "Employee"**

Pattern Instruction 4.14 instructs that the plaintiff must have been an employee of the defendant. For cases in which this issue is disputed, the instruction and verdict form

should be adapted accordingly. For pattern instructions concerning issues of joint employers or independent contractors, please see Pattern Instructions 4.24 and 4.25, *infra*.

The employee must also be "engaged in commerce" within the meaning of the FLSA or "employed by an enterprise engaged in commerce." For a discussion of the "engaged in commerce" requirement, please see *Martinez v. Palace*, 414 F. App'x 243 (11th Cir. 2011) (per curiam) (finding that a cook at a local restaurant in Alabama was not "engaged in commerce" within the meaning of the FLSA).

**2. "Employer"**

Pattern Instruction 4.14 may be used when a plaintiff claims the existence of more than one employer, an individual as well as a company. The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). "[T]he FLSA contemplates at least some individual liability, and it is consistent with Congress's intent to impose liability upon those who 'control[] a corporation's financial affairs and can cause the corporation to compensate (or not to compensate) employees in accordance with the FLSA.'" *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1313 (11th Cir. 2013) (first alteration added; quoting *Baystate Alt. Staffing, Inc. v. Herman*, 163 F.3d 668, 678 (1st Cir. 1998)).

In *Patel v. Wargo,* 803 F.2d 632 (11th Cir. 1986), the Eleventh Circuit acknowledged "'[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'" Id. at 637–38 (alteration added; quoting *Donovan v. Agnew,* 712 F.2d 1509, 1511 (1st Cir. 1983)). The Eleventh Circuit later clarified that corporate supervisors other than officers may be personally liable under the FLSA if they are involved in the company's day-to-day functions or have some direct responsibility for the supervision of the employee. *See Lamonica*, 711 F.3d at 1310, 1313 (citing *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008)); *see also id.* at 1313–15 (finding two non-officer supervisors with substantial ownership interests in the corporate employer who exercised control over the company's day-to-day functions were individually liable under the FLSA).

For cases in which individual liability is at issue, the instruction and verdict form should be adapted accordingly. For pattern instructions concerning issues of joint employers, please see Pattern Instruction 4.25, *infra*.

**B. Amount of Work Performed: Inaccurate or Inadequate Employer Records**

When an employer's records are "inaccurate or inadequate and the employee cannot offer convincing substitutes," then an employee has carried his burden of proving that he has performed work for which he was not properly compensated. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), *superseded by statute on other grounds as stated*

*in Carter v. Panama Canal Co.*, 463 F.2d 1289, 1293–94 (D.C. Cir. 1972). "The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id*. at 687–88.

**C. Regular Rate of Pay**

When an employee is compensated solely on a weekly salary basis, the regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours the salary is intended to compensate. *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1268 (11th Cir. 2008). For overtime claims involving an employee who is paid a constant weekly salary for fluctuating hours, it may be necessary to modify the instruction so that the jury is instructed on the "fluctuating workweek method" for calculating damages. *See generally Lamonica*, 711 F.3d at 1310–12; *see also* 29 C.F.R. § 778.114 (explaining how to use the fluctuating workweek method).

**D. Exemptions**

Pattern Instruction 4.14 leaves it to the court to fashion an instruction regarding the elements of a claimed exemption. The most common exemptions from the overtime pay requirement exist for employees in a "bona fide executive, administrative, or professional capacity" as defined by regulations of the Secretary. 29 U.S.C. § 213(a)(1). The elements of the exemptions may be found at 29 C.F.R. § 541.1 *et seq*.

In a suit under the FLSA, the employer carries the burden of proving an overtime pay exemption. *Hogan v. Allstate Ins. Co.*, 361 F.3d 621, 625 (11th Cir. 2004) (per curiam).

**II. Remedies**

**A. Public Employees**

Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., a public employee working overtime has the choice to be reimbursed either in the form of wages or compensatory time. 29 U.S.C. § 207(a)(o). A public employer may only substitute compensatory compensation for overtime pay pursuant to a collective bargaining agreement or agreement between the employer and employee if there is no applicable collective bargaining agreement. 29 U.S.C. § 207(o)(2)(A); *Chesser v. Sparks* 248 F.3d 1117, 1120 n.1 (11th Cir. 2001).

