**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**Melanie Moore,** **Case No. 8 :20-CV-02184MSS-SPF** **Plaintiff,**

**v.**

**Luis Marquez and**

**Pooches of Largo, Inc.,**

**Defendants,**

_______________________________/

**JOINT PRETRIAL STATEMENT**

Pursuant to Local Rule 3.06, Plaintiff Melanie Moore, and Defendants Luis Marquez and Pooches of Largo, Inc., through their undersigned counsel, submit this Joint Pretrial Statement.

**I.**

**NATURE OF ACTION**

This civil case alleges that Defendants failed to pay Plaintiff minimum wage as required by the Fair Labor Standards Act and further, alleges that Defendants perpetrated a fraud when they misrepresented material facts in their job post on Indeed.com to induce Plaintiff to accept employment at Petland Largo. Plaintiff contends that Defendants continued fraudulent conduct for five years after her employment terminated to conceal the first fraud.

**II.**

**BASIS OF FEDERAL JURISDICTION**

The Court has federal jurisdiction in this action arising under 28 U.S. Code §1331 and subject-matter jurisdiction because this action pertains to a question of the Fair Labor Standards Act.

**III.**

**STATEMENT OF THE ACTION**

There are two counts remaining for trial. Count I for failure to pay minimum wage in violation of FLSA § 29 U.S.C. 206 and Count II for Fraudulent Misrepresentation.

**A. Plaintiff's Statement**

Plaintiff, Melanie Moore, brought this action against Defendants Luis Marquez and Pooches of Largo, Inc. in September 2020 and alleges that the Defendants violated the Fair Labor Standards Act when they failed to pay Plaintiff minimum wage for all hours worked for Defendants in August 2018 at their Petland Largo store.

Plaintiff further alleges that the Defendants engaged in a fraudulent scheme to induce Plaintiff to apply for and accept employment at Petland in reliance of the terms stated in Defendants job post on Indeed.com for a *Full-time Certified Veterinary Technician* for an annual salary of $35,000.

Rather than pay the Plaintiff, Defendants terminated her employment on August

31, 2018. Defendants never intended to pay Plaintiff according to the terms set forth in their job post. Defendants called Plaintiff's complaint about the pay discrepancy "baseless and unprofessional" and admittedly never conducted an inquiry into her complaint because it was "unnecessary."

Plaintiff further alleges that the Defendants' fraudulent conduct was continued for five years to conceal their fraudulent hiring and pay practices and wage theft. Defendants persisted in misrepresenting Plaintiff's title and position as that of "parttime kennel technician" for $8.45 an hour, claiming she never worked more than twenty hours a week.

Defendants acted fraudulently when they interfered with Plaintiff's representation, attorney Richard Celler, by forming an agreement to claim the existence of a wage agreement for "kennel" and falsely accuse the Plaintiff of altering the alleged document to discourage Plaintiff from further pursuit of her wages and claims of unlawful employment practices.

Defendants used the legal system as a weapon against the Plaintiff to deter continued pursuit of her claims and wages and to further conceal fraud when they filed a frivolous, malicious, and retaliatory defamation action against the Plaintiff, falsely accusing her of administrating an alleged defamatory Facebook page and seeking $15,000 in damages for acts the Plaintiff did not do.

Plaintiff has been injured by the Defendants' misrepresentations and fraudulent conduct to include loss of $1800 in unpaid wages, loss of her employment, loss of her residence

three weeks later when was unable to pay rent, loss of her belongings, forced her into homelessness, forced her to spend five years trying to recover the wages she is owed and incur substantial expense in doing so. Defendants caused the Plaintiff significant physical and psychological harm, evidence of which will be presented at trial, by their continued acts to conceal their initial fraud with additional fraud for the last five years.

Under the doctrine of *respondeat superior*, Luis Marquez is properly named as Defendant because he is the principal employer and has vicarious liability for the actions of his employees when acting within the scope of their employment.

**B. Defendants' Position**

Defendant Pooches of Largo paid Melanie Moore for all hour's worked. Assuming Ms. Moore is correct that she was not paid for all hours worked, any error in payment was merely negligent and accidental. Any shorting of Ms. Moore's payroll was not intentional or reckless. And moreover, Mr. Marquez is not personally responsible for any shorting of the payroll.

Neither Defendant Pooches of Largo nor Defendant Luis Marquez, personally, made any false statement to Ms. Moore. Ms. Moore was onboarded as a kennel technician, did the work of a kennel technician, and was paid as a kennel technician. The total discrepancy between what Ms. Moore believes she was supposed to be paid and what she actually was paid was approximately $1,800. Any discrepancy was just that, an accident discrepancy, and not the result of any intentional misconduct.

## IV.

## EXHIBIT LIST

1. Plaintiff's Exhibit List to follow

2. Defendants' Amended Exhibit List was filed at D.E. 87. Defendants do not stipulate to the authenticity or relevance of Plaintiff's exhibits.

