UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No.: 8:20-CV-2184-MSS-SPF

**MELANIE MOORE**

    Plaintiff,

vs.

**POOCHES OF LARGO, INC.**
d/b/a PETLAND & LUIS MARQUEZ,

    Defendants.

_____/

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

### Requests for Production of Documents

**REQUEST NO. 1:** Any and all communications and/or documents, internal memoranda, inter-office memos, facsimiles, e-mail or other documents or communications prepared or made by You and/or Your counsel, and/or employees, agents, or anyone else acting on Your behalf or at Your direction containing the facts and/or circumstances relating to this claim. This includes communications with any third party or parties including but not limited to communications between You and/or Your attorney and Richard Celler, Allison Nieves or any other person having knowledge of any information related to this case.

**RESPONSE:** All communications between Defendants and Richard Celler have been produced to Plaintiff already and Plaintiff has filed them. There are no internal communications related to Plaintiff's claims that predate the demand letter sent by Richard Celler on Plaintiff's behalf. All other records sought by Plaintiff are clearly

protected by the attorney-client privilege and work product doctrine as they are records either produced by Defendants and their counsel in anticipation of trial, are communications between Defendants and their counsel, or both. All non-privileged documents that have any bearing, in any way, on the remaining claims either have been or will be produced.

**REQUEST NO. 2:** Any and all documents or other tangible materials of any nature whatsoever which You have marked for identification at a deposition or trial, introduce into evidence at a deposition or trial, or about which You plan to question a witness at a deposition or trial.

**RESPONSE:** Defendants have not taken any depositions, nor do they intend to do so. Defendants have not marked any records for trial because they do not believe the litigation will go to trial. Defendants object on the basis of work product doctrine to Plaintiff's request as it pertains to what records Defendants "plan to question a witness at a deposition or trial."

**REQUEST NO. 3:** Any and all documents of any nature whatsoever referred to or relied upon in Your Answers to Plaintiff's Interrogatories.

**RESPONSE:** All documents responsive to this request have already been produced.

**REQUEST NO. 4:** Any and all documents and/or communications or other evidence substantiating any defense to any cause of action.

**RESPONSE:** All documents related to Defendants' defenses have already been produced.

**REQUEST NO. 5:** Any and all records, documents, agreements, or any other contents in any form comprising Plaintiff's employment file, in its entirety, to include but not limited to applications, resumes, wage agreements, payroll records, tax documents, interview notes, documentation of dates of employment, hiring and termination of employment, and job descriptions.

**RESPONSE:** Defendants will produce any responsive material that exists and will supplement their production with further material as discovery is ongoing.

**REQUEST NO. 6:** Any and all work schedules for which the Plaintiff was scheduled to work for the period of August 13, 2018, through September 15, 2018.

**RESPONSE:** All responsive documents have already been produced to Plaintiff and she has filed them.

**REQUEST NO. 7:** Any and all bank records used to verify alleged direct deposit to Plaintiff's account in September 2018.

**RESPONSE:** Paystubs reflecting such payments have already been produced to Plaintiff.

**REQUEST NO. 8:** Documentation of alleged email from the Plaintiff to defense counsel acknowledging receipt of defamation complaint and summons.

**RESPONSE:** Objection, this is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 9:** Documentation stating with specificity when, how, and by whom service of the defamation complaint was attempted, and documentation to show summons was returned unserved.

**RESPONSE:** Objection, this is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 10:** Records of any and all settlement discussions between You and/or Your counsel and Richard Celler relating to this case.

**RESPONSE:** Objection, this is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 11:** Wage agreement for kennel technician allegedly in possession of defense counsel for which the Plaintiff is accused of altering and describing with specificity the manner by which it was obtained from Richard Celler.

**RESPONSE:** All responsive records have already been produced and Plaintiff has filed them.

**REQUEST NO. 12:** Any and all communications between Richard Celler and You and/or Your counsel, in any form, relating to any matter in connection with the Plaintiff's claims, representation, settlement or other discussions, agreements, or any other subject related to the Plaintiff and/or this case.

**RESPONSE:** All responsive records have already been produced and Plaintiff has filed them.  Objection, this is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 13:** Any and all records, notes, memoranda, communications, or other information in whatever form describing or related to Plaintiff's interview, hiring, and termination of employment.

**RESPONSE:** All responsive documents have already been produced.

**REQUEST NO. 14:** Any and all documentation to support Your allegation that Plaintiff was employed as a kennel technician for $8.45 an hour.

**RESPONSE:** All responsive documents have already been produced.

**REQUEST NO. 15:** Any and all documentation where, when, and by what means the Plaintiff explicitly called Petland a "puppy mill" as alleged in the defamation complaint.

**RESPONSE:** Objection, this is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 16:** Records and/or receipts for any and all expenses associated with filing the defamation action against the Plaintiff.

**RESPONSE:** Objection, this is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 17:** Please describe with specificity and provide any and all documentation associated with the Facebook page at issue in Your defamation complaint and explain with specificity what information is allegedly defamatory and describe the means by which You determined that the Plaintiff was responsible for the false and defamatory content alleged in Your defamation complaint.

**RESPONSE:** Objection, this is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 18:** Court order for the disclosure of information and any and all communications, in any form, between Defendants and/or their counsel and Facebook to support Your claim that Facebook disclosed information regarding the administration

of the page and explicitly identified the Plaintiff as administrator of the alleged defamatory page.

**RESPONSE:** Objection, this is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

Respectfully submitted,

_/s/ Matthew Sarelson
Florida Bar 888281
**DHILLON LAW GROUP, INC.**
Attorneys for Defendants
1601 Forum Place, Suite 403
West Palm Beach, Florida 33401
305.773.1952
msarelson@dhillonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2023, I emailed this document to the Plaintiff at her personal email address.

/s/ Matthew Sarelson
Matthew Sarelson