UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:20-cv-02184-MSS-SPF

MELANIE MOORE,

    Plaintiff,

v.

POOCHES OR LARGO, INC.,
and LUIS MARQUEZ,

    Defendants.

_____ /

**NON-PARTY RICHARD CELLER'S MOTION TO APPEAR VIA ZOOM FOR TRIAL OR, IN THE ALTERNATIVE FOR A DATE AND TIME CERTAIN TO APPEAR FOR TRIAL, AND/OR FOR ADDITIONAL WITNESS COMPENSATION, FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA**

COMES NOW, Non-Party, RICHARD CELLER ("Celler"), pursuant to the Federal Rules of Civil Procedure, and hereby files this Motion to Appear Via Zoom for Trial or, in the Alternative, for a Date and Time Certain to Appear for Trial, and/or for Additional Witness Compensation, for Protective Order and to Quash Subpoena, and, in support thereof, states as follows:

1

## **INTRODUCTION**

Richard Celler, a resident of Broward County, Florida, who works in Broward County, received Plaintiff's trial subpoena, to appear and testify at trial in Tampa, Florida, approximately 250 miles away.

Of significance, Celler was not served personally with the subpoena. While Melanie Moore ("Moore" or "Plaintiff") asserts that Celler has been evading service, same is false, and without factual support. From approximately June 3, 2023, through August 3, 2023, and again from approximately August 19, 2023, through August 25, 2023, Celler was outside of the jurisdiction and State of Florida. Aside from the foregoing dates, Celler has been conducting regular business and living activities in Southeast Florida, including working both in his office at 10368 W. SR 84, Suite 103, Davie, Florida 33324, and his residence, exercising, eating at local restaurants, and moving/taking his children to college.

The process server simply failed to properly effectuate service, and Plaintiff would have this Court believe it was Celler's fault. That could not be further from the truth, which is, that Celler has not, at any time, avoided service, or attempted to avoid service. In fact, Celler has not changed any aspect of his life as a result of knowing about the subpoena. That being said, it is Celler's legal right to not have to accept service of a subpoena.

Celler states the foregoing in order to correct the false narrative perpetuated by Moore.

In addition, and of significance, Celler is not a fact witness in the instant case. For a period of time, Celler's law firm was retained by Plaintiff, however, Celler terminated the representation. The only knowledge Celler possesses is what Plaintiff told him, or what was provided by Defendants' Counsel in response to correspondence sent out on Plaintiff's behalf. As a result, the testimony Celler could potentially offer is protected by privilege, which is not his to waive. Based on the foregoing, the subpoena should be quashed, and Celler protected from having to travel to Tampa, Florida.

Additionally, the subpoena should also be quashed because it requires a non-party to travel over 100 miles to attend a trial and imposes an undue burden upon Celler.

Given the foregoing, to the extent the Court permits Celler to be called as a witness, he requests that he be granted permission to testify via video.

In the Alternative, Celler requests that he be given a date and time certain to appear for trial, as the current subpoena requires him to be in Tampa, Florida for trial on both September 18th and 19th, 2023, each day at 9:00 AM, which also imposes an undue burden, requiring him to "sit and stare" until called, including, for example, during jury selection, opening statements, and any other witness testimony.

This also requires Celler to travel to Tampa, Florida on Sunday, September 17, 2023, which is the final day of the Jewish Holiday of Rosh Hashanah (one of the holiest holidays for Jewish people), and, therefore, imposes on Celler's religious observance/beliefs.

As such, Celler requests that he be given a date and time certain to appear.

Furthermore, this subpoena requires Celler to pay for a hotel for two (2) nights. As such, if the Court is inclined to have Celler appear in person, which it should not, Celler requests additional witness compensation in order to cover the actual costs of travel and hotel accommodations.

## MEMORANDUM OF LAW

### I. The Subpoena Should Be Quashed

**a. The Subpoena Improperly Requires Celler To Travel Over 100 Miles.**

A court "*must*" quash a trial subpoena when the subpoena requires a person who is neither a party nor a party's officer to travel more than 100 miles from where the person resides, is employed, or regularly transacts business when that person would incur substantial expense to comply with the subpoena. Fed. R. Civ. P. 45(c)(1); *Perera v. United States Fidelity & Guaranty Co.*, No. 8:02-CV-688-EAJ, 2007 WL 4247699, at *1 (M.D. Fla. Dec. 3, 2007) (quashing subpoenas directed towards non-party witnesses residing outside 100 mile radius); *see also Jamesports and Ent., LLC v. Paradama Prod. Inc.*, 2005 WL 14917 (N.D. Ill. Jan. 3,

2005) (stating that non-party witness served with subpoena is entitled to have subpoena quashed if outside the district and required to travel more than 100 miles, even if within the state); *Lyles v. Beto*, 32 F.R.D. 248 (S.D. Tex. 1963) (denying motion for issuance of subpoenas where witnesses were within the state, but outside the district and more than 100 miles from the place of trial).

Celler resides and works from Broward County, Florida, where he regularly transacts business, approximately 250 miles from Tampa, Florida. Requiring Celler to appear at trial to testify would impose substantial expense and hardship, and, there is no benefit to Plaintiff. *See* Fed. R. Civ. P. 45(c)(1); *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) (requiring the court to be sensitive to the costs imposed on individuals who are not parties to the case and have no interest in the outcome). Celler would be required to pay for travel and two (2) nights at a hotel. Additionally, requiring him to appear in person requires Celler to travel on Rosh Hashanah, one of the holiest holidays for Jews, therefore imposing on Celler's religious beliefs.

