# UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF FLORIDA

# Tampa Division

**MELANIE NICOLE MOORE**

    Plaintiff,

 v.                                             Case No. 8:20-cv-2184-MSS-SPF

**POOCHES OF LARGO, INC. &**

**LUIS MARQUEZ,**

    Defendants.

_____ /

## **PLAINTIFF'S PROPOSED VERDICT FORM**

Plaintiff, Melanie Nicole Moore, hereby submits her Proposed Verdict Form.

1. On September 18, 2020, the Court granted Plaintiff's Motion to Proceed *in forma pauperis*. Plaintiff has proceeded in this matter without representation of counsel.

2. On July 31, 2023, Attorney Ana Abdo was appointed as limited counsel for Plaintiff for the purpose of assisting Plaintiff with preparation and service of trial subpoenas.

3. On July 31, 2023, Defendants filed Defendants' Proposed Verdict Form.

4. On August 4, 2023, the Court granted Plaintiff's Unopposed Motion to Continue Trial and set the matter for trial to commence on September 18, 2023.

5. The Court's Order granting the Unopposed Motion to Continue Trial also imposed a deadline of August 11, 2023 for Parties to file a copy of their proposed JOINT jury instructions, JOINT verdict forms, and *voir dire*.

6. On August 9, 2023, the Plaintiff filed a Motion for Extension of time to file proposed JOINT jury instructions, JOINT verdict forms, and *voir dire*, stating that if such extension was granted, the undersigned counsel would be able to provide additional limited pro bono representation **solely** to assist Plaintiff in preparing these documents.

7. On August 14, 2023, the Court granted Plaintiff's Motion for Extension to file the JOINT jury instructions, JOINT verdict forms, and *voir dire*, extending the time to file to September 8, 2023.

8. To this date, the Parties have not filed a JOINT verdict form.

9. Plaintiff has submitted this proposed verdict form to counsel for Defendants. Defendants object to Plaintiff's Proposed Verdict Form.

        Respectfully submitted,
        /s/Ana M. Abdo
        Ana M. Abdo (FBN: 1039842)
        Hill Ward Henderson, P.A.
        Post Office Box 2231
        Tampa, FL 33601
        ana.abdo@hwhlaw.com
        lori.williamson@hwhlaw.com
        Limited Counsel for Plaintiff,
        Melanie Nicole Moore

CERTIFICATE OF SERVICE

I certify that on September 8, 2023, this document was electronically filed with the Clerk of Court for the Middle District of Florida, Tampa Division, by using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record. In addition, a courtesy copy in word format is being submitted to the court via e-mail, cc'ing all counsel of record.

/s/Ana M. Abdo
Hill Ward Henderson
Limited Counsel for Plaintiff,
Melanie Nicole Moore

# UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF FLORIDA

## Tampa Division

**MELANIE NICOLE MOORE**

    Plaintiff,

 v.                                                      Case No. 8:20-cv-2184-MSS-SPF

**POOCHES OF LARGO, INC. &**

**LUIS MARQUEZ,**

    Defendants.

_____/

## <u>VERDICT</u>

<u>Count I – Failure to Pay Minimum Wage in violation of FLSA 29 U.S.C. §206</u>

Do you find from a preponderance of the evidence:

1. That Pooches of Largo, Inc. failed to pay Melanie Moore the minimum wage required by law?

    Answer Yes or No _____

If your answer is "No," this ends your deliberations as to Count I. If your answer is "Yes," go to the next question.

2. That Pooches of Largo, Inc. knew or showed reckless disregard for whether the FLSA prohibited its conduct?

    Answer Yes or No _____

3. That Melanie Moore should be awarded damages?

Answer Yes or No ⎯⎯⎯⎯⎯

If your answer is "Yes,"

    in what amount?    $⎯⎯⎯⎯⎯

If your answer is "No," this ends your deliberations as to Count I. If your answer is "Yes," go to the next question.

4. That Luis Marquez personally played a substantial role in causing the FLSA violation?

    Answer Yes or No ⎯⎯⎯⎯⎯

### Count II – Fraudulent Misrepresentation

#### (Pooches of Largo, Inc.)

Do you find from a preponderance of the evidence:

1. That Pooches of Largo, Inc. made a false statement concerning a material fact?

    Answer Yes or No ⎯⎯⎯⎯⎯

2. That Pooches of Largo, Inc. knew the statement was false when it made it or made it knowing it did not know whether it was true or false?

    Answer Yes or No ⎯⎯⎯⎯⎯

3. That Pooches of Largo intended for another to rely on the false statement?

    Answer Yes or No ⎯⎯⎯⎯⎯

4. That Melanie Moore relied on the false statement?

    Answer Yes or No ⎯⎯⎯⎯⎯

5. That as a result of Melanie Moore's reliance, she was damaged?

    Answer Yes or No ⎯⎯⎯⎯⎯

If the answer to all five questions was YES, please answer the following question. If you answer NO to any of the five questions, do not answer the final question.

6. That Melanie Moore is entitled to actual damages?

    Answer Yes or No _____

If your answer is "Yes,"

    in what amount?          $ _____

## Count III – Fraudulent Misrepresentation

(Luis Marquez)

Do you find from a preponderance of the evidence:

1. That Luis Marquez made a false statement concerning a material fact?

    Answer Yes or No _____

2. That Luis Marquez knew the statement was false when he made it or made it knowing he did not know whether it was true or false?

    Answer Yes or No _____

3. That Luis Marquez intended for another to rely on the false statement?

    Answer Yes or No _____

4. That Melanie Moore relied on the false statement?

    Answer Yes or No _____

5. That as a result of Melanie Moore's reliance, she was damaged?

    Answer Yes or No _____

If the answer to all five questions was YES, please answer the following question. If you answer NO to any of the five questions, do not answer the final question.

6. That Melanie Moore is entitled to actual damages?

  Answer Yes or No _____

If your answer is "Yes,"

  in what amount?      $_____

SO SAY WE ALL.

_____
Foreperson's Signature

DATE:_____