IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Case No. 8:20-cv-2184-MSS-SPF

**MELANIE MOORE**

    Plaintiff,

v.

**POOCHES OF LARGO, INC.**
**d/b/a PETLAND &**
**LUIS MARQUEZ,**

    Defendants.

_____/

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S**
**UNTIMELY EXHIBIT LIST & RELATED EXHIBITS**

Pursuant to Rule 3.01, Defendants hereby file their motion to strike Plaintiff's untimely exhibit list and the exhibits identified on them.

1. On Friday, September 15, 2023, the business day prior to the start of the trial, the Plaintiff finally filed and served her exhibit list. [D.E. 114]. It was required to be attached to the pretrial statement, which was filed on August 11, 2023. (By August 11, 2023, Defendants filed their Exhibit List and Amended Exhibit List and served their premarked exhibits).

2. The untimely exhibit list is also incredibly disorganized. It lists 10 "exhibits" that appear to be composites but then each exhibit is actually composed of several individual exhibits.

3. The "subexhibits" are not properly identified. One document or set of documents is entitled "mitigation," while another is called medical

Page **1** of **3**

records." One is called "Marquez residential." Another is "Emails Moore/Sarelson."

4. Plaintiff has never produced these exhibits to the Defendants for inspection and review. (Plaintiff previously indicated via email that she would not be producing the exhibits to the Defendants because they were already "in the record.").

5. Plaintiff's untimely exhibit list and refusal to provide the exhibits is profoundly prejudicial. Almost none of Plaintiff's listed exhibits can be authenticated. Almost none of Plaintiff's listed exhibits are relevant. Many of Plaintiff's listed exhibits appear to be confidential settlement communications, which are inadmissible. F.R.E. 408. Exhibits about anything occurring post-termination (August 31, 2018) are wholly irrelevant. (**Nothing** that occurred after the August 31, 2018 termination could have any bearing on whether an Indeed.com job posting from early August 2018 was fraudulent; nor could anything post-termination have any bearing on whether the Plaintiff was paid for all hours worked.) Many of the exhibits are designed to question the character of the Defendants in violation of F.R.E. 404.

6. Plaintiff's untimely exhibit list is further proof of what the Defendants have been asserting for months – Melanie Moore is not interested in the facts but merely wants to take the stand to attack the Defendants about whatever is on her mind. She intends to turn what should be a one-hour trial, if that, into a free for all.

*Conclusion*

For the reasons stated above, Plaintiff's untimely exhibit list should be stricken and she should be prohibited from attempting to use any exhibit.

Respectfully submitted,

/s/ Matthew Sarelson
Matthew Seth Sarelson, Esq.
**DHILLON LAW GROUP, INC.**
Counsel for Defendants
1601 Forum Place, Suite 403
West Palm Beach, Florida 33401
305-773-1952
Msarelson@dhillonlaw.com
Florida Bar No. 888281

**CERTIFICATE OF CONFERREL**

Pursuant to Local Rule 3.01(g), I emailed these concerns to Ms. Moore on September 15, 2023. She responded after midnight on September 16, 2023. She will not file and serve a proper witness list and has not produced the actual exhibits for review. She claimed she might email them on Saturday, but Saturday came and went without a single exhibit.

/s/ Matthew Sarelson
Matthew Sarelson