UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Melanie Moore,  Case No. 8 :20-CV-02184MSS-SPF
   Plaintiff,

v.

Luis Marquez and
Pooches of Largo, Inc.,
   Defendants,
_____/

**PLAINTIFF'S MOTION FOR TRANSCRIPTS AT GOVERNMENT EXPENSE**

Pursuant 28 U.S.C. 753(f)  Plaintiff-Appellant hereby respectfully moves the Court for an Order to provide a copy of trial and pretrial conference transcripts at government expense. Plaintiff is proceeding *in forma pauperis* and is without the financial means of paying for transcripts, which are necessary to prepare a factually correct  appellate brief.

Moreover, Plaintiff has incurred significant expense to recover unpaid wages over the last five years, including but not limited to,  printing and copying expenses, transportation to and from district court on multiple occasions over the last three years, an outstanding balance of $375 for court-ordered mediation, and hundreds of dollars in witness and mileage fees to subpoena her former attorney Richard Celler and Defendant Marquez to appear and testify at trial.  Plaintiff did not

recover the wages owed for work performed in 2018 and Defendants continue to be in possession of Plaintiff's wages.

## Legal Standard

A litigant who has been granted leave to proceed in forma pauperis on appeal may move to have transcripts produced at government expense. 28 U.S.C. § 753(f); McKinney v. Anderson, 924 F. 2d 1500, 1511-12 (9th Cir. 1991) (production of transcript at government expense for in forma pauperis appellant in civil case proper if trial judge certifies "that the appeal is not frivolous and presents a substantial question"), overruled on other grounds by Heller v. McKinney, 502 U.S. 903, 112 S.Ct. 291, 116 L.Ed.2d 236 (1991). There are two statutes to consider in connection with such a request. See e.g., Morgan v. Doran, 2007 WL 1080580, *1-2 (April 4, 2007, E.D.Cal.). First, 28 U.S.C. § 1915(c) defines the limited circumstances under which the court can direct the government to pay for transcripts for a litigant proceeding in forma pauperis. (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case if such printing is required by the appellate court.... Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts. 28 U.S.C. § 1915(c). Second, 28 U.S.C. § 753(f) allows the court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the appeal is not

frivolous and the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). A request for a transcript at government expense should not be granted unless the appeal presents a "substantial question." Henderson v. United States, 734 F.2d 483, 484 (9th Cir. 1984). A substantial question exists where the issue before the court of appeals "is reasonably debatable." Washburn v. Fagan, 2007 WL 2043854, *2 (July 12, 2007, N.D. Cal.) (citations and internal quotations omitted). If there is any doubt as to the merits, the issue of providing a transcript at government expense should be resolved in favor of the appellant. *Id.*

## Conclusion

In light of the foregoing and Plaintiff's inability to pay for transcripts, Plaintiff requests an order permitting her to obtain pretrial and trial transcripts at government expense.

Respectfully submitted,

Melanie Moore
15519 Darien Way
Clearwater, Florida 33764
vettechmnm@gmail.com
727 241-9199

## Certificate of Service

On October 25, 2023, Plaintiff Melanie Moore filed the foregoing with clerk of court by using the CM/ECF system, which will send a notice of electronic filing to counsel for Defendants.

Matthew Sarelson
Dhillon Law Group, Inc.
1601 Forum Place Suite 403
West Palm Beach, Florida 33401
305-773-1952
msarelson@dhillonlaw.com