[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-13568

Non-Argument Calendar

_____

MELANIE NICOLE MOORE,

                                                                    Plaintiff-Appellant,

*versus*

POOCHES OF LARGO, INC.,
d.b.a. Petland,
LUIS MARQUEZ,
Individually and as owner of Pooches of Largo, Inc.,

                                                                    Defendants-Appellees.

_____

2                    Opinion of the Court                    23-13568

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cv-02184-MSS-SPF
_____

Before JORDAN, LUCK, and TJOFLAT, Circuit Judges.

PER CURIAM:

This case began with a job posting for a veterinary technician and ended with a jury verdict, a judgment as a matter of law, and rulings on summary judgment and motions to dismiss. Plaintiff Melanie Moore worked at Pooches of Largo ("Pooches") for three weeks, was paid $184, and was promptly fired after raising concerns about her pay. She sued both the business and its owner, asserting a host of statutory and common-law claims. The District Court dismissed some claims at the pleading stage, granted summary judgment on others, and entered judgment on the rest following a jury trial. Moore now appeals. After careful review, we affirm.

**I. Background**

In September 2020, Moore filed a pro se complaint against Pooches and its owner, Luis Marquez, asserting thirteen causes of action. Relevant to this appeal are claims for Fair Labor Standards Act ("FLSA") retaliation, Florida Whistleblower Act ("FWA") retaliation, failure to pay minimum wage under the FLSA, fraudulent misrepresentation, and tortious interference with contract. Moore alleged that she applied to Pooches in August 2018 for a job advertised as a certified veterinary technician position with a salary of

$35,000 per year. She began working at Pooches on August 13, 2018, and worked for about three weeks, during which she claimed to have worked at least 85 hours. On August 31, she was paid $184—reflecting 24 hours at $8.45 per hour. She complained via text message to her supervisor about the pay discrepancy and threatened to hire an attorney. Shortly after sending that text, she was terminated.

In October 2018, Moore retained attorney Richard Celler to represent her. Celler sent a demand letter to Pooches asserting claims under the FWA and Pinellas County's Wage Theft Ordinance. Pooches responded by asserting Moore had been hired as a part-time kennel technician and produced job postings, a second pay stub dated September 14, and claimed Moore had altered a wage agreement. Moore disputed the authenticity of the pay stub and accused her attorney of conspiring with Pooches. She alleged Celler misled her about settlement efforts and failed to pursue her claims diligently.

Moore further alleged that Pooches filed a retaliatory defamation lawsuit against her in 2019, falsely accusing her of publishing a Facebook page disparaging Pooches. The lawsuit was dismissed without prejudice for failure to prosecute after Pooches failed to serve Moore. Moore claimed the suit was filed in retaliation for her asserting wage-related claims.

The defendants moved to dismiss Moore's complaint, arguing that her complaint failed to state a claim upon which relief can be granted and that the complaint was a shotgun pleading. In July

Case 8:20-cv-02184-MSS-SPF    Document 144    Filed 05/20/25    Page 4 of 16 PageID 1813
USCA11 Case: 23-13568    Document: 44-1    Date Filed: 05/20/2025    Page: 4 of 14

4                          Opinion of the Court                    23-13568

2021, the District Court dismissed her FLSA retaliation, FWA retaliation, fraud, and tortious interference claims, but allowed the FLSA minimum wage claim to proceed because whether the defendants acted willfully was a factual question not resolvable at the motion-to-dismiss stage.

In November 2022, Moore filed a second amended complaint. She realleged her facts and her FLSA claim, but she added a claim under the Florida Minimum Wage Act ("FMWA") as well as claims for civil theft and conversion, fraud, tortious interference with contract, and malicious prosecution. The defendants again moved to dismiss her complaint. The District Court agreed in part and dismissed the civil theft and conversion, and malicious prosecution claims with prejudice, but allowed the FLSA, FMWA, and fraud claims to proceed. The Court also declined to dismiss Marquez from the action, finding it premature to determine his liability as an employer on both the minimum wage claims and the fraudulent representation claim.