**B. Liquidated Damages, Good Faith and Willful Violations**

The FLSA provides for liquidated damages and states that such damages shall be paid unless the "employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act," in

which case "the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216" of the FLSA. 29 U.S.C. § 260. Under the plain language of the statute, this is a question for the court to determine not the jury. Thus, the court and the jury answer what is essentially the same question for two different purposes. The willfulness or good faith question is answered first by the jury to determine the period of limitations and then, if there is a verdict for the employee, again by the judge to determine whether to award liquidated damages. *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1282 (11th Cir. 2008).

When the jury finds an employer has violated the FLSA and assesses compensatory damages, the district court generally must add an award of liquidated damages in an equal amount. 29 U.S.C. § 216(b) ("Any employer who violates the provisions of… section 207 of this title shall be liable to the employee or employees affected in the amount of… their unpaid overtime compensation… and in an additional equal amount as liquidated damages."); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008). However, the district court has discretion to reduce or deny liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." *Morgan*, 551 F.3d at 1282 (alteration in original) (internal quotation marks omitted); *see also* 29 U.S.C. § 260. A district court must find that an employer acted in good faith in violating the FLSA before it may award less than the full amount of liquidated damages. *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987). If the jury finds that the employer acted willfully, however, then the court cannot find that the employer acted in good faith, and the court must award liquidated damages. A jury's finding that the employer acted willfully precludes the court from finding that the employer acted in good faith when it decides the liquidated damages question. *Alvarez Perez*, 515 F.3d at 1166.

The statute of limitations for a claim seeking unpaid overtime wages under the FLSA is generally two years. "But if the claim is one 'arising out of a willful violation,' the statute of limitations is extended to three years." *Morgan*, 551 F.3d at 1280 (quoting 29 U.S.C. § 255(a)).

To prove willfulness and therefore obtain the benefit of the three year statute of limitations, an employee must establish that the employer "knew, or showed reckless disregard for, the fact that its conduct was forbidden by the FLSA." *Morgan*, 551 F.3d at 1283.

**409.7 ISSUES ON PLAINTIFF'S CLAIM — FRAUDULENT MISREPRESENTATION**

**The issues for you to decide on** Melanie Moore's **claim for fraudulent misrepresentation are:**

**First, whether** Pooches of Largo, Inc. and Luis Marquez **made a false statement concerning a material fact;**

**Second, whether** Pooches of Largo, Inc. and Luis Marquez **knew the statement was false when they made it or made the statement knowing they did not know whether it was true or false;**

**Third, whether** Pooches of Largo, Inc. and Luis Marquez **intended that another would rely on the false statement;**

**Fourth, whether** Melanie Moore **relied on the false statement; and, if so,**

**Fifth, whether the reliance on the false statement was a legal cause of loss to** Melanie Moore**.**

Melanie Moore **may rely on a false statement, even though its falsity could have been discovered if** Melanie Moore **had made an investigation. However,** Melanie Moore **may not rely on a false statement if she knew it was false or its falsity was obvious to her.**

NOTES ON USE FOR 409.7

1. It appears that Florida recognizes two separate theories of recovery for damage occurring as a result of misrepresentation. One basis of recovery is for fraud and the other is for negligent misrepresentation. The elements of those two theories are set forth in *First Interstate Development Corp. v. Ablanedo*, 511 So. 2d 536 (Fla. 1987); *Johnson v. Davis*, 480 So. 2d 625 (Fla. 1985); *Lance v. Wade*, 457 So. 2d 1008 (Fla. 1984); *Wallerstein v. Hospital Corp. of America*, 573 So. 2d 9 (Fla. 4th DCA 1990); *Atlantic National Bank v. Vest*, 480 So. 2d 1328 (Fla. 2d DCA 1985).

2. One or more issues in instruction 409.7 may need to be omitted and the issues renumbered if there is no question of fact for determination by the jury. A preemptive instruction on omitted issues should be given only if required by events during the trial.

3. The recipient of a fraudulent misrepresentation is justified in relying upon its truth, even when an investigation might have revealed its falsity, unless he or she knows the representation to be false or its falsity is obvious to him or her. *Besett v. Basnett*, 389 So. 2d 995 (Fla. 1980).