## V.

## WITNESS LIST

Plaintiff will call Richard Celler and Defendant Luis Marquez, possibly Allison Nieves, for testimony. Richard Celler was Plaintiff's former attorney whom she retained in October 2018 to recover her wages. Mr. Celler sent the demand letter filed in the record and subsequently represented the Plaintiff for nine months and therefore, has personal knowledge of the facts of her case. In addition, "confidentiality" belongs to the client, not their attorney. Plaintiff owes no duty of confidentiality to anyone and is free to disclose all or part of her own legal matters in whatever way she chooses because this is *her* case. Defendants do not know, or *should not* know, what information Mr. Celler knows or does not know about Plaintiff or her case. Therefore, it is not for the Defendants to decide whether Plaintiff can or will call her former attorney as a witness in this case.

Defendants may call Luis Marquez, Allison Nieves (the store's kennel manager and Plaintiff's former supervisor) and Yessi Tello (a kennel manager who assisted in training

Plaintiff). Defendants object to Richard Cellar as a witness because he has no personal knowledge except confidential settlement communications.

The parties do not intend to call any expert witnesses. **V.**

**DAMAGES**

**Plaintiff's Position**

1. Plaintiff seeks relief in the form liquidated, compensatory, punitive, and treble damages in an amount to be determined at trial.

2. Plaintiff seeks economic damages for loss of property and reimbursement of costs incurred as a result of Defendants' unlawful conduct, pre-judgement, and post judgement interest.

3. Plaintiff seeks the costs of litigation to including but not limited to filing fees, litigation expenses, cost of service, witness fees and associated expenses, cost of mediation, cost of service of both Defendants by U. S. Marshal, service of subpoenas by process server, and compensation in a reasonable amount for time spent litigating this case from September 2020 until such time as this dispute is resolved.

4. Plaintiff's wages cannot be properly converted into "damages" for Defendants' fraudulent acts or violation of the FLSA and are separate from any damage awards. The

Plaintiff *must* be paid for her labor, regardless of whether she is entitled to or awarded any damages . Whether the Plaintiff is awarded damages and if so, in what amount, is not a matter to be decided by the accused.

**Defendants' Position**

4. Defendants dispute that the Plaintiff is entitled to any compensation and instead they seek an award of taxable costs.

**VI.**

**DEPOSITIONS**

No depositions were taken in this action by any party.

**VII.**

**STATEMENT OF ADMITTED FACTS**

1. Plaintiff worked for Defendant Pooches of Largo from August 13, 2018 until her termination on August 31, 2018.
2. On August 31, 2018, Plaintiff and Allison Nieves (kennel manager) exchanged text messages concerning Plaintiff's rate of pay. Plaintiff indicated she was supposed to be paid $35,000 annually. Nieves indicated that the job paid $8.45 per hour.
3. Allison Nieves suggested Plaintiff call corporate regarding Plaintiff's concerns.
4. Plaintiff did not call corporate about the problem with her rate of pay.

5. The demand notice from attorney Richard Celler to Defendants is filed in the record.
6. Plaintiff's first pay was via a live check on August 31, 2018. The gross was $205.08. The pay period stated on the check is from August 17, 2018 through August 30, 2018.
7. The text message exchange between Plaintiff and Allison Nieves is filed in the record and was the only communication between Plaintiff and Petland on August 31, 2018.
8. Prior to beginning her employment, Plaintiff had never communicated with Luis Marquez.

**VIII.**

**APPLICABLE PRINCIPLES OF LAW**

1. The minimum wage in effect during the relevant time was $8.25/hour.

**IV.**

**CONTESTED ISSUES OF FACT**

**A. Plaintiff's Contested Issues of Fact**

**1.** Defendants allege a direct deposit was made to Plaintiff's bank account on September 15, 2018. Plaintiff never received any direct deposit and Defendants were unable to produce any documentation of alleged direct deposit from their financial institution.

**2.** Defendants allege the direct deposit was for the pay period of August 31, 2018 through September 14, 2018. Plaintiff was terminated on August 31, 2018 and was not employed at Petland during the pay period for the alleged direct deposit.

3. Defendant Marquez claims to not know who the Plaintiff is and that he has never met Plaintiff or communicated with her. This is not true. Plaintiff was introduced to Marquez on her first day of employment and Marquez was present at Petland for the duration of Plaintiff's employment. Also, Plaintiff communicated with Marquez in group chats with other staff.

4. Defendants' lawsuit against the Plaintiff for defamation was baseless and retaliatory. Defendants allege a process server attempted to serve Plaintiff but was unable to locate. Plaintiff alleges Defendants made no attempt to serve the complaint and court records demonstrate same.

5. Counsel did not maintain a case file for the defamation action and alleges he is unable to remember who was allegedly directed to serve the complaint to obtain verification of attempted service.