Further, any potential testimony from Celler is fraught with potential problems such as privilege, and, therefore, he may not even be able to testify, thus, requiring him to travel will be a complete waste of time.

Accordingly, Plaintiff's subpoena should be quashed.

### b. The Subpoena Improperly Subjects A Non-Party To An Undue Burden

Rule 45(d)(3) also directs courts to, upon timely motion, "quash or modify a subpoena that…subjects a person to undue burden." Because Celler would be required to travel approximately 250 miles while incurring travel and hotel expenses, and because the testimony he would potentially be able to provide is protected by privilege, which is not his to waive, the subpoena would subject Celler, a non-party, to an undue burden.

As stated above, the testimony Plaintiff seeks from Celler is protected by privilege, which is not his to waive. Further, Celler is not a fact witness, and, therefore, any testimony he may be able to offer is irrelevant to Plaintiff's allegations and the actual issues in the case. Because the requested testimony would be protected by privilege and/or irrelevant, Plaintiff cannot establish a need for Celler's testimony.

Based on the foregoing, Celler requests that he be permitted to testify via video.

### II. In The Alternative, A Protective Order Should Be Granted

"[A]ny person from whom discovery is sought may move for a protective order," and "[t]he court may, for good cause, issue an order to protect a…person from annoyance, embarrassment, oppression, or undue burden or expense, including" narrowing or forbidding the discovery. Fed. R. Civ. P. 26(c). "The decision to enter

a protective order is within the court's discretion." *Auto-Owners Ins. Co. v. SE Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (citing *Farnsworth*, 758 F.2d 1545).

The Court must balance the interest of the party seeking discovery with the interests of the party seeking the protective order. *Bray & Gillespie IX, LLC v. Hartford Fire Ins. Co.*, No. 6:07-cv-326-Orl-KRS, 2008 WL 2695637, at *2 (M.D. Fla. July 3, 2008) (citing *Farnsworth*).

As explained in detail above, the annoyance, undue burden, and expense Plaintiff's subpoena imposes upon Celler, a non-party, outweighs any need Plaintiff may have for Celler to appear at trial to testify, if even permitted.

Therefore, a protective order should be entered protecting Celler from Plaintiff's subpoena in its entirety.

Although attorneys are not exempt from testifying, courts generally look with disfavor at compelling an attorney to testify, because that testimony is fraught with potential problems such as privilege. *United States v. District Counsel of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America*, 1992 WL 208284 (S.D.N.Y. August 18, 1992). As stated above Plaintiff's attempt to have Celler appear as a witness in the trial of this case raises significant concerns as he is Plaintiff's former counsel, including the risk of harassment, inadvertent disclosure of attorney-client communication, and the danger of invading work

product or violating attorney client privilege. *West Peninsular Title Co. v. Palm Beach County*, 132 F.R.D. 301, 302 (S.D. Fla. 1990); *In Re Arthur Treacher's Franchise Litigation*, 92 F.R.D. 429, 437 (E.D. Pa. 1981); *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 85 (M.D.N.C. 1987).

Indeed, the testimony of attorneys should be limited to situations where the information sought is not privileged. *See Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986); *West Peninsular*, 132 F.R.D. at 302-303.

Based on the foregoing, it is clear that a non-party is being required to travel well in excess of 100 miles; that he will incur significant expenses including travel and a hotel for two (2) nights; be required to "sit and stare" in the Courthouse until called; be required to travel on Rosh Hashanah; and may not even be able to offer testimony as same is privileged. As a result, Celler requests that he be permitted to appear and testify via video.

To the extent that this Court is inclined to have him appear and testify in person, Celler requests that he be provided a date and time certain that he will be called to testify, and that he be provided proper compensation for travel and hotel expenses incurred, as the "witness fees" provided in the amount of $364.88 will not cover same.

WHEREFORE, non-party, Richard Celler, requests that the Court grant the relief requested herein, permitting Celler to Appear Via Zoom for Trial or, in the

8

Alternative, on a Date and Time Certain, and/or for Additional Witness Compensation, for Protective Order and to Quash Plaintiff's Subpoena, along with any such further relief the Court deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to the Local Rules of the United States District Court, Middle District of Florida, Celler conferred with Counsel for Plaintiff regarding the relief sought in this Motion and Counsel advised that she opposes the relief sought herein.

Dated this 7th day of September 2023.

                Respectfully Submitted,

                */s/ Noah E. Storch*
                Noah E. Storch, Esq.
                Florida Bar No. 0085476
                Richard B. Celler, Esq.
                Florida Bar No. 173370
                RICHARD CELLER LEGAL, P.A.
                10368 W. State Rd 84, Suite 103
                Davie, Florida 33324
                Telephone: (866) 344-9243
                Facsimile: (954) 337-2771
                E-Mail: noah@floridaovertimelawyer.com
                E-mail: richard@floridaovertimelawyer.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 7th day of September, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which I understand will provide a copy of same to all counsel of record.

*/s/ Noah E. Storch*
Noah E. Storch, Esq.