The parties proceeded to discovery. In May 2023, the defendants moved for summary judgment. They argued that Moore's FLSA claim was untimely absent a finding of willfulness, that she failed to comply with the FMWA's pre-suit notice requirement, and that the fraud claim lacked actionable conduct. They also moved to dismiss Marquez as a defendant. Moore responded, arguing that willfulness was a jury question, the FMWA notice requirement was unconstitutional under the Florida Constitution, and the fraud claim had evidentiary support.

Case 8:20-cv-02184-MSS-SPF   Document 144   Filed 05/20/25   Page 5 of 16 PageID 1814
USCA11 Case: 23-13568   Document: 44-1   Date Filed: 05/20/2025   Page: 5 of 14

23-13568                Opinion of the Court                5

In July 2023, the District Court denied summary judgment on the FLSA and fraud claims but granted it on the FMWA claim, finding Moore's demand letter failed to satisfy the statute's pre-suit notice requirements. The Court again declined to dismiss Marquez from the case.

At trial in September 2023, Moore called as witnesses a former coworker, her former attorney, and Marquez. Her coworker testified that Moore had applied for a kennel technician position and was paid accordingly. Celler testified that he dropped Moore as a client after concluding she may have lied about her pay. Marquez testified that he had no direct involvement with Moore's hiring but acknowledged discrepancies in job postings and onboarding procedures. Moore also testified on her own behalf, focusing largely on the defamation lawsuit the defendants initiated against her.

At the close of Moore's case-in-chief, the District Court granted judgment as a matter of law to Marquez on the fraud claim, finding that Moore had failed to show that Marquez made any statement to Moore, let alone a fraudulent statement.

The jury returned a mixed verdict. As to the fraud claim, the jury found that Moore did not prove fraudulent misrepresentation by a preponderance of the evidence. As to the FLSA wage claim, the jury found that Pooches did not pay Moore the minimum wage required by law. Even so, the jury found that Pooches did not knowingly violate the FLSA. Because the jury found that Pooches's failure to pay was not willful, the District Court held that the

Case 8:20-cv-02184-MSS-SPF   Document 144   Filed 05/20/25   Page 6 of 16 PageID 1815
USCA11 Case: 23-13568   Document: 44-1   Date Filed: 05/20/2025   Page: 6 of 14

6                      Opinion of the Court                  23-13568

FLSA's two-year statute of limitation barred Moore's claim. The District Court then entered a written judgment to that effect.

## II. Discussion

On appeal, Moore challenges several of the District Court's rulings. First, she argues that the Court applied the wrong triggering event for purposes of the statute of limitations on her claims under the FLSA. Second, she contends that the Court erred in dismissing several of her claims. Third, she asserts that summary judgment was improperly granted in favor of the defendants on her claim under the FMWA. Fourth, she challenges the sufficiency of the evidence supporting the jury's finding that Pooches did not willfully violate the FLSA. And fifth, she argues that the District Court erred in granting judgment as a matter of law for defendant Marquez on her fraudulent misrepresentation claim. We discuss each in turn.

### A. Statute of Limitations for FLSA Claim

Moore argues that the District Court erred by determining that her FLSA claim accrued on August 31, 2018—the date she received her paycheck and was terminated. She contends that her claim accrued either when she received a second paycheck on September 14, 2018, or when Pooches's defamation suit against her was dismissed in October 2020. Alternatively, she argues that her wage claim is saved by the continuing violation doctrine.

We review de novo the District Court's application of the statute of limitations. *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006).

Case 8:20-cv-02184-MSS-SPF   Document 144   Filed 05/20/25   Page 7 of 16 PageID 1816
USCA11 Case: 23-13568   Document: 44   Date Filed: 05/20/2025   Page: 7 of 14

23-13568               Opinion of the Court                    7

Under the FLSA, actions must be filed within two years of accrual unless the violation was willful, in which case a three-year limitations period applies. 29 U.S.C. § 255(a); *see also Knight v. Columbus, Ga.*, 19 F.3d 579, 581 (discussing when a claim accrues under the FLSA). A violation is willful if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Reich v. Dep't of Conservation & Nat. Res.*, 28 F.3d 1076, 1084 (11th Cir. 1994) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S. Ct. 1677, 1681 (1988)).