4. There must be actual damage for recovery in a fraud action. Fraud that does not result in damage is not actionable. *Casey v. Welch*, 50 So. 2d 124 (Fla. 1951); *Stokes v. Victory Land Co.*, 128 So. 408 (Fla. 1930); *Pryor v. Oak Ridge Development Corp.*, 119 So. 326 (1928); *Wheeler v. Baars*, 15 So. 584 (Fla. 1894); *National Aircraft Services, Inc. v. Aeroserv International, Inc.*, 544 So. 2d 1063 (Fla. 3d DCA 1989); *National Equipment Rental, Ltd. v. Little Italy Restaurant & Delicatessen, Inc.*, 362 So. 2d 338 (Fla. 4th DCA 1978). The damage attributable to the fraud must be separate from the damages flowing from a breach of contract. *AFM Corp. v. Southern Bell Telephone & Telegraph Co.*, 515 So. 2d 180 (Fla. 1987); *National Aircraft Services, Inc. v. Aeroserv International, Inc.*, 544 So. 2d 1063 (Fla. 3d DCA 1989); *John Brown Automation, Inc. v. Nobles*, 537 So. 2d 614 (Fla. 2d DCA 1988); *Rolls v. Bliss & Nyitray, Inc.*, 408 So. 2d 229 (Fla. 3d DCA 1981), *dism.* 415 So. 2d 1359 (Fla. 1982).

(Revised July 13, 2023.)

## 409.6 LEGAL CAUSE

*a. Legal cause generally:*

**Misrepresentation of a material fact is a legal cause of loss if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, so that it can reasonably be said that, but for the misrepresentation, the loss would not have occurred.**

*b. Concurring cause:*

**In order to be regarded as a legal cause of loss misrepresentation of a material fact need not be the only cause. Misrepresentation of a material fact may be a legal cause of loss even though it operates in combination with some other cause if the misrepresentation contributes substantially to producing such loss.**

*c. Intervening cause:*

**Misrepresentation of a material fact may also be a legal cause of loss even though it operates in combination with some other cause occurring after the misrepresentation occurs if the resulting loss was a reasonably foreseeable consequence of the misrepresentation and the misrepresentation contributes substantially to producing it.**

NOTES ON USE FOR 409.6

1. Instruction 409.6a (legal cause generally) is to be given in all cases. Instruction 409.6b (concurring cause), to be given when the court considers it necessary, does not set forth any additional standard for the jury to consider in determining whether a misrepresentation was a legal cause of damage but only negates the idea that a defendant is excused from the consequences of his or her misrepresentation by reason of some other cause concurring in time and contributing to the same damage. Instruction 409.6c (intervening cause) is to be given only in cases in which the court concludes that there is a jury issue as to the presence and effect of an intervening cause.

2. The jury will properly consider instruction 409.6a not only in determining whether defendant's misrepresentation is actionable but also in determining whether claimant's conduct contributed as a legal cause to claimant's damage, thus reducing recovery.

3. Instruction 409.6b must be given whenever there is a contention that some other cause may have contributed, in whole or part, to the occurrence or resulting injury.

4. Instruction 409.6c (intervening cause) embraces two situations in which a misrepresentation may be a legal cause notwithstanding the influence of an intervening cause: (1) when the damage was a reasonably foreseeable consequence of the misrepresentation although the other cause was not foreseeable, *Mozer v. Semenza*, 177 So. 2d 880 (Fla. 3d DCA 1965), and (2) when the intervention of the other cause was itself foreseeable, *Gibson v. Avis Rent-A-Car System, Inc.*, 386 So. 2d 520 (Fla. 1980).

5. *"Probable" results.* The committee recommends that the jury not be instructed that the damage must be such as would have appeared "probable" to the actor or to a reasonably careful person at the time of the misrepresentation. In cases involving an intervening cause, the term "reasonably foreseeable" is used in place of "probable." The terms are synonymous and interchangeable. See *Sharon v. Luten*, 165 So. 2d 806, 810 (Fla. 1st DCA 1964); Prosser, *Torts* 291 (3d ed.); 2 Harper & James, *The Law of Torts* 1137.

6. The term "substantially" is used throughout the instruction to describe the extent of contribution or influence a misrepresentation must have in order to be regarded as a legal cause. "Substantially" was chosen because the word has an acceptable common meaning and because it has been approved in Florida as a test of causation not only in relation to defendant's negligence, *Loftin v. Wilson*, 67 So. 2d 185, 191 (Fla. 1953), but also in relation to plaintiff's comparative negligence, *Shayne v. Saunders*, 176 So. 495, 498 (Fla. 1937).