6. Defendants allege that no agreement was made with Richard Celler in relation to this action. Plaintiff contends that Defendants procured the assistance of Richard Celler to conceal their fraudulent conduct and wage theft and further their own interests to the detriment of the Plaintiff.

**B. Defendants' Contested issues of Fact**

(Defendants do not believe these are truly contested)

1. Whether Plaintiff was compensated for all hours worked in August 2018.
2. Whether Plaintiff received the direct deposit for her second and third hours worked in August 2018.
3. Whether Defendant Pooches of Largo did anything to find a willful violation of the FLSA.
4. Whether Luis Marquez is personally responsible for any violation of the FLSA.
5. Whether Pooches of Largo made any false statement to Melanie Moore.
6. Whether Luis Marquez personally made any false statement to Melanie Moore.

**X.**

**STIPULATED POINTS OF LAW**

**A. FLSA**

1. The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). "[T]he FLSA contemplates at least some individual liability, and it is consistent with Congress's intent to impose liability upon those who

control[] a corporation's financial affairs and can cause the corporation to compensate (or not to compensate) employees in accordance with the FLSA.'" *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1313 (11th Cir. 2013) (first alteration added; quoting *Baystate Alt. Staffing, Inc. v. Herman*, 163 F.3d 668, 678 (1st Cir. 1998)).

2. In *Patel v. Wargo,* 803 F.2d 632 (11th Cir. 1986), the Eleventh Circuit acknowledged "'[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'" Id. at 637–38 (alteration added; quoting *Donovan v. Agnew,* 712 F.2d 1509, 1511 (1st Cir. 1983)). The Eleventh Circuit later clarified that corporate supervisors other than officers may be personally liable under the FLSA if they are involved in the company's day-to day functions or have some direct responsibility for the supervision of the employee. *See Lamonica*, 711 F.3d at 1310, 1313 (citing *Alvarez Perez v. Sanford Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008)); *see also id.* at 1313–15 (finding two non-officer supervisors with substantial ownership interests in the corporate employer who exercised control over the company's day-to-day functions were individually liable under the FLSA).

3. When an employer's records are "inaccurate or inadequate and the employee cannot offer convincing substitutes," then an employee has carried his burden of proving that he has performed work for which he was not properly compensated. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), *superseded by statute on other grounds as stated in Carter v. Panama Canal Co.*, 463 F.2d 1289, 1293–94 (D.C. Cir. 1972). "The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id*. at 687–88.

**B. Fraudulent Misrepresentation**

1. For Defendants to be liable for fraudulent misrepresentation, Plaintiff must prove 1) Defendant made a false statement regarding a material fact; 2) Defendant knew or should have known the representation was false; 3) Defendant intended that the representation

induce plaintiff to act on it; and. 4) Plaintiff suffered damages acting in reliance on the representation.

2. Defendants contend that good faith is presumed.

3. Good faith is a complete defense to fraud.

**XI.**

**PENDING MOTIONS OR OTHER UNRESOLVED ISSUES**

There are no motions pending before the Court at this time.

Plaintiff opposes Defendants' Proposed Jury Instructions and Verdict Form because it only names one Defendant or the other for each question , but there are *two* Defendants in this case and therefore, should not be mutually exclusive in Jury Instructions, Interrogatories, or Verdict Forms.

**XII.**

**SETTLEMENT STATEMENT**

**Plaintiff's Position**

Plaintiff rejects Defendants' "offer" of $1800 because the $1800 is the amount she was shorted on her paycheck for work performed for the Defendants. Plaintiff has invested significant time and expense for five years to recover her wages, while the Defendants availed themselves of the benefit of Plaintiff's money despite knowing it was owed to the Plaintiff. For the

Defendants to simply pay the wages they were supposed to pay to begin with five years later would send the message that there are no consequences for not paying wages on time and in full and eliminate any incentive for employers to do so.

**Defendants' Position**:

The Defendants deny all liability but have already offered Ms. Moore $1,800.

**PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

1. Plaintiff's Proposed Jury Instructions and Verdict Form are attached as Exhibit 3.
2. Defendants' Proposed Verdict Form was filed at D.E. 81. Defendants' proposed jury instructions are forthcoming.

**XV.**

**LENGTH OF TRIAL**

The parties estimate the trial shall be no more than 1 day.

In preparing this final pretrial statement, I have aimed for the just, speedy, and inexpensive resolution of this action.

Respectfully submitted,

Matthew Sarelson

S/____________________

Matthew Sarelson
Counsel for Defendants
1601 Forum Place, Suite 403
West Palm Beach, Florida 33401
305-773-1952
msarelson@dhillonlaw.com
Florida Bar No. 888281

S/ Melanie Moore

Melanie Moore
Plaintiff
15519 Darien Way
Clearwater, Florida 33764
727 241-9199
vettechmnm@gmail.com