Moore filed her original complaint on September 16, 2020, more than two years after her termination. She never challenged the accrual date below and did not dispute that August 31, 2018, marked her final day of employment. Indeed, she repeatedly denied receiving the second paycheck she now relies on to restart the limitations period. Her new theory is forfeited. *See Blue Martini Kendall, LLC v. Miami Dade County*, 816 F.3d 1343, 1349 (11th Cir. 2016) ("[A]n issue 'not raised in the district court and raised for the first time in an appeal will not be considered by this court.'" (quoting *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004))). We therefore affirm this issue. And because the jury found that Pooches did not willfully violate the FLSA, the District Court correctly held that the FLSA's two-year limit barred Moore's claim.

## B. Claims Dismissed Under Rule 12(b)(6)

We review de novo the District Court's grant of the motion to dismiss for failure to state a claim, "accepting the allegations in the complaint as true and construing them in the light most

Case 8:20-cv-02184-MSS-SPF   Document 144   Filed 05/20/25   Page 8 of 16 PageID 1817
USCA11 Case: 23-13568   Document: 44-1   Date Filed: 05/20/2025   Page: 8 of 14

8                        Opinion of the Court                    23-13568

favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation and internal quotation marks omitted).

### 1. Dismissal of the FWA Retaliation Claim

Moore challenges the dismissal of her retaliation claims under the FWA. She argues that her complaint to her supervisor—sent by text message after receiving her paycheck—was protected activity. She contends the supervisor's response—that a "legal department" would review her claim—implies that her complaint was understood as asserting legal rights.

The FWA requires that an employee object to an employer's violation of a "law, rule, or regulation." Fla. Stat. § 448.102(3). Moore did not allege that she identified any such law when raising her concerns. Nor did she allege that her text messages included references to statutes or regulatory violations. The FWA claim was properly dismissed.

### 2. Tortious Interference with a Contract Claim

Moore alleges that Pooches tortiously interfered with her relationship with her former attorney, Richard Celler, by influencing him to drop her case.

To state a tortious interference claim under Florida law, a plaintiff must allege: (1) the existence of a contract; (2) knowledge

Case 8:20-cv-02184-MSS-SPF   Document 144   Filed 05/20/25   Page 9 of 16 PageID 1818
USCA11 Case: 23-13568   Document: 44-1   Date Filed: 05/20/2025   Page: 9 of 14

23-13568                Opinion of the Court                9

of the contract on the part of the defendant; (3) an intentional interference with the contract by the defendant; (4) unjustified interference with the contract by the defendant; and (5) damage to the plaintiff because of the contract's breach. *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1321 (11th Cir. 1998).

Moore's complaint fails. Her allegations relied on speculation and were not grounded in factual support. The emails attached to her complaint reflected settlement negotiations, not evidence of a conspiracy. Without more, Moore failed to plausibly allege improper or unjustified interference. The claim was properly dismissed.

### 3. Malicious Prosecution Claim

Moore relies on *Cohen v. Corwin*, 980 So. 2d 1153 (Fla. Dist. Ct. App. 2008), to argue that the District Court erred in dismissing her malicious prosecution claim for failure to state a claim. But her state defamation case that she alleges was malicious was dismissed for failure to prosecute.[1] And Moore's explanation of *Cohen*'s holding undercuts her argument because it supports that a dismissal without prejudice is not a termination in a defendant's favor.

To prevail on a malicious prosecution claim, a plaintiff must show, among other things, that the prior proceeding terminated in

---

[1] We take judicial notice of the state defamation case (*Pooches of Largo, Inc. v. Moore*, No. 2019-018268-CA-01 (Fla. 11th Cir. Ct. 2020)), and its dismissal for failure to prosecute. *Cf. Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278, 1280 & nn.10, 15 (11th Cir. 1999).