## 409.5 MATERIAL FACT

**A material fact is one that is of such importance that** Melanie Moore **would not have responded to the Defendants' job posting on Indeed.com, but for the false statement.**

NOTES ON USE FOR 409.5

1. With respect to common-law fraud and negligent misrepresentation, Florida law uses the subjective, but-for test stated in this instruction. See, *e.g.*, *Ribak v. Centex Real Estate Corp.*, 702 So. 2d 1316, 1317 (Fla. 4th DCA 1997) ("Under Florida law, a fact is material if, but for the misrepresentation, the aggrieved party would not have entered into the contract."); *Atlantic Nat. Bank of Fla. v. Vest*, 480 So. 2d 1328, 1332 (Fla. 2d DCA 1985) (same).

2. This instruction may not be appropriate in cases involving other misrepresentation claims under Florida law that bear similarities to claims for common-law fraud and negligent misrepresentation but that call for materiality to be evaluated under an objective, reasonable-person standard. See, *e.g.*, *J.P. Morgan Sec's., LLC v. Geveran Invests. Ltd.*, 224 So. 3d 316, 324 (Fla. 5th DCA 2017) (holding that in a misrepresentation claim under the Florida Securities and Investor Protection Act, "materiality must be based on . . . a reasonable investor looking at the total mix of information"); *Moustafa v. Omega Ins. Co.*, 201 So. 3d 710, 714 (Fla. 4th DCA 2016) (holding that a misrepresentation or omission is material for purposes of an insurer's right to rescind under *F.S.* 627.409(1) "if it does not enable a reasonable insurer to adequately estimate the nature of the risk") (internal quotation and citation omitted).

(Revised March 2, 2023)

601.4 MULTIPLE CLAIMS, NUMEROUS PARTIES, CONSOLIDATED CASES

In your deliberations, you will consider and decide distinct claims.

[Melanie Moore is claiming that Pooches of Largo committed fraud. Melanie Moore is also claiming that Luis Marquez personally committed fraud.]

Although these claims have been tried together, each is separate from the other[s], and each party is entitled to have you separately consider each claim as it affects that party. Therefore, in your deliberations, you should consider the evidence as it relates to each claim separately, as you would had each claim been tried before you separately.

[If you do not find by the greater weight of the evidence that Luis Marquez did not personally make any false statement to Ms. Moore, you must find in favor of Mr. Marquez.]

NOTE ON USE FOR 601.4

This instruction is applicable to two or more consolidated actions as well as to two or more claims in the same action by or against different persons or by or against the same person in different capacities. The committee recommends that this instruction not be given to distinguish between a primary claim and a derivative claim (e.g., that of the injured party and that of his or her spouse) or between a claim against a party primarily liable and a claim against a party liable only vicariously (e.g., claims against a party actively negligent and against his employer) or claims under F.S. 768.0415.

Good Faith is Presumed

You must presume that the Defendants acted in good faith. The Defendants are not required to prove that they acted in good faith.

Authority:

"'[S]ince honesty, not fraud, is presumed, [] juries may [not] suppose the existence of fraud, where the facts established by the manifest weight and probative force of the evidence may be fairly and reasonably reconciled with honesty and pure dealing.' Although such action is not condoned, a mere broken promise does not constitute fraud."

*Plantation Key Developers, Inc. v. Colonial Mortg. Co. of Indiana, Inc.*, 589 F.2d 164, 172 (5th Cir. 1979) (quoting *Florida E. Coast Ry. Co. v. Thompson*, 111 So. 525 (Fla. 1927) (citations omitted).

**Good Faith a Complete Defense**

Good faith is a complete defense to a charge that requires intent to defraud. A Defendant is not required to prove good faith. Rather, the [Plaintiff] must prove intent to defraud [by a preponderance of the evidence]. An honestly held opinion or an honestly formed belief cannot be fraudulent intent, even if the opinion or belief is mistaken.

Similarly, evidence of a mistake in judgment, an error in management or carelessness does not establish fraudulent intent, but an act is not done in good faith if the Defendant intended to deceive others by making representations the Defendant knew to be false or fraudulent.

<u>Authority</u>

*United States v. Pointon*, 590 Fed. Appx. 920, 926 (11th Cir. 2014) (approving this instruction) (modified within the bracketed language).