Case 8:20-cv-02184-MSS-SPF   Document 144   Filed 05/20/25   Page 10 of 16 PageID
USCA11 Case: 23-13568   Document: 44-1   Date Filed: 05/20/2025   Page: 10 of 14
4819

10                        Opinion of the Court                    23-13568

her favor. *Paez v. Mulvey*, 915 F.3d 1276, 1291 (11th Cir. 2019). A dismissal on procedural grounds, such as lack of prosecution, does not meet that standard. *Cohen*, 980 So. 2d at 1156.

Moore contends that the dismissal for lack of prosecution should be treated as a merits-based resolution. But she does not identify any ruling in her favor. The District Court correctly dismissed the malicious prosecution claim.

### 4. Civil Theft and Conversion Claims

Moore alleges that Pooches stole her unpaid wages, giving rise to claims for civil theft and conversion under Florida law. The District Court dismissed these claims on the ground that unpaid wages are not "property" subject to theft or conversion unless there is a specific identifiable fund.

That ruling was correct. "It is well-established law in Florida that a simple debt which can be discharged by the payment of money cannot generally form the basis of a claim for conversion or civil theft." *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. Dist. Ct. App. 2008); *Masvidal v. Ochoa*, 505 So. 2d 555, 556 (Fla. Dist. Ct. App. 1987); *see also Galindo v. ARI Mut. Ins. Co.*, 203 F.3d 771, 775 (11th Cir. 2000) ("Absent a decision by the highest state court or persuasive indication that it would decide the issue differently, federal courts follow decisions of intermediate appellate courts in applying state law.").

Moore alleges that she was promised a salary and paid less. That is, at most, a contract claim. Her claims for civil theft and conversion were therefore properly dismissed.

Case 8:20-cv-02184-MSS-SPF   Document 144   Filed 05/20/25   Page 11 of 16 PageID
USCA11 Case: 23-13568   Document: 44-1   Date Filed: 05/20/2025   Page: 11 of 14
                                        1820

23-13568               Opinion of the Court                    11

5. Fraudulent Inducement and Misrepresentation Claims

In her brief, Moore states she is "unable to address the fraud claims here due to page limit constraints. However, she respectfully directs the reviewing Court to App'x 2, 36, p. 50-57 for her argument." Such an assertion scarcely warrants mention other than to reiterate what we have said time and again: that we "reject[] the practice of incorporating by reference arguments made to the district courts." *Anderson v. Sec'y for Dep't of Corr.*, 462 F.3d 1319, 1331 (11th Cir. 2006). By attempting to incorporate this argument by reference, Moore has abandoned her claims. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("[A]n appellant abandons a claim when [s]he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

### C. Summary Judgment on the FMWA Claim

Moore argues that the District Court erred in granting summary judgment for the defendants on her FMWA claim. She contends that a genuine dispute exists as to whether she was paid the minimum wage under Florida law, and that her attorney's demand letter satisfied the pre-suit notice requirement. She also maintains that the statutory notice requirement is unconstitutional.

We review the District Court's grant of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party. *Burton v. Tampa Hous. Auth.*, 271 F.3d 1274, 1276–77 (11th Cir. 2001). Summary judgment is appropriate when "there is

Case 8:20-cv-02184-MSS-SPF   Document 144   Filed 05/20/25   Page 12 of 16 PageID 1821
USCA11 Case: 23-13568   Document: 44   Date Filed: 05/20/2025   Page: 12 of 14

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The FMWA requires that, before suing, an employee "shall notify the employer . . . in writing, of an intent to initiate such an action." Fla. Stat. § 448.110(6)(a). The notice must identify the minimum wage to which the employee claims entitlement, the actual or estimated work dates and hours, and the total amount of unpaid wages. *Id.*

Here, Moore's sole notice was a letter sent by her attorney in December 2018. That letter raised claims under the FWA and Pinellas County Wage Theft Ordinance and referenced a promised $35,000 salary, but it included none of the required details about the minimum wage, work hours, or unpaid amounts. The District Court correctly found that this notice failed to meet the statutory requirements. Moore did not point to any other communication that satisfied the statute.

Although Moore purports to challenge the constitutionality of the pre-suit notice requirement, she offers no argument of her own. Instead, she only cites to a handful of district court decisions that have reached a contrary conclusion. She does not explain why the provision is unconstitutional—she simply faults the District Court for declining to follow non-binding authority. We therefore reject her challenge. *See Sapuppo*, 739 F.3d at 681.

### D. Jury Finding of Willfulness Under the FLSA

Moore also argues that the jury erred in finding that Pooches's violation of the FLSA was not willful. She contends that

Case 8:20-cv-02184-MSS-SPF   Document 144   Filed 05/20/25   Page 13 of 16 PageID
                                           1822
USCA11 Case: 23-13568   Document: 44   Date Filed: 05/20/2025   Page: 13 of 14

23-13568               Opinion of the Court                    13

the evidence at trial showed deliberate underpayment and retaliatory conduct.

To show willfulness under the FLSA, a plaintiff must prove that "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Reich*, 28 F.3d at 1084 (citation omitted). The jury heard conflicting testimony about Moore's position and pay, including testimony from her coworker that Moore was hired as a kennel technician and received appropriate compensation. Marquez testified that onboarding errors were possible, but there was no evidence that he knowingly underpaid Moore or disregarded legal obligations.

The jury was entitled to weigh this evidence and conclude that Pooches acted negligently, not willfully. That finding is supported by the record. We will neither second-guess the jury nor substitute its judgment if its verdict is supported by sufficient evidence. *Lambert v. Fulton County*, 253 F.3d 588, 594 (11th Cir. 2001).

Moore may have shown that Pooches's management was disorganized at the time of her hiring, but she presented no evidence that warrants disturbing the jury's verdict. We affirm on this issue.

### E. Judgment as a Matter of Law on Fraudulent Misrepresentation Claim Against Marquez

Finally, Moore challenges the District Court's decision to grant judgment as a matter of law to Marquez on her fraudulent misrepresentation claim.

Case 8:20-cv-02184-MSS-SPF   Document 144   Filed 05/20/25   Page 14 of 16 PageID 1823
USCA11 Case: 23-13568   Document: 44   Date Filed: 05/20/2025   Page: 14 of 14

14                    Opinion of the Court                    23-13568

We review de novo the District Court's grant of the motion for judgment as a matter of law, "considering only the evidence that may properly be considered and the reasonable inferences drawn from it in the light most favorable to the nonmoving party." *Rossbach v. City of Miami*, 371 F.3d 1354, 1356 (11th Cir. 2004). "Where no legally sufficient evidentiary basis exists for a reasonable jury to find for that party on that issue, judgment as a matter of law is proper." *Id.* (citation and internal quotation marks omitted); *see also SEC v. Ginsburg*, 362 F.3d 1292, 1297 (11th Cir. 2004).

Here, the District Court did not err in granting Marquez's motion for judgment as a matter of law for the fraudulent misrepresentation claim. To establish fraudulent misrepresentation under Florida law, a plaintiff must prove that the defendant made a false statement of material fact, knew it was false, intended to induce reliance, and caused damages. *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010). But here, Moore stipulated before trial that she had no communication with Marquez before beginning her job. And she introduced no evidence that Marquez personally made any representation to her—fraudulent or otherwise. That absence of evidence justified judgment as a matter of law.

### III. Conclusion

The District Court committed no reversible error. We affirm.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 20, 2025

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 23-13568-JJ
Case Style: Melanie Moore v. Pooches of Largo, Inc., et al
District Court Docket No: 8:20-cv-02184-MSS-SPF

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing or rehearing en banc is governed by 11th Cir. R. 40-2. Please see FRAP 40 and the accompanying circuit rules for information concerning petitions for rehearing. Among other things, **a petition for rehearing must include a Certificate of Interested Persons**. See 11th Cir. R. 40-3.

Costs
No costs are taxed.

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion